AMY J. LONGO (Cal. Bar No. 198304)
Email: longoa@sec.gov
LYNN M. DEAN (Cal. Bar No. (Cal. Bar No. 205562)
Email: deanl@sec.gov
CHRISTOPHER A. NOWLIN (Cal. Bar No. 268030)
Email: nowlinc@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DIRECT LENDING INVESTMENTS, LLC,<br><br>　　　　Defendant. | Case No.　2:19-cv-2188<br><br>**STIPULATION REQUESTING PRELIMINARY INJUNCTION ORDER AND ORDER APPOINTING PERMANENT RECEIVER** |

1

Plaintiff Securities and Exchange Commission ("Plaintiff"), by and through its undersigned counsel, and Defendant Direct Lending Investments, LLC ("DLI"), by and through its undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on March 22, 2019, Plaintiff filed an action captioned *SEC v. Direct Lending Investments, LLC*, alleging that defendant DLI violated the federal securities laws;

WHEREAS, DLI waives service of the summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over it and over the subject matter of this action;

WHEREAS, on February 11, 2019, DLI sent a letter to its private fund investors informing them that one of its largest counterparties had ceased making payments; that DLI believed there may be misconduct at issue; and that the loan balance may not be recoverable;

WHEREAS, on March 19, 2019, DLI sent a letter to private fund investors informing them that certain valuations of its funds' investments in a second lending platform may have been materially overstated; that the former CEO of DLI, Brendan Ross, had, on March 18, 2019, resigned all of his positions effective immediately; that DLI's management committee had assumed operation of DLI's and the private funds' operations and affairs; and that DLI had self-reported to the SEC and is cooperating in the SEC's investigation;

WHEREAS, in March 2019, DLI self-reported certain information to the SEC, including the same information in the March 19, 2019 DLI letter to investors;

WHEREAS, Brendan Ross continues to have a 100% ownership interest in DLI;

WHEREAS, without admitting to any violations of federal law alleged in the SEC's complaint, DLI agrees that the SEC is able to make the requisite showing in order to obtain a preliminary injunction and the appointment of a receiver and that good cause exists for the preliminary injunction and the appointment of a receiver;

WHEREAS, the SEC and DLI seek appointment of a receiver over DLI and certain affiliated entities for the purpose of facilitating an efficient, fair and cost-effective marshaling and preserving of the assets of DLI and the affiliated entities and funds, subject to Court approval;

WHEREAS, pursuant to the concurrently filed SEC's Receiver Recommendation, the SEC recommends for the Court's consideration, and DLI agrees with the SEC's recommendation, Bradley S. Sharp of Development Specialists, Inc., as permanent receiver, based on Mr. Sharp's proposal for services, attached as Exhibit 1 to the SEC's Receiver Recommendation;

WHEREAS, DLI hereby consents and agrees to a preliminary injunction prohibiting future violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1), 206(2), and 207 of the Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-7]; and

WHEREAS, the parties jointly request a status conference concerning the receivership,[1] to be scheduled at the Court's convenience following the appointment of the receiver.

NOW, THEREFORE, the SEC and DLI hereby stipulate and agree as follows:

1. DLI consents and agrees to the entry of a preliminary injunction against future violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1), 206(2), and 207 of the Advisers Act [15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-7], as set forth in

---

[1] The SEC and DLI have each been contacted by certain of DLI's investors regarding the potential receivership. Some investors have indicated that they may seek to be heard as to the proposed receivership.

1  |  the Proposed Preliminary Injunction Order and Order Appointing
2  |  Permanent Receiver concurrently lodged herewith;
3  | 2. The SEC and DLI request the appointment of a permanent receiver over
4  |  DLI in order to fairly and effectively marshal and preserve the assets of DLI
5  |  and to ensure an orderly distribution of any assets, as set forth in the
6  |  Proposed Preliminary Injunction Order and Order Appointing Permanent
7  |  Receiver concurrently lodged herewith;
8  | 3. The SEC and DLI therefore request that the Court enter the Proposed
9  |  Preliminary Injunction Order and Order Appointing Permanent Receiver
10 |  concurrently lodged herewith; and
11 | 4. The SEC and DLI jointly request a status conference concerning the
12 | //
13 | //
14 | //
15 | //
16 | //
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 |

receivership, to be scheduled at the Court's convenience following the appointment of the receiver.

**IT IS SO STIPULATED.**

DATED: _March 22, 2019                 AMY JANE LONGO
                                       LYNN M. DEAN
                                       CHRISTOPHER A. NOWLIN
                                       SECURITIES AND EXCHANGE
                                       COMMISSION


                                       By: _/s/Amy Jane Longo_____
                                              AMY JANE LONGO

                                       Attorneys for Plaintiff
                                       SECURITIES AND EXCHANGE
                                       COMMISSION

DATED:   March 22, 2019                NICOLAS MORGAN
                                       PAUL HASTINGS LLP


                                       By:__/s/ Nicolas Morgan_____
                                              NICOLAS MORGAN

                                       Attorneys for Defendant
                                       DLI

I, Amy Jane Longo, hereby attest that all other signatories listed, and on whose behalf this stipulation is submitted, concur in the content of the stipulation and have authorized its filing.

*/s/Amy Jane Longo*
AMY JANE LONGO