1  KATHY BAZOIAN PHELPS (155564)
2  *kphelps@diamondmccarthy.com*
   DIAMOND MCCARTHY LLP
3  1999 Avenue of the Stars, Suite 1100
4  Los Angeles, California 90067-4402
   Telephone: (310) 651-2997
5
6  CHRISTOPHER D. SULLIVAN (148083)
   *csullivan@diamondmccarthy.com*
7  LESLEY ANNE HAWES (117101)
   *lhawes@diamondmccarthy.com*
8  DIAMOND MCCARTHY LLP
9  150 California Street, Suite 2200
   San Francisco, CA 94111
10 Phone: (415) 692-5200
11
12 *Proposed Counsel for Bradley D. Sharp,*
   *Permanent Receiver*
13
14                **UNITED STATES DISTRICT COURT**
15                **CENTRAL DISTRICT OF CALIFORNIA**
16                **WESTERN DIVISION – LOS ANGELES**

17 SECURITIES AND EXCHANGE          Case No. 2:19−cv−02188−DSF−MRW
   COMMISSION,                      Hon. Dale K. Fischer
18
19           Plaintiff,             **NOTICE OF MOTION AND MOTION**
                                    **OF PERMANENT RECEIVER**
20        v.                        **BRADLEY D. SHARP FOR ORDER**
                                    **AUTHORIZING EMPLOYMENT OF**
21 DIRECT LENDING INVESTMENTS       **    (1)DIAMOND McCARTHY LLP**
22 LLC,                             **    AS GENERAL COUNSEL;**
                                    **(2) DEVELOPMENT**
23        Defendant.                **SPECIALISTS, INC. AS**
24                                  **ACCOUNTANTS;**
                                    **(3) COLLAS CRILL AS CAYMAN**
25                                  **ISLANDS COUNSEL;**
26                                  **(4) BERKELEY RESEARCH**
                                    **GROUP LLC AS TAX**
27                                  **ACCOUNTANTS; AND**
28                                  **(5) ORDINARY COURSE**

                                    1

**PROFESSIONALS; DECLARATIONS OF BRADLEY D. SHARP, KATHY BAZOIAN PHELPS AND VERNON CALDER IN SUPPORT**

**[PROPOSED ORDER FILED CONCURRENTLY HEREWITH]**

Date:   May 13, 2019
Time:   1:30PM
Dept.:  Courtroom 7D
Place:  United States District Court
        Western Division
        350 West 1st Street,
        Los Angeles, CA 90012

PLEASE TAKE NOTICE THAT on May 13, 2019, at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 92701-4516, Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver"), will and hereby does move for an Order approving his employment of: (1) Diamond McCarthy LLP ("Diamond McCarthy") as his general counsel; (2) Development Specialist, Inc. ("DSI") as his accountants; (3) the firm of Collas Crill ("Collas") as his Cayman Islands counsel; and (4) Berkeley Research Group LLC as the Receiver's tax accountants, with such professionals to be compensated from assets of the receivership estate upon application pursuant to Section XI of the Preliminary Injunction Order and Order Appointing Permanent Receiver ("Receiver Order"), Doc. No. 10.  In addition, the Receiver seeks an order of the Court confirming his authority to employ and pay from estate assets the ordinary course professionals, including accountants and attorneys previously employed in the ordinary course of the Receivership Entity's business and/or other alternative professionals engaged by the Receiver selected by the Receiver in his discretion and business judgment to perform the same or similar functions necessary or appropriate

2

1   to maintain and preserve the business and enforce and collect loans and collateral

2   securing loans included in the portfolio of assets of the Receivership Entity.   The

3   Receiver seeks authority to pay and employ such Ordinary Course Professionals for a

4   period of 90 days effective from April 1, 2019 without further notice, hearing,

5   approval or order of the Court and to pay such professionals in the ordinary course of

6   operating the business of the Receivership Entity without fee applications in amounts

7   up to the usual monthly or quarterly fees paid to the existing firms identified on

8   Exhibit "3" to the Receiver's declaration in support of this Motion, subject to a

9   variance or overage of up to 10%, or in amounts provided for in the applicable

10  existing contingency fee arrangements with the Receivership Entity, together with

11  actual out of pocket costs incurred, without requiring further Court approval.

12  Compensation and authorization for payment for services rendered by Diamond

13  McCarthy, DSI, Collas and BRG will subject to application pursuant to Section XI of

14  the Receiver Order.

15      The Order appointing the Receiver authorizes the employment of professionals

16  by the Receiver in order to perform his duties and obligations.  (Receiver Order,

17  Sections VI.C. and G).  The Receiver files this Motion to obtain specific approval for

18  the employment of Diamond McCarthy, DSI and Collas on the terms set forth herein.

19  The Receiver also seeks an order confirming his authority to employ and pay

20  Ordinary Course Professionals as the Receiver deems necessary or appropriate who

21  provide services in the ordinary course of business of the Receiver's operation of the

22  Receivership Entity in connection with the accounting, management, and

23  administration of the business, and collection and enforcement of loans previously

24  made by the Receivership Entity, which comprise the estate's primary assets, without

25  the necessity of the expense, burden and delay of requiring fee applications for their

26  payment for a period of 90 days effective from April 1, 2019.

27      This Motion is made following the Receiver's contact with counsel for the

28

3

NOTICE OF MOTION AND MOTION TO
EMPLOY PROFESSIONALS

Securities and Exchange Commission, and with defendant Direct Lending Investments LLC in accordance with Local Rule 7-3.  The Receiver is advised that the SEC generally does not oppose the Motion, and he has not been advised of any opposition to the Motion by Direct Lending Investments LLC.

This Motion is based upon this Notice, the following Memorandum of Points and Authorities, the concurrently filed Declarations of Bradley D. Sharp, Kathy Bazoian Phelps and Vernon Calder, and upon such further oral argument, testimony and evidence as may be received at the hearing on this matter.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-9, any party who opposes the Motion must, not later than 21 days before the date of the hearing on the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

DATED: April 12, 2019

DIAMOND McCARTHY LLP

By:   /s/ *Kathy Bazoian Phelps*
Kathy Bazoian Phelps
Proposed Counsel for Bradley D. Sharp,
Permanent Receiver

NOTICE OF MOTION AND MOTION TO
EMPLOY PROFESSIONALS

KATHY BAZOIAN PHELPS (155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone: (310) 651-2997

CHRISTOPHER D. SULLIVAN (148083)
*csullivan@diamondmccarthy.com*
LESLEY ANNE HAWES (117101)
*lhawes@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200

*Proposed Counsel for Bradley D. Sharp,*
*Permanent Receiver*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:19−cv−02188−DSF−MRW<br>Hon. Dale K. Fischer |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES OF BRADLEY D. SHARP IN SUPPORT OF MOTION OF PERMANENT RECEIVER BRADLEY D. SHARP FOR ORDER AUTHORIZING EMPLOYMENT OF (1)DIAMOND McCARTHY LLP AS GENERAL COUNSEL; ETC.** |
| v. | |
| DIRECT LENDING INVESTMENTS LLC, | |
| Defendant. | |
| | ]<br>Date:    May 13, 2019<br>Time:   1:30PM<br>Dept.:   Courtroom 7D<br>Place:   U.S. District Court, West. Div.<br>             350 West 1st Street,<br>             Los Angeles, CA 90012 |

MEMO. IN SUPPORT OF MOTION TO
EMPLOY PROFESSIONALS

1

2

# TABLE OF CONTENTS

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.      INTRODUCTION AND RELEVANT FACTUAL BACKROUND....................................1

    A.      Need for General Counsel, Cayman Islands Counsel and Ordinary Course Professionals ..........................................................................................................3

    B.      Need for Receivership and Tax Accountants ..........................................................8

II.     ARGUMENT...................................................................................................10

    A.      The Legal Standard..............................................................................................10

    B.      Diamond McCarthy Is Well Qualified to Serve as the Receiver's General Counsel....................................................................................................11

    C.      The Collas Firm Is Well Qualified to Serve as the Receiver's Cayman Islands Counsel ....................................................................................................12

    D.      DSI Is Well Qualified To Serve As The Receiver's   Accountants........................12

III.    CONCLUSION.................................................................................................13

MEMO. IN SUPPORT OF MOTION TO
EMPLOY PROFESSIONALS

# TABLE OF AUTHORITIES

Cases

*CFTC v. Topworth Int'l, Ltd.*,
   205 F.3d 1107 (9th Cir. 1999)....................................................................... 10
*SEC v. Capital Consultants, LLC*,
   397 F.3d 733 (9th Cir. 2005)......................................................................... 10
*SEC v. Hardy*,
   803 F .2d 1034 (9th Cir. 1986)....................................................................... 10
*SEC v. Wenke*,
   622 F.2d 1363 (9th Cir. 1980)........................................................................ 10

Statutes

28 U.S.C. § 754............................................................................................ 4, 2

MEMO. IN SUPPORT OF MOTION TO
EMPLOY PROFESSIONALS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND RELEVANT FACTUAL BACKROUND

On April 1, 2019, this Court entered Preliminary Injunction Order and Order Appointing Permanent Receiver ("Receiver Order"), Doc. No. 10, appointing Bradley D. Sharp ("Receiver") as permanent receiver for the estate of defendant Direct Lending Investments LLC ("DLI"), and Direct Lending Income Fund, L.P., Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, and DLI Assets Bravo, LLC and their successors, subsidiaries and affiliated entities (the "Receivership Entity").   The Receiver Order was the result of a stipulation by defendant DLI and the other entities for the appointment of a permanent receiver.

The Receiver has been granted the full powers of an equity receiver over all funds, property and assets belonging to, being managed by or in the possession of or control of the Receivership Entity.  (Receiver Order, Section VI).  In addition, among other things, the Receiver Order provides that the Receiver has been granted specific powers sue, marshal, collect and take possession of the Receivership Entity's property, to take control over the Receivership Entity's bank and brokerage accounts, to investigate and conduct discovery to locate and account for the assets of or managed by the Receivership Entity, and to "take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by the Receivership Entity."  (Receiver Order Section VI.A. and D.)

The entities comprising the Receivership Entity are operating businesses in that their assets consist of portfolios of loans made by the Receivership Entity to third party borrowers, with loans ranging in size from $1 to $2 million to approximately $200 million.  DLI obtained investors for its loan portfolios through two "feeder" funds which were structured as limited partnerships, one covering the United States investors (Direct Lending Income Fund, L.P.) and one located in the

Cayman Islands covering investments made through a related Cayman Islands limited partnership (Direct Lending Income Feeder Fund Ltd.).

In turn, the funds DLI loaned to third party borrowers were used by the third party borrowers to make loans or extensions of credit to others (the "subsequent loans") and the subsequent loans became collateral for the DLI loan in the DLI portfolio.  DLI manages approximately 25 or 26 lending relationships with third party borrowers.  When the third party borrower under such a lending relationship defaults, DLI may then foreclose on the loan and assume management and control of the underlying loan and account receivable collateral of the third party borrower.

The Receiver has determined that DLI is currently supervising and managing collection efforts under one such failed third party loan, which requires DLI to supervise the collection of a large number of consumer and small business loans by attorneys and collection agents employed by DLI for that purpose.  The Receiver has determined that in order to perform his duties as obligations under the terms of the Receiver Order, he requires the assistance of counsel and accountants.

The Receiver hereby requests the Court approve his employment and compensation of (1) Diamond McCarthy LLP ("Diamond McCarthy") as his general counsel; (2) Development Specialist, Inc. ("DSI") as his accountants; (3) Collas Crill as his Cayman Islands counsel; and (4) Berkeley Research Group LLC ("BRG") as the Receiver's tax accountants with compensation to be made upon application after notice and a hearing pursuant to Section XI of the Receiver Order. The Receiver also seeks approval to engage accountants and attorneys designated by the Receiver in his discretion and business judgment, or continue the engagement of current counsel and accountants involved in the ordinary course of business ("Ordinary Course Professionals") accounting, management and administrative functions necessary to the Receivership Entity's business and involved in the management, enforcement and collection of the DLI loans, including any collateral securing those loans belonging to or managed by the

2

Receivership Entity.  The Receiver seeks to confirm his authority to engage such Ordinary Course Professionals as the Receiver determines are necessary or beneficial to the administration of the estate's assets without prior notice, motion, approval or Order of the Court approving their employment and with payment for such professional expenses being subject to ordinary course monthly or quarterly payments as part of the administration of the estate rather than by fee application to the Court pursuant to Section XI of the Receiver Order.

### A.    *Need for General Counsel, Cayman Islands Counsel and Ordinary Course Professionals*

The Receiver's duties and responsibilities under the Receiver Order require him to identify, account for, preserve and protect receivership assets, and to continue the operations of the businesses as necessary and appropriate to preserve the assets of the estate.  The Receiver requires the assistance of general counsel to review key business records, interview interested parties, professionals and employees with information relevant to evaluation of the assets of the receivership estate and the prior and ongoing operations of the business relevant to the preservation of estate assets and potential claims of the estate.  The Receiver anticipates requiring the advice of counsel to deal with issues regarding the investments under management, and responding to inquiries and demands concerning claims of investors and assets belonging to or managed by the Receivership Entity, including applicable insurance policies and potential claims under those policies.

The Receiver has also been advised that there are at least two lawsuits that were recently filed against one or more of the entities comprising the Receivership Entity and former agents and representatives of the Receivership Entity.  While those actions are subject to the stay of actions under Section IX of the Receiver Order, the claims nevertheless require attention and analysis, along with potential claims that the Receiver may need to analyze and/or pursue to protect and preserve

estate assets.

One of the entities comprising the Receivership Entity is organized under the laws of the Cayman Islands, requiring the Receiver to potentially make filings and take prompt action in that jurisdiction to protect the receivership estate.  It is essential that the Receiver employ Cayman Islands counsel who is able to represent the estate's interests in that jurisdiction and take actions necessary or appropriate to protect and preserve the Cayman feeder fund and assets and investments related to that fund.

The Receiver requires the assistance of counsel to provide advice and assistance concerning all of these matters.  The scope of future issues that may arise requiring assistance of professionals is not fully known at this point.

For these reasons, and to assist the Receiver with other legal issues that may arise in the administration of the receivership estate, the Receiver seeks specific approval for the employment of general receivership counsel, Diamond McCarthy, and Collas as the Receiver's counsel in Cayman Islands.

Because of the expedited nature of his appointment and the ongoing operations of multiple businesses, the Receiver immediately retained Diamond McCarthy as his general counsel, effective as of April 1, 2019.  He believes that Diamond McCarthy's employment is appropriate and in the best interests of the receivership for several reasons. Upon learning about the case, it was his judgment that he needed to act quickly and seek the immediate assistance and advice of counsel to deal with filing notices of stay of the recent legal actions filed against the Receivership Entity and former agents and representatives, to file notices under 28 U.S.C. § 754 in other jurisdictions where assets may exist, and to provide advice on immediate pressing operating issues concerning these businesses. Diamond McCarthy acted immediately without waiting until its employment was confirmed, understanding and assuming the attendant risks.

Diamond McCarthy has unique expertise dealing with the legal issues

MEMO. IN SUPPORT OF MOTION TO
EMPLOY PROFESSIONALS

involving receiverships and insolvent entities, including advising fiduciaries on the management of ongoing businesses under receivership, winding down businesses, investigation of known and hidden assets, and litigation of causes of action to recover assets.  Attached to the Declaration of Kathy Bazoian Phelps as Exhibit "4" is the resume of Diamond McCarthy, biographical information on the primary attorneys likely to provide services in this matter, and a schedule of its attorney rates.

As is appropriate in equity receivership matters, and in order to help minimize the cost to the estate of the Receivership Entity, Diamond McCarthy anticipates making extensive use, where appropriate, of junior associates and paralegals.

At present, the Receiver cannot yet determine the extent of the legal services that will be required. He anticipates using counsel to assist in his evaluation and investigation of the Receivership Entity, to evaluate the assets and entities under management of DLI, to assist in collection efforts relative to the loan portfolios and other assets of the estate, to evaluate potential claims by the estate, to analyze available insurance and potential claims under insurance policies, to address compliance matters, and other matters relevant to the Receiver's performance under the Receiver Order. The Receiver will also use counsel to assist when interfacing with the Court, if necessary, and in preparing pleadings to be filed with the Court.

The Receiver seeks to employ the Cayman Islands firm Collas, which has substantial experience in representing liquidators, similar to receivers, in that jurisdiction, in addressing the interplay of United States and Cayman Islands law as it relates to investment businesses structured with one or more Cayman Islands feeder funds, and in addressing matters related to receiverships, bankruptcies and liquidator proceedings that span both United States and Cayman Islands jurisdictions. Because of matters arising in the Cayman Islands requiring immediate action to protect and preserve the receivership estate, the Collas firm began

1   evaluating issues pertinent to the estate in that jurisdiction on or about April 3,
2   2019, with the understanding that its engagement is subject to the Court's approval.
3   A summary of the Collas firm and biographies of the attorneys expected to perform
4   the primary services on the matter is attached as Exhibit "2" to the Declaration of
5   Bradley D. Sharp.

6        There are a limited number of qualified firms in the Cayman Islands with
7   attorneys who have the appropriate background, and breadth and depth of
8   experience, knowledge and expertise to represent the Receiver given the variety of
9   types of issues that may arise in that jurisdiction, spanning local corporate practices
10  and regulatory issues as well as receivership law involving a receiver appointed in
11  the United States in an estate with assets located in that jurisdiction.  The regular
12  hourly rates charged by the Collas firm are consistent with rates and practices in the
13  Grand Court of the Cayman Islands, and the firm's rates are regularly approved in
14  the Financial Service Division of that Court, which is responsible for the winding
15  up of entities similar to bankruptcy courts in the United States, based on guidelines
16  published by that Court similar to the factors considered in approval of fees in
17  receiverships and bankruptcy proceedings here. A copy of the guidelines are
18  included in Exhibit "2."  Nevertheless, at the Receiver's request, the Collas firm has
19  agreed to provide a courtesy discount of 10% for services in this matter, and the
20  discounted rates are reflected in the proposed engagement letter for the Collas firm
21  which is included in Exhibit "2."  The Receiver will exercise business judgment and
22  oversight regarding the nature and duration of the services to be performed by the
23  Collas firm and prior Cayman Islands counsel for the Receivership Entity to avoid
24  duplication of services while ensuring the estate's interests in that jurisdiction are
25  protected.

26       For the reasons detailed above, the Receiver seeks confirmation and approval
27  from the Court that the Receiver in his discretion and business judgment may
28  continue to employ certain Ordinary Course Professionals, including accountants

1   for the Receivership Entity and attorneys who have been performing loan collection
2   and enforcement work for DLI relating to the loans under its management or owned
3   by the Receivership Entity that have been previously employed by the Receivership
4   Entity, identified on the list attached as Exhibit "3" to the Declaration of Bradley D.
5   Sharp.    In addition, the Receiver in his discretion and business judgment may
6   determine that certain firms listed on Exhibit "3" should be replaced with other
7   Ordinary Course Professionals to  perform the same or similar services where the
8   Receiver believes other professionals can provide similar services to the estate at
9   lower rates or more cost-effectively.  The Receiver seeks approval of the Court for
10  the Receiver to employ and pay Ordinary Course Professionals in his business
11  judgment and discretion without further notice, hearing, motion or Court order and
12  to pay them monthly or quarterly in the course of administration of the estate
13  similar to other ordinary course employees of the estate involved in the day-to-day
14  functions of the business and without fee applications under Section XI of the
15  Receiver Order.

16      The estimated monthly or quarterly fees anticipated to be paid to the existing
17  Ordinary Course Professionals, or to other similar Ordinary Course Professionals
18  selected by the Receiver to perform the same or similar functions, are set forth on
19  Exhibit "3."  The Receiver anticipates paying the Ordinary Course Professionals, if
20  required, amounts in substantial conformity with those amounts, although he does
21  expect some variance in the amounts to be paid each month or quarter, plus paying
22  actual out of pocket costs incurred in connection with their services.  Additionally,
23  some of the Ordinary Course Professionals engaged in collections are engaged on a
24  contingency fee arrangement with the Receivership Entity, with contingency fees
25  ranging from 20% up to 35% of the recoveries, as noted in Exhibit "3," and the
26  Receiver seeks approval to continue those contingency fee arrangements or
27  arrangements with similar professionals on similar payment terms without further
28  notice, hearing, motion or order being required to retain and pay those

7

MEMO. IN SUPPORT OF MOTION TO
EMPLOY PROFESSIONALS

1   professionals.

2   **B.**    ***Need for Receivership and Tax Accountants***

3   The Receiver requires the assistance of accountants for the receivership estate

4   to prepare financial reporting, to assist the Receiver in the review and investigation

5   of the accuracy of prior financial reporting and preparing or supervising the

6   preparation of corrected/amended financial reports as necessary, to potentially

7   perform a forensic investigation of the Receivership Entity and its assets, and to

8   account for the loan investments with ongoing payment streams which comprise the

9   principal assets of the estate.

10   Development Specialists, Inc. ("DSI") is well qualified to perform the

11   receivership accounting services requested. Since 1976, DSI has primarily operated,

12   managed, and consulted "troubled businesses" on behalf of lending

13   institutions/other secured parties, creditors, bondholder and/or shareholder

14   committees, and business owners.  DSI has offices throughout the United States and

15   Europe.  DSI also regularly provides consulting, management, and financial

16   advisory services for businesses operating under state and federal receiverships, as

17   debtors-in-possession under the Bankruptcy Code and for trustees in bankruptcy

18   matters.

19   DSI and its accounting professionals have extensive experience in federal

20   receiverships and bankruptcy proceedings, providing a range of services including

21   (a) from forensic accounting and fraud investigation services; (b) corporate finance

22   and oversight; and (c) turnaround consulting for operating businesses.  Members of

23   DSI have served as financial advisor and federal receiver a number of cases

24   involving a leading lender in the agricultural sector (AgStar), as Chief Restructuring

25   Officer in a $1.2 billion Ponzi scheme to manage bankruptcy reporting, perform a

26   forensic accounting, and assist in the recovery and sale of properties comprising the

27   estate's assets (Woodbridge Group of Companies), and as restructuring officers

28   charged with managing a large financial services company with a $300 million

MEMO. IN SUPPORT OF MOTION TO
EMPLOY PROFESSIONALS

1   asset portfolio (1Global Capital LLC).

2      In addition, the Receiver requires the assistance of BRG to provide tax

3   accounting services for the estate and the Receivership Entity.  The Receivership

4   Entity previously employed the Deloitte accounting firm as its tax accountants at a

5   rate of $40,000 per quarter.  The Receiver proposes to employ BRG as his tax

6   accountants, with Vernon L. Calder expected to be the primary member of BRG

7   serving as the "Expert" senior accounting professional and other providing support

8   for his engagement.  Mr. Calder has agreed to charge an hourly rate of $608 for the

9   engagement, a rate that has been discounted by 5% off his regular hourly rate.

10  BRG has also agreed to a 5% discount off the regular hourly rates charged for all

11  professionals and others providing support in the engagement.  BRG anticipates that

12  Lief M. Larsen, an Associate Director of BRG, will provide services on the

13  engagement as well.

14     BRG is well-qualified to provide tax accounting services for the receivership

15  and the Receivership Entity.  Mr. Calder has more than 30 years' experience in

16  public accounting, specializing in tax services.  Mr. Calder has specific expertise in

17  special tax issues and tax planning involving corporations, partnerships, liquidating

18  trusts, and bankruptcy estates.  His notable engagements include providing tax

19  accounting services for the Reed Slatkin bankruptcy estate in a bankruptcy

20  proceeding in the United States Bankruptcy Court for the Central District of

21  California.  He has been qualified as an expert witness in state court and before the

22  United States District Court for the District of Utah, and he has testified in other

23  matters before the United States Bankruptcy Court for the Central District of

24  California.  Mr. Larsen has over 20 years' experience in tax return preparation and

25  is well-qualified to provide services for the engagement based on his experience in

26  tax matters particularly involving bankruptcy estates.   Copies of BRG's

27  engagement letter, an overview of BRG, and curricula vitae for Mr. Calder and Mr.

28  Larsen are attached collectively as Exhibit "5" to the Declaration of Vernon L.

9

Calder in support of this Motion.

## II.    ARGUMENT

### A.    *The Legal Standard*

As a preliminary matter, the express terms of the Receiver Order authorizes the Receiver to employ counsel. More importantly, "[t]he power of a district court to impose a receivership or grant other forms of ancillary relief ... derives from the inherent power of a court of equity to fashion effective relief." *SEC v. Wenke*, 622 F.2d 1363, 1369 (9th Cir. 1980). The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *SEC v. Hardy*, 803 F .2d 1034, 12 1038 (9th Cir. 1986). To that end, district courts have broad powers to determine what is necessary for the administration and supervision of an equity receivership. See *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005). As the Ninth Circuit explained:

> A district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. The district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership.

*Id.* (emphasis added; citations omitted); see also *CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad deference' to the [district] court's supervisory role and 'we generally uphold reasonable procedures instituted by the district court that serve th[e] purpose' of orderly and efficient administration of the receivership for the benefit of creditors.").

Accordingly, this Court had broad powers and wide discretion to afford the Receiver the relief he requires in order to fulfill his obligations under the Receiver Order, including approving his employment and compensation of Diamond McCarthy, and DSI.

10

**B.**   *Diamond McCarthy Is Well Qualified to Serve as the Receiver's General Counsel*

Diamond McCarthy is well-qualified to serve as the Receiver's general counsel in this matter.   Diamond McCarthy's attorneys have served as lead counsel for federal equity receivers in multiple cases, and have substantial experience in representing parties in complex business litigation.   The attorneys at the firm have also served as and represented other types of fiduciaries such as chapter 11 bankruptcy trustees and plan administrators so are well familiar with fiduciary representation.   Attorney Kathy Bazoian Phelps at Diamond McCarthy and has represented receivers and trustees - including equity receivers - for over 27 years. Partner Christopher D. Sullivan has almost three decades of complex commercial and bankruptcy litigation experience.   He also has a depth of experience in professional liability and professional responsibility matters and has successfully recovered millions of dollars on behalf of trustees and bankruptcy estates in such cases as *In re Tri Valley Growers* and *In re Heller Ehrman, LLP*, among numerous others.

Attached to the Declaration of Kathy Bazoian Phelps as Exhibit "4" is the summary of qualifications of Diamond McCarthy and of the attorneys anticipated to perform the primary legal services for the Receiver on this matter.   Also included in Exhibit "4" is a copy of Diamond McCarthy's regular hourly billing rates for 2019. Diamond McCarthy has agreed to reduce its regular billing rates by 15% for this engagement.

As is appropriate in equity receivership matters, and in order to help minimize the cost to the estate of the Receivership Entity, Diamond McCarthy anticipates making extensive use, where appropriate, of junior associates and paralegals.

**C.     The Collas Firm Is Well Qualified to Serve as the Receiver's Cayman Islands Counsel**

The Collas firm has substantial experience addressing cross-border insolvency proceedings involving entities and fiduciaries in the United States and the Cayman Islands.  The firm represents liquidators, the equivalent of receivers or bankruptcy trustees, in Cayman Islands proceedings, and has also represented foreign fiduciaries in proceedings in the Cayman Islands involving Cayman Islands entities and assets. The Collas firm anticipates primary services in the engagement will be provided by Matthew Dors, a partner in the firm, Farrah Sbaiti, a Senior associate, and Rupert Stanning, an associate, with support from other members of the firm as necessary or appropriate.  Billing rates of the firm for this engagement, reflecting a 10% courtesy discount, will range as follows:  (a) partner rates from US$675-US$805; (b) counsel from US$675-US$765; (c) senior associate from US$585-US$675; (d) associate from US$495-US$585; and (e) paralegals and Articled Clerks at US$290.  Attached collectively as Exhibit "2" to the Declaration of Bradley D. Sharp is a summary of the Collas firm's background, the biographies of the three attorneys likely to provide the primary services on the matter, and the firm's proposed engagement letter with the Receiver.  The Collas firm understands that its compensation is subject to Court approval and authorization for payment under Section XI of the Receiver Order.

**D.     DSI Is Well Qualified To Serve As The Receiver's Accountants**

DSI is well qualified to serve as the Receiver's accountant. DSI is a fiduciary and crisis management firm that is frequently appointed in federal, state and bankruptcy courts to manage and restructure operating companies.   The Receiver's proposal letter to the Securities and Exchange Commission for the appointment of the Receiver, attached hereto as Exhibit "1," includes a summary of DSI's qualifications and those of the DSI advisory team anticipated to perform the primary services by DSI in this matter.

1    DSI has agreed to discount its rates for its professionals by 15%, as set forth in

2  the Receiver's proposal letter to the Securities and Exchange Commission, Exhibit

3  "1." The firm's regular hourly rates are included in Exhibit "1."

4  **III.  CONCLUSION**

5    For the foregoing reasons, the Receiver respectfully requests that this Court

6  approve his employment and compensation of Diamond McCarthy as his general

7  counsel and DSI as his accountants on the terms set forth herein. The Receiver

8  requests all other appropriate relief.

9

10  DATED: April 12, 2019          DIAMOND McCARTHY LLP

11

12                    By:  /s/ *Kathy Bazoian Phelps*
                        Kathy Bazoian Phelps
13                      Proposed Counsel for Bradley D. Sharp
                        Permanent Receiver
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

MEMO. IN SUPPORT OF MOTION TO
EMPLOY PROFESSIONALS

**PROOF OF SERVICE**

I hereby declare under penalty of perjury pursuant to the laws of the State of California that I am a citizen of the United States, over the age of 18 years, and not a party to the within action. My business address is 150 California Street, Suite 2200, San Francisco, CA 94111. On **April 12, 2019**, I served the following document(s):

- **NOTICE OF MOTION AND MOTION OF PERMANENT RECEIVER BRADLEY D. SHARP FOR ORDER AUTHORIZING EMPLOYMENT OF (1) DIAMOND McCARTHY LLP AS GENERAL COUNSEL; (2) DEVELOPMENT SPECIALISTS, INC. AS ACCOUNTANTS; (3) COLLAS CRILL AS CAYMAN ISLANDS COUNSEL; (4) BERKELEY RESEARCH GROUP LLC AS TAX ACCOUNTANTS; AND (5) ORDINARY COURSE PROFESSIONALS; DECLARATIONS OF BRADLEY D. SHARP, KATHY BAZOIAN PHELPS AND VERNON CALDER IN SUPPORT**

  X       TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): On **April 12, 2019** the document listed above will be served by the court via NEF and hyperlink to the document which effects electronic service on counsel who are registered with the CM/ECF system.

X     SERVED VIA ELECTRONIC TRANSMISSION/EMAIL: On **April 12, 2019**, I served the following persons and/or entities at the by transmitting via electronic mail the document(s) listed above to the addresses set forth below:
  Nicolas Morgan at [nicolasmorgan@paulhastings.com](mailto:nicolasmorgan@paulhastings.com).

  X       SERVED BY UNITED STATES MAIL: On **April 12, 2019**, I served the following persons and/or entities at the last known addresses by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,

14

postage prepaid, and addressed as follows:

Nicolas Morgan
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of United States of America that the above is true and correct.

Executed on April 12, 2019 at San Francisco, California.

_/s/ Michaela M. O'Rourke_
Michaela M. O'Rourke

MEMO. IN SUPPORT OF MOTION
TO EMPLOY PROFESSIONALS