KATHY BAZOIAN PHELPS (155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone: (310) 651-2997

CHRISTOPHER D. SULLIVAN (148083)
*csullivan@diamondmccarthy.com*
LESLEY ANNE HAWES (117101)
*lhawes@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200

*Proposed Counsel for Bradley D. Sharp,*
*Permanent Receiver*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT LENDING INVESTMENTS LLC,<br><br>Defendant. | Case No. 2:19−cv−02188−DSF−MRW<br>Hon. Dale K. Fischer<br><br>**NOTICE OF MOTION AND MOTION OF PERMANENT RECEIVER BRADLEY D. SHARP FOR ORDER AUTHORIZING EMPLOYMENT OF BANKRUPTCY MANAGEMENT SOLUTIONS DBA STRETTO AS CLAIMS AGENT**<br><br>**[PROPOSED ORDER FILED CONCURRENTLY HEREWITH]**<br>Date:   June 3, 2019<br>Time:   1:30 PM<br>Dept.:   Courtroom 7D<br>Place:   United States Court<br>          Western Division District |

1

350 West 1st Street,
Los Angeles, CA 90012

PLEASE TAKE NOTICE THAT on June 3, 2019, at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 92701-4516, Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver"), will and hereby does move for an Order approving his employment of Bankruptcy Management Solutions dba Stretto ("Stretto")  as Claims Agent nunc pro tunc as of April 9, 2019, with such professional to be compensated from assets of the receivership estate upon application pursuant to Section XI of the Preliminary Injunction Order and Order Appointing Permanent Receiver ("Receiver Order"), Doc. No. 10.   The Receiver Order expressly authorizes the employment of professionals by the Receiver in order to perform his duties and obligations. (Receiver Order, Sections VI.C. and G).   The Receiver files this Motion to obtain specific approval for the employment of Stretto on the terms set forth herein.

This Motion is made following the Receiver's contact with counsel for the Securities and Exchange Commission, and with defendant Direct Lending Investments LLC in accordance with Local Rule 7-3.  The Receiver is advised that the SEC generally does not oppose the Motion, and he has not been advised of any opposition to the Motion by Direct Lending Investments LLC.

This Motion is based upon this Notice, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Bradley D. Sharp, and upon such further oral argument, testimony and evidence as may be received at the hearing on this matter.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-9, any party who opposes the Motion must, not later than 21 days before the date of the hearing on the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and

NOTICE OF MOTION AND MOTION TO
EMPLOY STRETTO AS CLAIMS AGENT

a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

DATED: April 29, 2019         DIAMOND McCARTHY LLP

By:   /s/ *Kathy Bazoian Phelps*
      Kathy Bazoian Phelps
      Proposed Counsel for Bradley D. Sharp,
      Permanent Receiver

NOTICE OF MOTION AND MOTION TO
EMPLOY STRETTO AS CLAIMS AGENT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   Introduction and Relevant Factual Background

On April 1, 2019, this Court entered Preliminary Injunction Order and Order Appointing Permanent Receiver ("Receiver Order"), Doc. No. 10, appointing Bradley D. Sharp ("Receiver") as permanent receiver for the estate of defendant Direct Lending Investments LLC ("DLI"), and Direct Lending Income Fund, L.P., Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, and DLI Assets Bravo, LLC and their successors, subsidiaries and affiliated entities (the "Receivership Entity"). The Receiver Order was the result of a stipulation by defendant DLI and the other entities for the appointment of a permanent receiver.

The Receiver has been granted the full powers of an equity receiver over all funds, property and assets belonging to, being managed by or in the possession of or control of the Receivership Entity.  (Receiver Order, Section VI).  In addition, among other things, the Receiver Order provides that the Receiver has been granted specific powers sue, marshal, collect and take possession of the Receivership Entity's property, to take control over the Receivership Entity's bank and brokerage accounts, to investigate and conduct discovery to locate and account for the assets of or managed by the Receivership Entity, and to "take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by the Receivership Entity."  (Receiver Order Section VI.A. and D.)

The entities comprising the Receivership Entity are operating businesses in that their assets consist of portfolios of loans made by the Receivership Entity to third party borrowers, with loans ranging in size from $1 to $2 million to approximately $200 million. DLI obtained investors for its loan portfolios through two "feeder" funds which were structured as limited partnerships, one covering the United States investors (Direct Lending Income Fund, L.P.) and one located in the

Cayman Islands covering investments made through a related Cayman Islands limited partnership (Direct Lending Income Feeder Fund Ltd.).

The feeder funds obtained funds from approximately 1,000 domestic and foreign investors. The Receiver anticipates initiating a claims filing, allowance and distribution process for the case so that investors and creditors can file claims and, upon review and any appropriate objections, the Receiver can propose an equitable distribution plan in this case. The Receiver also anticipates having to serve hundreds, if not thousands, of investors and creditors with key filings in this case and seeks to do so in the most cost effective method possible. The Receiver has determined that use of a claim agent is the most efficient and cost-effective manner of handling noticing and processing of filed claims.

The Receiver hereby requests the Court approve his employment and compensation of Stretto, effective as of April 9, 2019, as the Receiver's claims agent with compensation to be made upon application after notice and a hearing pursuant to Section XI of the Receiver Order.

## II.     Need for Claims Agent

The Receiver's duties and responsibilities under the Receiver Order require him to identify, account for, preserve and protect receivership assets, and to continue the operations of the businesses as necessary and appropriate to preserve the assets of the estate. The Receiver Order also authorizes the Receiver "to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received . . ." Those duties will necessitate a claims procedure by which investors and creditors can submit claims, the Receiver can propose a distribution plan, and can ultimately make distributions to aggrieved parties. The Receiver requires the assistance of a claims agent to facilitate the noticing and cataloging of claims received.

Because of the expedited nature of his appointment and the ongoing operations of multiple businesses, the Receiver engaged Stretto effective as of April

9, 2019, to assist him with preparation and publication of a receiver's website so that the Receiver could promptly and cost effectively keep investors and creditors advised of the status of the case.

Stretto has vast expertise dealing with claims noticing and administration and has worked with fiduciaries in hundreds of receiverships and bankruptcy cases. Attached to the Declaration of Bradley D. Sharp as Exhibit "1" is the proposed Engagement Agreement and proposed rate structure with Stretto if employed in this matter. The Engagement Letter provides that Stretto will provide the following services:

> Stretto agrees to provide the Company with consulting services regarding legal noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, preparation of schedules of assets and liabilities and statements of financial affairs, communications, confidential online workspaces or data rooms (publication to which shall not violate the confidentiality provisions of this Agreement) and any other services agreed upon by the parties or otherwise required by applicable law, governmental regulations or court rules or orders (all such services collectively, the "Services" ).

## III.   ARGUMENT

### A.   *The Legal Standard*

As a preliminary matter, the express terms of the Receiver Order authorizes the Receiver to employ counsel. More importantly, "[t]he power of a district court to impose a receivership or grant other forms of ancillary relief ... derives from the inherent power of a court of equity to fashion effective relief." *SEC v. Wenke*, 622 F.2d 1363, 1369 (9th Cir. 1980). The "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors." *SEC v. Hardy*, 803 F .2d 1034, 12 1038 (9th Cir. 1986). To that end, district courts have broad powers to determine what is necessary for the administration and supervision of an equity receivership. See *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005). As the Ninth Circuit explained:

> A district court's power to supervise an equity
> receivership and to determine the appropriate action to
> be taken in the administration of the receivership is
> extremely broad. The district court has broad powers
> and wide discretion to determine the appropriate relief
> in an equity receivership.

*Id.* (emphasis added; citations omitted); see also *CFTC v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1115 (9th Cir. 1999) ("This court affords 'broad deference' to the [district] court's supervisory role and 'we generally uphold reasonable procedures instituted by the district court that serve th[e] purpose' of orderly and efficient administration of the receivership for the benefit of creditors.").

Accordingly, this Court had broad powers and wide discretion to afford the Receiver the relief he requires in order to fulfill his obligations under the Receiver Order, including approving his employment and compensation of Stretto.

**B.   *Stretto Is Well Qualified to Serve as the Receiver's Claims Agent***

Stretto is well-qualified to serve as the Receiver's claims agent in this matter. Stretto partners with federal and state-appointed receivers and is experienced in navigating the claims reconciliation process in complex cases. Stretto has a robust technology platform to support unique case needs and the firm has strategic partnerships with a nationwide bank network.

Stretto provides proprietary software that allows receivers to streamline workflow and manage online processes such as organizing documents and customizing reports to comply with regulatory requirements.

The Receiver believes that Stretto's technology platform and experience in claims reconciliation are critical needs for this case and believes that Stretto is well-suited to serve as the claims agent.

**IV.   CONCLUSION**

For the foregoing reasons, the Receiver respectfully requests that this Court approve his employment and compensation of Stretto as claims agent, *nunc pro*

NOTICE OF MOTION AND MOTION TO
EMPLOY STRETTO AS CLAIMS AGENT

1   *tunc* to April 9, 2019, on the terms set forth herein. The Receiver requests all other

2   appropriate relief.

3

4   DATED: April 29, 2019                    DIAMOND McCARTHY LLP

5

6                                            By:   /s/ *Kathy Bazoian Phelps*
                                                   Kathy Bazoian Phelps
7                                                  Proposed Counsel for Bradley D. Sharp
                                                   Permanent Receiver
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF MOTION AND MOTION TO
EMPLOY STRETTO AS CLAIMS AGENT

## PROOF OF SERVICE

I hereby declare under penalty of perjury pursuant to the laws of the state of California that I am a citizen of the United States, over the age of eighteen years and not a party to the within-entitled action.   My business address is 150 California Street, Suite 2200, San Francisco, CA 94111.   On **April 29, 2019**, I served a copy of the within document(s):

**NOTICE OF MOTION AND MOTION OF PERMANENT RECEIVER BRADLEY D. SHARP FOR ORDER AUTHORIZING EMPLOYMENT OF BANKRUPTCY MANAGEMENT SOLUTIONS DBA STRETTO AS CLAIMS AGENT**

X       **SERVED BY UNITED STATES MAIL**: On **April 29, 2019**, I served the following persons and/or entities at the last known addresses by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.

Nicolas Morgan
Paul Hastings LLP
515 South Flower Street, 25th Floor
Los Angeles, CA 90071

X       **SERVED VIA ELECTRONIC TRANSMISSION/EMAIL**: On **April 29, 2019**, I served the following persons and/or entities at the by transmitting via electronic mail the document(s) listed above to the addresses set forth below:

Nicolas Morgan  nicolasmorgan@paulhastings.com

X       **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** On **April 29, 2019**, Pursuant to L.R. 5-3.2.1, the document listed above will be served by the court via NEF and hyperlink to the document which effects electronic service on counsel who are registered with the CM/ECF system.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S.

9

Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.   I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct. Executed on April 29, 2019, at San Francisco, California.


_/s/ Michaela M. O'Rourke_
Michaela M. O'Rourke

PROOF OF SERVICE