KATHY BAZOIAN PHELPS (155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone: (310) 651-2997

CHRISTOPHER D. SULLIVAN (148083)
*csullivan@diamondmccarthy.com*
LESLEY ANNE HAWES (117101)
*lhawes@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200

*Proposed Counsel for Bradley D. Sharp,*
*Permanent Receiver*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DIRECT LENDING INVESTMENTS LLC, <br><br> Defendant. | Case No. 2:19−cv−02188−DSF−MRW <br> Hon. Dale S. Fischer <br><br> ***EX PARTE* EMERGENCY APPLICATION FOR ORDER AUTHORIZING RECEIVER TO COMMENCE VOLUNTARY LIQUIDATION AND ACCEPT APPOINTMENT AS JOINT LIQUIDATOR OF DIRECT LENDING INCOME FEEDER FUND, LTD., AND FOR RELATED RELIEF; [MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF SHARP, JOHNSON, DORS AND SULLIVAN FILED CONCURRENTLY]** <br> **[No Hearing Set on *Ex Parte* Application]** |

1

Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver") for the estate of defendant Direct Lending Investments LLC ("DLI"), and Direct Lending Income Fund, L.P., Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, and DLI Assets Bravo, LLC and their successors, subsidiaries and affiliated entities (collectively, the "Receivership Entity") pursuant to the Preliminary Injunction Order and Order Appointing Permanent Receiver issued April 1, 2019 ("Receiver Order"), Doc. No. 10, hereby applies to the Court *ex parte* on an emergency basis for an order (1) approving and confirming the Receiver's commencement of a voluntary liquidation of Direct Lending Income Feeder Fund, Ltd. ("DLIFF") in accordance with the laws of the Cayman Islands, where DLIFF is organized, by the Receiver's execution as equity receiver of DLI, the sole voting shareholder of DLIFF, and passing of a resolution for the voluntary liquidation of DLIFF substantially in the form of the draft resolution attached as Exhibit "1" to the Declaration of Bradley D. Sharp filed in support of this application, and in connection therewith (2) approving and confirming the Receiver's acceptance of an appointment as a voluntary liquidator of DLIFF and/or official liquidator of DLIFF under the supervision of the Grand Court of the Cayman Islands ("Cayman Court"); (3) approving and confirming the Receiver's authority to recommend and agree that Christopher D. Johnson of Chris Johnson Associates may be appointed as a voluntary liquidator of DLIFF and/or official liquidator of DLIFF under the supervision of the Cayman Court; (4) approving and confirming the Receiver's authority to apply to the Cayman Court for a supervision order in accordance with the law of the Cayman Islands; and (5) approving that the Receiver's compensation for his services as liquidator in relation to DLIFF's liquidation shall be paid from the assets of DLIFF in accordance with the law of the Cayman Islands and, if necessary, subject to approval by the Cayman Court.

## SUMMARY OF GROUNDS FOR SUBSTANATIVE RELIEF[1]

The entities comprising the Receivership Entity are part of an investment group organized to solicit investment funds and then put those funds to work through loans to third party organizations which in turn make loans to others, often small business and consumer loans.  Direct Lending Income Fund L.P. ("DLIF") is the domestic "feeder" fund which obtains funds from investors in the United States to invest with the entities managed directly or indirectly by defendant DLI.  DLIFF is an entity organized under the laws of the Cayman Islands and is the entity organized to receive foreign investments to transfer to one or more of the United States lending entities comprising the Receivership Entity.

DLIFF is identified in the Receiver Order as one of the entities comprising the Receivership Entity over which the Receiver has been appointed.  Defendant DLI is the manager of DLIFF and the sole voting shareholder of DLIFF.  One of the members of the management committee of defendant DLI was the sole remaining member of the board of directors of DLIFF, who tendered his resignation from the board on May 1, 2019, effective immediately.

Though DLIFF is identified as part of the Receivership Entity under the Receiver's control under the Receiver Order, the Receiver is informed by its proposed Cayman Islands counsel as well as prior counsel to DLI and DLIFF in the Cayman Islands that the Receiver Order faces certain obstacles in being recognized and enforced directly by the Cayman Islands courts.  *See* Decl. of Matthew Dors, ¶¶ 11 and 12.  Instead, the most practical and cost-effect way to give effect to the Receiver Order in the circumstances is for a concurrent liquidation to be commenced in respect of the Cayman Islands entity, if appropriate, under the supervision of the Grand Court of the Cayman Islands ("Cayman Court").  Cayman Islands liquidation

---

[1]  The grounds for relief on an *ex parte* emergency basis are detailed in the following section.

EX PARTE APPLICATION
.

proceedings under the Companies Act, the operative equivalent in the Cayman Islands of a receivership or other insolvency proceeding, typically require two joint liquidators to control the company in liquidation in respect of companies in similar circumstances to DLIFF.   There is precedent for a United States receiver to be appointed as a joint liquidator by the Cayman Court, together with a local Cayman Island liquidator to supervise the liquidation process under the Companies Act.   *See Securities and Exchange Commission v. Beacon Hill, etc., et al.,* United States District Court, Southern District of New York, Case No. 1:02-cv-08855 (Dkt. Nos. 101, 105).  There is also precedent in the jurisdiction of the Bahamas for a U.S. joint liquidator to serve with local joint liquidators over an entity organized in the Bahamas, BC Capital, in *Commodity Futures Trading Commission v. Battoo, et al.,* United States District Court, Northern District of Illinois, Case No. 1:12-cv-07127.

The Receiver believes in his informed business judgment that preservation and protection of the estate's interests in DLIFF and its assets makes it necessary and appropriate that as soon as possible the Receiver commence a voluntary liquidation of DLIFF through a corporate resolution in the form attached as Exhibit "1" to the Declaration of Bradley D. Sharp in support of this application, and for the Receiver to accept appointment as one of two voluntary and/or official liquidators for DLIFF. The Receiver further intends to propose to the Cayman Court that Christopher D. Johnson of Chris Johnson Associates in the Cayman Islands be appointed as the other joint liquidator.

The Receiver's powers and duties set forth in the Receiver Order provide the Receiver the power to preserve and protect the estate and its assets but do not explicitly provide for the Receiver to place any of the entities comprising the Receivership Entity into liquidation, including in a foreign jurisdiction.  Further, the appointment of the Receiver as a voluntary and/or official joint liquidator will allow the Receiver to directly address and administer the assets and claims of DLIFF and its relationship to the assets and claims of the United States receivership entities

comprising the Receivership Entity, particularly in light of an existing Intercreditor Agreement between DLIF and DLIFF which is likely to be addressed in any liquidation or wind down proceeding in the Cayman Islands.

The commencement of a voluntary liquidation and subsequent supervision by the  Cayman Court with joint official liquidators, including the Receiver, will help preserve the receivership estate, minimize expense, and allow for a coordinated recovery that will maximize distributions by minimizing costs and litigation, as more fully detailed in the memorandum of points and authorities and declarations filed concurrently herewith.  With respect to the Receiver's compensation as voluntary liquidator and joint official liquidator, though the Receiver's compensation would be reviewed and approved under the law of the Cayman Islands, and if necessary subject to the approval of the Cayman Court, the Receiver has agreed to provide the SEC copies of the Receiver's compensation requests for services rendered in that proceeding.  The Receiver therefore seeks such express authority from the Court, on an *ex parte* basis with notice to plaintiff Securities and Exchange Commission and to defendant Direct Lending Investments LLC ("DLI" for convenience) through its Management Committee of the defendant and its counsel.

### GROUNDS FOR *EX PARTE* EMERGENCY RELIEF

The Receiver seeks relief on an *ex parte*, emergency basis because the Receiver needs to take immediate action in the Cayman Court as soon as practicable to initiate the liquidation process, and such action cannot be delayed for the approximate 30-day period that would be required if the motion were heard on a regularly noticed basis under Local Rules 6-1 and 7-1 *et seq.*   The preservation of assets requires the Receiver to initiate voluntary liquidation for DLIFF as soon as possible, for which the Receiver seeks Court authorization.   Commencing the voluntary liquidation as soon as possible will allow the Receiver to preserve potential avoidance claims for transfers totaling over $4 million that would be outside the applicable avoidance period under Cayman Islands law if the motion were heard on

regular notice or even shortened time.  *See* Decl. of Brad Sharp.  This authorization is sought notwithstanding the Receiver's role as equity receiver for DLI as sole voting shareholder of DLIFF and the Receiver's other powers and duties under the Receiver Order may provide such authority for the Receiver to initiate the liquidation process.

The need to commence the liquidation in the Cayman Islands with the Receiver as a voluntary and/or official liquidator is immediate because the sole remaining director of DLIFF has just resigned, leaving DLIFF without corporate leadership recognized in the Cayman Islands.   The DLIFF governing documents require DLIFF to have at least one director.   This might prompt unilateral creditor action, including the commencement of litigation against DLIFF, to the detriment of it stakeholders, and/or involuntary liquidation proceedings being initiated, under the control of other officeholders, with likely substantial additional cost and potential disruption to the orderly management and wind down of this receivership estate, including DLIF and DLIFF.   Further, the Receiver has already received detailed written inquiries from overseas investors regarding DLIFF, the impact of the receivership, and the status of the fund and its assets. The Receiver needs to be able to respond to the inquiries while placing DLIFF under Court protection under the control of the joint official liquidators.  Commencement of the voluntary liquidation and subsequent supervision by the Cayman Court will ensure that its assets and records are secured and protected from seizure or disposition, and that the company can be wound down in an orderly fashion with coordination with this case.  Similar to a bankruptcy petition in the United States, the filing of the official liquidation proceeding in the Cayman Court following the voluntary liquidation resolution and the Court's issuance of a supervision order will impose an automatic stay of all proceedings against DLIFF to protect DLIFF from potential litigation, unless and until prospective litigants obtain leave of the Cayman Court to commence proceedings against the entity.

EX PARTE APPLICATION

## LOCAL CIVIL RULE 7-19 AND COURT'S STANDING ORDER COMPLIANCE

This *ex parte* application is made pursuant to Local Civil Rule 7-19 and the Court's Standing Order.

Copies of this *ex parte* application have been served on the parties to this action and interested party/Receivership Entity DLIFF concurrently with the filing of these papers with the Court.  In addition, the Receiver through his counsel has made good faith efforts to provide telephonic notice of the filing of this *ex parte* application, and of the Court's Standing Order requirements regarding *ex parte* applications and oppositions to an *ex parte* application being filed within 24 hours (or one court day) after the party subject to the requested order has been served.  Telephonic notice with that information has been provided to the following:

| Party and Counsel, If Applicable | Address | Telephone Number and Email Address |
|---|---|---|
| Plaintiff, Securities and Exchange Commission Counsel: Amy Longo, Chief Trial Counsel | 444 S. Flower Street, Suite 900 Los Angeles, California 90071 | (323) 965-3998 longoa@sec.gov; deanl@sec.gov; nowlinc@sec.gov |
| Defendant, Direct Lending Investments LLC Counsel: Nicolas Morgan of Paul Hastings | Paul Hastings LLP 515 South Flower Street, 25th Floor Los Angeles, CA 90071 | (213) 683 6000 nicolasmorgan@paulhastings.com |
| Defendant, Direct Lending Investments LLC, Through Its Management Committee | 550 N. Brand Blvd., Suite 2000, Glendale, CA 91203 | (213) 234-1770 (emails omitted at recipients' request) |
| Receivership Entity, DLIFF, Through Management Committee of Its Manager, Defendant Direct Lending Investments LLC | 550 N. Brand Blvd., Suite 2000, Glendale, CA 91203 | (213) 234-1770 (emails omitted at recipients' request) |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This *ex parte* emergency application is made and based on this application, the memorandum of points and authorities, the declarations of Bradley D. Sharp, Christopher D. Johnson, Matthew Dors, and Christopher D. Sullivan in support thereof, on the proposed order lodged concurrently, on the pleadings, records and files of the Court in this case, and on any supplemental evidence and arguments of counsel as may hereafter be presented in support of the application.

WHEREFORE, the Receiver respectfully requests that the Court grant relief as requested in this application on an *ex parte* emergency basis for the reasons set forth.

DATED: May 13, 2019                    DIAMOND McCARTHY LLP

By:   /s/ *Kathy Bazoian Phelps*
         Kathy Bazoian Phelps
         Proposed Counsel for Bradley D. Sharp,
         Permanent Receiver

EX PARTE APPLICATION