# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DIRECT LENDING INVESTMENTS, LLC,<br><br>　　　　Defendant. | Case No. 2:19-cv-02188-DSF-MRW<br><br>**JUDGMENT AGAINST DEFENDANT DIRECT LENDING INVESTMENTS, LLC** |

The Securities and Exchange Commission having filed a Complaint and Defendant Direct Lending Investments, LLC having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS FURTHER ORDERED that Defendant DLI, and its officers, agents, servants, employees, attorneys, successors, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from:

A. employing any device, scheme or artifice to defraud any client or prospective client; and

B. engaging in any transaction, practice, or course of business which

|  |  |
|---|---|
| 1 | operates or would operate as a fraud or deceit upon any client or |
| 2 | prospective client; |
| 3 | in violation of Sections 206(1) and (2) of the Investment Advisers Act of 1940 |
| 4 | ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) & 80b-6(2). |
| 5 | IV. |
| 6 | IT IS FURTHER ORDERED that Defendant DLI, and its officers, agents, |
| 7 | servants, employees, attorneys, subsidiaries and affiliates, and those persons in active |
| 8 | concert or participation with any of them, who receive actual notice of this Order, by |
| 9 | personal service or otherwise, and each of them, be and hereby are permanently |
| 10 | restrained and enjoined from willfully making any untrue statement of a material fact |
| 11 | in any registration application or report filed with the SEC under 15 U.S.C. § 80b-3 |
| 12 | or 15 U.S.C. § 80b–4, or willfully omitting to state in any such application or report |
| 13 | any material fact which is required to be stated therein, in violation of Section 207 of |
| 14 | the Advisers Act, 15 U.S.C. § 80b-7. |
| 15 | V. |
| 16 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that |
| 17 | Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, |
| 18 | and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § |
| 19 | 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section |
| 20 | 209(e)(1) of the Advisers Act [15 U.S.C. § 80b-9(e)(1)].  The Court shall determine |
| 21 | the amounts of the disgorgement and civil penalty upon motion of the Commission. |
| 22 | Prejudgment interest shall be calculated from January 1, 2014, based on the rate of |
| 23 | interest used by the Internal Revenue Service for the underpayment of federal income |
| 24 | tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's |
| 25 | motion for disgorgement and/or civil penalties, and at any hearing held on such a |
| 26 | motion: (a) Defendant will be precluded from arguing that it did not violate the |
| 27 | federal securities laws as alleged in the Complaint; (b) Defendant may not challenge |
| 28 | the validity of the Consent or this Final Judgment; (c) solely for the purposes of such |

motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that all other Orders of this Court previously issued, including without limitation and only by way of example. the Preliminary Injunction Order and Order Appointing Permanent Receiver ("Receiver Order") and subsequent orders relating to or arising out of the administration and supervision of the receivership imposed by the Receiver Order, shall remain in full force and effect except to the extent any provision of the Receiver Order or subsequent orders expressly contradicts the provisions of this Judgment.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IT IS SO ORDERED.
Date: June 18, 2019

_____
Dale S. Fischer
United States District Judge

4