KATHY BAZOIAN PHELPS (155564)
kphelps@diamondmccarthy.com
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone: (310) 651-2997

CHRISTOPHER D. SULLIVAN (148083)
csullivan@diamondmccarthy.com
LESLEY ANNE HAWES (117101)
lhawes@diamondmccarthy.com
DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200

*Counsel for Bradley D. Sharp, Permanent Receiver*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT LENDING INVESTMENTS LLC,<br><br>Defendant. | Case No. 2:19-cv-02188-DSF-MRW<br>Hon. Dale S. Fischer<br><br>**NOTICE OF HEARING ON MOTION OF RECEIVER FOR ORDER (1) APPROVING STIPULATION WITH TRUSTEE OF VOIP GUARDIAN PARTNERS I, LLC CONCERNING ALLOWANCE OF SECURED CLAIM AND PAYMENT OF ADMINISTRATIVE EXPENSES AND OTHER CLAIMS FROM COLLATERAL; AND (2) APPROVING FORM AND/OR LIMITATION OF NOTICE UNDER LOCAL CIVIL RULE 66-7** |

1

NOTICE OF HEARING ON MOTION OF RECEIVER FOR ORDER APPROVING STIPULATION WITH TRUSTEE OF VOIP

Date: September 16, 2019
Time: 1:30 PM
Dept.: Courtroom 7D
Place: United States District Court
Western Division
350 West 1st Street,
Los Angeles, CA 90012

PLEASE TAKE NOTICE THAT on September 16, 2019, at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 92701-4516, a hearing will be conducted on the Motion for Order: (1) Approving Stipulation with VoIP Guardian Partners I, LLC Concerning Allowance of Secured Claim and Payment of Administrative Expenses and Other Claims from Collateral; and (2) Approving Form and/or Limitation of Notice under Local Civil Rule 66-7 (the "Motion") filed by Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver").

By this Motion, the Receiver seeks an order authorizing the Receiver to enter into the Stipulation Between Chapter 7 Trustee and Receiver for the Estate of Direct Lending Income Fund LP for Allowance of Claim and Payment of the Estate's Administrative Fees and Expenses and Unsecured Claims from Secured Collateral ("VoIP Stipulation"), a true and correct copy of which is attached as Exhibit "1" to the Declaration of Bradley D. Sharp filed in support of the Motion. In summary, the VoIP Stipulation provides for (1) allowance of the secured claim of Direct Lending Income Fund LP ("DLIF") in the amount of $203,459,871.69 ("DLIF Secured Claim"); (2) that the Receiver and the VoIP Chapter 7 Trustee have a common interest in Chapter 7 Trustee pursuing claims for recovery of the "Wholesale Telecom Accounts Receivable" ("telecom receivables") which comprise the primary assets of the VoIP estate and the collateral securing the DLIF Secured Claim; and (3) to induce the Trustee to pursue collection, recovery and

enforcement of the telecom receivables, the Receiver has agreed, subject to Court approval of the VoIP Stipulation, to "carve out" from the DLIF collateral proceeds amounts necessary to pay the administrative expenses of the Chapter 7 VoIP estate and 30% of the amount of the allowed claims of general unsecured creditors of the VoIP bankruptcy estate. Under the VoIP Stipulation, the Receiver reserves the right to review and oppose requests for allowance and/or payment of the fees and costs of the Chapter 7 estate professionals and to review and object to the allowance of proofs of claim filed in the Chapter 7 VoIP bankruptcy.

The Receiver seeks approval of the VoIP Stipulation as a fair, reasonable, and equitable resolution of potentially competing and overlapping efforts to recover on the telecom receivables comprising the primary assets of the VoIP estate and the primary assets securing the DLIF Secured Claim. The Stipulation resolves any dispute over the allowance of the claim in the VoIP estate, and provides an efficient and cost-effective means of marshalling and recovering value from the telecom receivables through the Chapter 7 Trustee's collection efforts, as the representative of the company that generated the receivables who has the available records and is in the best position to recover the amounts owed to VoIP.

The Receiver also moves the Court for an order authorizing the form of notice on this Motion provided to interested parties, creditors, and investors, who are potential creditors of the estate, by the Receiver (a) serving the Motion and related moving papers on all parties to the action and on the Chapter 7 Trustee of VoIP; (b) serving by mail a notice of hearing on the Motion to all known creditors pursuant to Local Civil Rule 66-7; (c) posting a copy of the Motion on the Receiver's website for the case at https://cases.stretto.com/dli; and (d) causing Bankruptcy Management Solutions dba Stretto ("Stretto") to provide by email a copy of the notice of hearing on the Motion to all known investors through email service to investors pursuant to the applicable governing documents for Direct

Lending Income Fund, L.P. ("Domestic Feeder Fund") and Direct Lending Income Feeder Fund, Ltd. ("Off Shore Feeder Fund").

The Motion is made following the Receiver's communications with counsel for the Securities and Exchange Commission under Local Rule 7-3, and the Receiver is advised that the SEC generally does not oppose the Motion. A judgment of liability has been entered against the sole defendant Direct Lending Investments, LLC, which is under the supervision and control of the Receiver, making a conference with that entity unnecessary. There are numerous interested parties served with the Motion, making a pre-filing conference with the other interested parties impracticable.

This Motion is based upon this Notice of Hearing, the Motion, Memorandum of Points and Authorities, Declaration of Bradley D. Sharp filed concurrently with this notice of hearing, and upon such further oral argument, testimony and evidence as may be received at the hearing on this matter.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-9, any party who opposes the Motion must, not later than 21 days before the date of the hearing on the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion.

DATED: August 16, 2019     DIAMOND McCARTHY LLP

By:  /s/ *Christopher D. Sullivan*
Christopher D. Sullivan
Counsel for Bradley D. Sharp,
Permanent Receiver