KATHY BAZOIAN PHELPS (155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone: (310) 651-2997

CHRISTOPHER D. SULLIVAN (148083)
*csullivan@diamondmccarthy.com*
LESLEY ANNE HAWES (117101)
*lhawes@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200

*Counsel for Bradley D. Sharp,*
*Permanent Receiver*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – LOS ANGELES**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DIRECT LENDING INVESTMENTS LLC,

Defendant.

Case No. 2:19–cv–02188–DSF–MRW
Hon. Dale S. Fischer

**NOTICE OF HEARING ON MOTION FOR INSTRUCTIONS REGARDING ATTORNEY-CLIENT PRIVILEGE AND RECEIVER'S ACCESS TO FILES CLAIMED TO BE PRIVILEGED; AND APPROVING FORM AND/OR LIMITATION OF NOTICE UNDER LOCAL CIVIL RULE 66-7**

Date: September 16, 2019
Time: 1:30 PM
Dept.: Courtroom 7D
Place: United States District Court
Western Division

350 West 1st Street,
Los Angeles, CA 90012

PLEASE TAKE NOTICE THAT on September 16, 2019, at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 92701-4516, a hearing will be conducted on the Motion for Instructions Regarding Attorney Client Privilege and Receiver's Access to Files Claimed to Be Privileged; and Approving Form and/or Limitation of Notice Under Local Civil Rule 66-7 (the "Motion") filed by Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver").  By this Motion, the Receiver seeks the following relief:

1. An order confirming that the Receiver holds and has the power to assert or waive all the attorney-client privilege rights of Direct Lending Investments, LLC, Direct Lending Income Fund, L.P., Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, and DLI Assets Bravo, LLC, and their successors, subsidiaries, and affiliated entities.[1]

2. An order confirming that the Receiver is authorized to obtain copies of all client files and documents in the possession of any law firm that represented one or more of the Receivership Entities as set forth in any engagement letter in possession of any one or more of the Receivership Entities or as otherwise evidenced by the files of the Receivership Entities, including without limitation files for matters in which any of the Receivership Entities was a joint client with Brendan Ross.

3. An order confirming that Brendan Ross was not a client of, and holds no attorney-client privilege in his individual capacity with regard to, any communications with a law firm that represented one or more of the Receivership

---

[1] The above listed entities shall be referred to collectively as the "Receivership Entity" or "Receivership Entities."

Entities and in which he is not personally identified as a client of such law firm in its engagement agreement.

4. An order confirming that the Receiver is authorized to review any client files or attorney-client communications made for any matter in which a Receivership Entity and Brendan Ross were jointly represented by a single law firm on the same matter as set forth in the engagement agreement of the law firm.

5. An order confirming that except as otherwise provided under applicable law, including without limitation California Evidence Code § 962 and applicable federal law, the Receiver shall not disclose attorney-client communications or attorney work product to any third party outside the scope of the joint representation with respect to matters in which one or more of the Receivership Entities was jointly represented by counsel together with Brendan Ross, unless Brendan Ross consents to the disclosure.

6. An order confirming that Brendan Ross waived any attorney-client privilege, or work product privilege, over any communication or document stored on Mr. Ross's mobile device or personal email account that Mr. Ross provided to counsel for DLI.

7. An order confirming that Ross and any other person or entity not a Receivership Entity waived any right of attorney-client privilege, or work product privilege, over any communication or document that he/it sent through a DLI email account or stored on a computer system or electronic storage device owned, managed, in the possession of, or under the control of any of the Receivership Entities.

8. An order approving the form of notice on the Motion provided to interested parties, creditors, and investors, who are potential creditors of the estate, by the Receiver (a) serving the Motion and related moving papers on all parties to the action and on the known law firms whose files are the subject of the Motion; (b) serving by mail a notice of hearing on the Motion to all known creditors pursuant to

Local Civil Rule 66-7; (c) posting a copy of the Motion on the Receiver's website for the case at https://cases.stretto.com/dli; and (d) causing Bankruptcy Management Solutions dba Stretto to provide by email a copy of the notice of hearing on the Motion to all known investors through its email service regularly used to provide notices and documents to investors pursuant to the applicable governing documents for Direct Lending Income Fund, L.P. ("Domestic Feeder Fund") and Direct Lending Income Feeder Fund, Ltd. ("Off Shore Feeder Fund"), as sufficient notice and opportunity for hearing on the Motion under the circumstances.

The Motion is made following the Receiver's communications with counsel for the Securities and Exchange Commission under Local Rule 7-3, and the Receiver is advised that the SEC generally does not oppose the Motion. Defendant DLI, the only other party to the action has consented to entry of a bifurcated judgment as to liability but not damages, and given the Receiver's appointment over the defendant, defendant DLI has no practical interest in the relief sought distinct from the Receiver. There are numerous interested parties served with the Motion, making a pre-filing conference with the other interested parties impracticable.

The Motion is based upon this Notice of Hearing on the Motion, on the Motion, Memorandum of Points and Authorities, Declaration of Bradley D. Sharp and Declaration of Chris Sullivan filed concurrently with this notice, and upon such further oral argument, testimony and evidence as may be received at the hearing on this matter.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-9, any party who opposes the Motion must, not later than 21 days before the date of the hearing on the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party

will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

DATED: August 16, 2019          DIAMOND McCARTHY LLP

By: /s/*Christopher D. Sullivan*
   Christopher D. Sullivan
   Attorneys for Bradley D. Sharp, Permanent Receiver