KATHY BAZOIAN PHELPS (155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone: (310) 651-2997

CHRISTOPHER D. SULLIVAN (148083)
*csullivan@diamondmccarthy.com*
LESLEY ANNE HAWES (117101)
*lhawes@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200

*Counsel for Bradley D. Sharp,*
*Permanent Receiver*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – LOS ANGELES**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DIRECT LENDING INVESTMENTS LLC,

Defendant.

Case No. 2:19−cv−02188−DSF−MRW
Hon. Dale S. Fischer

**APPLICATION FOR LEAVE TO FILE UNDER SEAL MOTION OF RECEIVER FOR ORDER APPROVING CONFIDENTIAL SETTLEMENT WITH INVESTMENT M PARTIES AND FOR RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES**

**[DECLARATION OF CHRISTOPHER D. SULLIVAN FILED CONCURRENTLY]**
**[No Hearing Set on Application]**

## I. INTRODUCTION AND APPLICATION TO SEAL

Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver") for the estate of defendant Direct Lending Investments LLC ("DLI"), and Direct Lending Income Fund, L.P., Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, and DLI Assets Bravo, LLC and their successors, subsidiaries and affiliated entities (collectively, the "Receivership Entities) pursuant to the Preliminary Injunction Order and Order Appointing Permanent Receiver issued April 1, 2019 ("Receiver Order"), Doc. No. 10, hereby makes this Application for Leave to File Under Seal pursuant to Local Civil Rule 79-5.2.2(a), by which the Receiver seeks an order of the Court granting leave for the Receiver to file under seal (a) the Motion of Receiver for Order: (1) Approving Confidential Settlement with Investment M Parties, Releases and Discounted Satisfaction of Debt; (2) Authorizing Payment of Fees to Raymond James & Associates, Inc.; and (3) Approving Form and Limitation of Notice Under Local Civil Rule 66-7 and Proposed Sealing Application (the "Motion"); (b) the Memorandum of Points and Authorities in Support of the Motion; (c) the Declaration of Bradley D. Sharp in Support of the Motion; (d) the [Proposed] Order Granting the Motion; and (collectively the "Investment M Settlement Motion"), which are submitted concurrently with the Declaration of Christopher D. Sullivan in support of this Sealing Application. The Receiver also requests leave to file under seal the Supplemental Declaration of Bradley D. Sharp in support of the Investment M Settlement Motion which the Receiver expects to file with the Court with Final Settlement Documents and Final Refinancing Documents on December 20, 2019 (the Investment M Supplemental Filing"). Good cause for the relief sought by this Application is set forth in the supporting points and authorities and in the Declaration of Christopher D. Sullivan filed in support of this Application pursuant to Local Civil Rule 79-5.2.2(a).

## II. LEGAL STANDARD

Courts recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). There is a strong presumption in civil cases that the public has the right to inspect and copy judicial records; however, that right "is not absolute." *Nixon v. Warner Communications, Inc.*, 435 U.S. at 597. However, the Supreme Court made clear that "the right to inspect and copy judicial records is not absolute[,]" and that all courts have the supervisory power to shield the public's access to judicial records. *Id.; San Jose Mercury News*, 187 F.3d at 1102.

> [C]ourts should consider all relevant factors, including:
>
> > the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.... After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.
>
> *Hagestad*, 49 F.3d at 1434 (internal citations and quotations omitted). . . . If the district court conscientiously balances the competing interests and articulates compelling reasons supported by specific factual findings, its decision will be reviewed only for an abuse of discretion. *San Jose Mercury News*, 187 F.3d at 1102–03 (reviewing for clear error a district court decision "based on a failure to recognize the existence of a pre-judgment federal common law right of access to civil court documents").

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Prior Ninth Circuit decisions addressed sealing materials filed in connection with dispositive motions, finding that to seal judicial records filed in connection with a dispositive motion, a party must overcome the strong presumption of public access by meeting the "compelling reasons" standard. *Id.; Kamakan v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Examples of such "compelling reasons" include "when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38, 196 L. Ed. 2d 26 (2016) (quoting *Nixon*, 435 U.S. at 598-99).

Other decisions involving non-dispositive motions, such as discovery motions, applied a "good cause" standard to seal material supporting such motions. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213–14 (9th Cir.2002).

The Court in *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, addressed prior decisions of the Court and concluded that the "dispositive" versus non-dispositive dichotomy was proper in the context of the facts of the decisions but not truly the determinative factor as to whether a "good cause" or "compelling reasons" standard applied in determining whether to seal judicial records. Instead, relying on its analysis of prior precedent, including the *Phillips*, *Foltz*, and *Kamakana* decisions, the Court concluded that "public access will turn on whether the motion is more than tangentially related to the case." *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d at 1099.

//

//

//

## III. ARGUMENT

### B. Sealing Protects Compelling Privacy and Other Interests of the Receivership Estate and the Privacy Interests of the Investment M Non-Parties

The Receiver has maintained the confidentiality of the identity of the counterparties who comprise its investment portfolio, with the limited exceptions of two counterparties that were the subject of the SEC complaint that led to the appointment of the Receiver and counterparties whose positions have been, or are in the process of, being liquidated. *See*, e.g., Second Status Report of Receiver, Dkt. No. 83, Exhibit 2 ("Receiver's Second Report"). The confidentiality of the names of the counterparties is necessary to avoid the huge risk that public disclosure of DLI as the funding source for these counterparties will jeopardize or destroy the counterparties' on-going business activities and severely diminish the ability of the Receiver to recover value from liquidating or managing the portfolio positions. The Receiver's practice is consistent with the practice of DLI pre-receivership where only investors that entered into non-disclosure agreements were provided the names of the counterparties that DLI was investing in or loaning money to fund. The investors that signed non-disclosure agreements can identify those investment counterparties by comparing them to the characteristics of the investments listed on Exhibit 2 to the Receiver's Second Report.

One of the investments identified in Exhibit 2 of the Receiver's Report is Investment M, which is a $62 million asset-based facility that is a form of litigation financing. The disclosure of the identity of the Investment M borrower and its related parties ("Investment M Parties") would present an even greater risk of harm to both DLI's investment and the Investment M Parties because if the litigation targets of the Investment M Parties knew that the Investment M Parties funding source may be uncertain, the targets may resist settlement opportunities and attempt to delay litigation, among other tactics.

The Confidential Investment M Settlement, Releases and Refinancing that is the subject of this Motion is intended to provide the estate a recovery on its debt that would otherwise have questionable collectability in part through a Refinancing obtained by the Investment M Parties that is in process and expected to close by January 10, 2020 under the New Lender's deadline. Further, the Settlement, Releases and Refinancing contemplate the possibility of future payments to the estate that could be jeopardized through disclosure of the potential investments, the need to obtain new financing for its business and the timing of the expected events, and challenges with continuing Investment M's litigation of its litigation claims. Ultimately, the ability to repay obligations owed to the receivership estate under a Credit Agreement with the Receivership Entities DLI Assets Bravo, LLC as lender, and DLI Lending Agent, LLC, as administrative and collateral agent could be threatened by disclosure.

While important, it is not a "dispositive" motion or integrally related to the merits of the underlying action, and "good cause" is arguably the applicable standard for sealing the Investment M Settlement Motion and the Investment M Supplemental Filing under the foregoing authorities. Nevertheless, even if the Investment M Settlement Motion were considered "more than tangentially related" to the receivership proceeding or the case as a whole, there are substantial, compelling reasons warranting filing the Investment M Settlement Motion under seal in this case.

The pleadings accompanying this Application reveal confidential information regarding the counterparties' business, its finances, and the timing and direction of future financial transactions of non-parties and Investment M, its subsidiaries, and their related entities.

The timing and terms and conditions regarding funds available to Investment M and their related parties, the details of the Settlement and Releases, and the status and details of the Refinancing revealed in the Investment M Settlement Motion and

the Investment M Supplemental Filing could provide significant competitive advantage to (a) business competitors of Investment M and their related parties that could provide them with market advantages in their businesses, (b) opposing parties and others involved in the complex litigation proceedings, actions that are a critical part of the value of the claims at issue in Investment M's business and the value of the receivership estate's collateral under the Credit Agreement, and (c) investors, buyers and others in the market for assets of the type comprising the estate's collateral. Disclosure could adversely affect the Receiver's ability to recover on this credit if the Settlement is not approved and the Receiver has to try to enforce its rights under the Credit Agreement. Because the material is extremely sensitive for Investment M, and as a result for the Receiver and the receivership estate, public disclosure could not only injure the counterparties but also the Receivership Entity and receivership estate by impairing the estate's interest in Investment M, its business and its assets which are the source of recovery for the estate. Any competitive, market, negotiation or litigation advantage obtained by parties with whom Investment M is dealing through disclosure of the details of the Investment M Settlement Motion would not only injure Investment M but would in turn adversely affect the receivership estate and its ability to recover under the Credit Agreement.

Courts regularly seal the sensitive business and financial records of litigants in an action. *See, e.g., Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 822 n.1 (9th Cir. 2011) (upholding the district court's sealing of "confidential business strategies and other commercially sensitive information"); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-CV-05501-SI, 2015 WL 1885626, at *1 (N.D. Cal. Apr. 24, 2015) (sealing commercially sensitive information including internal finances and pricing); *Barnes v. Hershey Co.*, No. 3:12-CV-01334-CRB, 2015 WL 1814293, at *2 (N.D. Cal. Apr. 21, 2015) (sealing "account assignments and divisions, financial information regarding specific clients, and ... organization structure"); *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-CV-01491-

JCM, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011) (sealing "a company's business model or agreements with clients").

Here, the Receiver is the Court's agent and court-appointed fiduciary tasked with preserving and protecting the assets of the estate for the benefit of creditors and investors. The Investment M Settlement Motion reveals information regarding the Investment M and related entities' business activities, timing information, available funding resources, and other information that could be used to the detriment of Investment M. Detriment to the business of Investment M under the circumstances would in turn hurt the receivership estate and its ability to maximize the realization on the credit facility to repay creditors and investors, warranting filing the Investment M Settlement Motion and the Investment M Supplemental Filing under seal.

**B. Public Dissemination of This Confidential Information Could Cause Irreparable Harm**

This Application seeks an order to file under seal the Investment M Settlement Motion as confidential, sensitive business information is detailed throughout the pleadings and integral to the relief sought. The confidential information set forth in the Investment M Settlement Motion and which will be included in the Investment M Supplemental Filing, and the reasons for filing the Investment M Settlement Motion and Supplemental Filing under seal, are set forth in the Declaration of Christopher D. Sullivan filed under seal in support of this Application for Leave to File Under Seal. The Receiver intends to serve a copy of the Investment M Settlement Motion and this Application for Leave to File Under Seal on plaintiff Securities and Exchange Commission as well as counsel for the Cayman Islands Joint Official Liquidators and the Co-Joint Official Liquidator Chris Johnson, which will provide them an opportunity to assess the Motion and Application, and provide their views to the Court. The Receiver through counsel has consulted with them and they do not oppose the filing of the Investment M Settlement Motion under seal, nor did any

interested party contest the filing of the prior related Ex Parte Application and other pleadings filed in October 2019 under seal related to Investment M.

The sensitive details of the timing, terms and conditions of funding, and other information contained in the Investment M Settlement Motion should remain private to avoid undermining the estate's efforts to recover a return on this credit facility for the receivership for creditors and investors for the reasons set forth, and explained in more detail in the Sullivan Declaration in support of this Application.

Moreover, "disclosure of confidential information is the quintessential type of irreparable harm that cannot be compensated or undone by money damages." *Hirschfeld v. Stone*, 193 F.R.D. 175, 187 (S.D.N.Y. 2000). Private companies choose to remain private, in part, to retain a competitive advantage over others within their industry. This is true particularly true for both the Investment M counterparties and the receivership estate under the circumstances, since public disclosure of the details of the Investment M Settlement Motion and Investment M Supplemental Filing would provide significant competitive advantage to third parties against the Investment M counterparties and in turn, against the Receiver and the receivership estate in the effort to maximize the value of this credit facility for the receivership. As such, disclosure of the Investment M Settlement Motion impairs the parties' ability to negotiate with the Investment M financer, opposing parties in litigation proceedings, and others to the significant detriment of the estate. These are textbook "compelling reasons" to allow the Investment M Settlement Motion to be filed under seal. *See, e.g.*, *Nixon*, 435 U.S. at 598 (courts are authorized to protect "information that might harm a litigant's competitive standing"); *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (applying Ninth Circuit law and stating that if "documents will cause competitive harm to a business" that supports keeping them under seal).

///

**C. The Private Interest in Sealing the Investment M Settlement Motion Far Outweighs the Public Policy in Favor of Public Access**

The financial and competitive harm that is likely to result from the public filing of the Investment M Settlement Motion far outweighs any public interest in access to the document. The general public policy which favors disclosure of judicial filings does not apply to the Investment M Settlement Motion and Investment M Supplemental Filing. The principle of access is grounded in ensuring the "public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Here, sealing the Investment M Settlement Motion does not thwart or impair that purpose, and if the relief addressed in the Investment M Settlement Motion and the Investment M Supplemental Filing is approved and implemented, the public will obtain information regarding the results of the activities contemplated and the grounds for the relief sought in due course based on subsequent financial and other results and activities, and without providing information to Investment M's competitors, other financers, opposing parties in litigation, vendors and others that could be used against it. The Receiver will serve the Investment M Settlement Motion and Investment M Supplemental Filing on counsel for the plaintiff Securities and Exchange Commission and the Cayman Islands Joint Liquidators. The Investment M Settlement Motion is so highly confidential that if this Application for Leave to File Under Seal is not granted, then the Receiver has agreed with the Investment M parties he would not file the Investment M Settlement Motion with the Court as presented with this Application.

//

//

//

//

//

## III. CONCLUSION

For the foregoing reasons and based on the supporting Declaration of Christopher D. Sullivan, the Receiver respectfully requests the Court grant its application to seal the Investment M Settlement Motion and the Investment M Supplemental Filing.

DATED: December 9, 2019

DIAMOND McCARTHY LLP

By: /s/ *Christopher D. Sullivan*
Christopher D. Sullivan
Counsel for Bradley D. Sharp,
Permanent Receiver