KATHY BAZOIAN PHELPS (155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone: (310) 651-2997 / Fax (424) 278-2339

CHRISTOPHER D. SULLIVAN (148083)
*csullivan@diamondmccarthy.com*
STACEY L. PRATT (124892)
stacey.pratt@diamondmccarthy.com
DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Telephone: (415) 692-5200 / Fax (415) 263-9200

*Counsel for Bradley D. Sharp, Permanent Receiver*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>DIRECT LENDING INVESTMENTS LLC,<br><br>Defendant. | Case No. 2:19−cv−02188−DSF−MRW<br><br>**NOTICE OF MOTION AND MOTION OF RECEIVER FOR ENTRY OF ORDER:**<br>**(1) ESTABLISHING BAR DATE FOR U.S. RECEIVERSHIP ENTITIES;**<br>**(2) APPROVING FORM AND MANNER OF NOTICE; AND**<br>**(3) APPROVING PROOF OF CLAIM (INTEREST) FORM AND SUMMARY PROCEDURES; AND**<br>**(4) APPROVING FORM AND/OR LIMITATION OF NOTICE UNDER LOCAL CIVIL RULE 66-7**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Supporting Declaration of Bradley D. Sharp filed concurrently* |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date:      March 23, 2020
Time:      1:30 PM
Dept.:     Courtroom 7D
Place:     United States District Court
           350 West 1st Street
           Los Angeles, CA 90012

DIAMOND McCARTHY LLP

NOTICE OF MOTION AND MOTION TO
ESTABLISH CLAIMS PROCEDURES

PLEASE TAKE NOTICE THAT on March 23, 2020, at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 92701-4516, Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver"), will and hereby does make this Motion for Order (i) Establishing Bar Date for U.S. Receivership Entities; (ii) Approving Form and Manner of Notice; (iii) Approving the Proof of Claim (Interest) Form and Summary Claims (Interests) Procedure (the "Motion"); and (iv) Approving Form and Notice and/or Limitation of Notice Under Local Civil Rule 66-7.

The Receiver brings this Motion to address issues generally relating to the establishment of a bar date for the assertion of claims and interests (the "Bar Date") for investors and creditors of defendant Direct Lending Investments LLC ("DLI"), Direct Lending Income Fund, L.P., DLI Capital, Inc., DLI Lending Agent, LLC, and DLI Assets Bravo, LLC and their successors, subsidiaries and affiliated entities (the "U.S. Receivership Entities"). The proposed Bar Date will apply to investors and creditors of the U.S. Receivership Entities and administrative claimants of the Receivership Estate as set forth in the Motion.

This Motion and the proposed Bar Date does NOT, however, apply to investors and creditors of Direct Lending Income Feeder Fund, L.P. (DLIFF").[1] Creditors and shareholders of DLIFF are required to pursue their claims and interests directly in the official liquidation proceeding before the Grand Court of the Cayman Islands pursuant to the laws of the Cayman Islands and any notices provided by DLIFF's Joint Official Liquidators. Additionally, the proposed procedures do not apply to any intercompany claims and interests among the Receivership Entities, or the claims of professionals employed by the estate. The Receiver will address any such claims in his distribution plan to be filed following the expiration of the Bar Date.

---

[1] DLIFF is in a liquidation proceeding before the Grand Court of the Cayman Islands and the Joint Official Liquidators will run an adjudication process in that proceeding according to Cayman Islands law.

-1-

The Motion seeks approval of the form and manner of notice to creditors and equity interest holders (primarily investors) regarding the bar date and the proof of claim (interest) form. The Receiver believes it is in the best interest of the Receivership Estate to establish a bar date by which all claimants and interest holders must assert any claims or interests they have against the U.S. Receivership Entities to allow the Receiver to evaluate and process those claims and interests for the purpose of recommending an eventual distribution plan to the Court. A subsequent motion will be filed by the Receiver after the Bar Date has passed to determine the respective priorities among investors and the respective priorities as between investors and creditors.

Accordingly, the Receiver requests entry of an order: (i) establishing a deadline by which all creditors, investors and administrative creditors must file proofs of claims against or interests in the U.S. Receivership Entities; (ii) approving the form and manner of notice thereof; and (iii) approving the proof of claim (interest) form and summary claim and interest resolution procedures.

The Receiver also moves the Court for an order approving the form of notice on the Motion provided to interested parties, creditors, and investors, who are potential creditors of the estate, by the Receiver (a) serving the Motion and related moving papers on all parties to the action; (b) serving by mail a notice of hearing on the Motion to all known creditors pursuant to Local Civil Rule 66-7; (c) posting a copy of the Motion on the Receiver's website for the case at https://cases.stretto.com/dli; and (d) causing Bankruptcy Management Solutions dba Stretto to provide by email a copy of the notice of hearing on the Motion to all known investors through its email service regularly used to provide notices and documents to investors pursuant to the applicable governing documents for DLIF and DLIFF, as sufficient notice and opportunity for hearing on the Motion under the circumstances.

This Motion is made following the Receiver's contact with counsel for the

Securities and Exchange Commission, and with defendant Direct Lending Investments LLC in accordance with Local Rule 7-3. The Receiver understands that the SEC generally does not oppose the Motion, and he has not been advised of any opposition to the Motion by Direct Lending Investments LLC.

This Motion is based upon this Notice, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Bradley D. Sharp, and upon such further oral argument, testimony and evidence as may be received at the hearing on this matter.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Rule 7-9, any party who opposes the Motion must, not later than 21 days before the date of the hearing on the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

DATED: February 21, 2020       DIAMOND MCCARTHY LLP

By:  /s/ *Kathy Bazoian Phelps*
     Kathy Bazoian Phelps
     Counsel for Bradley D. Sharp,
     Permanent Receiver

DIAMOND MCCARTHY LLP

# TABLE OF CONTENTS

**Page**

I.    SUMMARY OF RELIEF REQUESTED ....................................................... 1

II.    STATEMENT OF FACTS ......................................................................... 2

    A.    Procedural History ........................................................................ 2

    B.    The Cayman Islands Process ......................................................... 3

III.    CLAIMS (INTERESTS) PROCESS FOR THE U.S. RECEIVERSHIP ENTITIES ................................................................. 4

IV.    ENTRY OF AN ORDER ESTABLISHING A BAR DATE AND SUMMARY CLAIMS (INTERESTS) PROCEDURE IS WARRANTED ........................................................................................ 7

    A.    Proposed Summary Claims Procedure ......................................... 9

    B.    The Summary Claims Procedure Outlined Above is Supported by Federal Receivership Law ......................................... 16

        1.    Authority to Compromise Claims is Appropriate .................. 17

        2.    Relief Limited to U.S. Receivership Entities Only is Appropriate .......................................................................... 18

V.    NOTICE OF THE HEARING ON THIS MOTION SHOULD BE DEEMED APPROPRIATE AND SUFFICIENT ...................................... 19

VI.    CONCLUSION ......................................................................................... 20

# TABLE OF AUTHORITIES

<u>**Page**</u>

**Cases**

*F.T.C. v. Crittenden*,
   823 F. Supp. 699 (C.D. Calif. 1993) ....................................................................... 17

*S.E.C. v. Alanar, Inc.*,
   No. 1:05-cv-01102-DFH-TAB, 2009 WL 1664443, at *3-4
   (S.D. Ind. June 12, 2009) ........................................................................................... 8

*S.E.C. v. Billion Coupons, Inc.*,
   Nos. 09-00068JMS-LEK, 09-00069JMS-LEK, 2009 WL 2143534, at *4
   (D. Haw. July 13, 2009) ............................................................................................. 8

*S.E.C. v. Hardy*,
   803 F.2d 1034 (9th Cir. 1986) ............................................................................ 8, 16

*S.E.C. v. Pension Fund of Am. L.C.*,
   377 F. App'x 957 (11th Cir. 2010) .......................................................................... 17

*United States v. Ariz. Fuels Corp.*,
   739 F.2d 455 (9th Cir. 1984) .................................................................................... 17

**Statutes**

11 U.S.C. § 502(a) ........................................................................................................ 17

**Statutes and Rules**

FED. R. BANKR. P. 9014 .............................................................................................. 17

L.R. 66-8 ........................................................................................................................ 17

Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver"), hereby files his Motion for Order (i) Establishing Bar Date; (ii) Approving Form and Manner of Notice; and (iii) Approving the Proof of Claim/Interest Form and Summary Claims/Interests Procedure (the "Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF RELIEF REQUESTED

The Receiver brings this Motion to address issues generally relating to the establishment of (i) a bar date for investors and creditors of defendant Direct Lending Investments LLC ("DLI"), Direct Lending Income Fund, L.P., DLI Capital, Inc., DLI Lending Agent, LLC, and DLI Assets Bravo, LLC and their successors, subsidiaries and affiliated entities (the "U.S. Receivership Entities," such investors and creditors, the "Claimants")[2] to assert an interest, claim, a potential or claimed right to payment, or a potential claim of any nature ("Claims") and the form and manner of notice to creditors and investors regarding the bar date; and (ii) summary Claims procedures regarding same as set forth in more detail herein. The Receiver believes it is in the best interest of the Receivership Estate to establish a bar date by which all Claimants must assert any Claims they have in or against the U.S Receivership Entities to allow the Receiver to evaluate and process those Claims for the purpose of recommending an eventual distribution plan to the Court.

Accordingly, the Receiver requests entry of an order: (i) establishing a deadline by which all investors, creditors, and administrative claimants must file Claims against the U.S. Receivership Entities and Receivership Estate; (ii) approving the form and manner of notice thereof; (iii) approving the proof of Claim form and summary Claims procedures; and approving form and/or limitation of notice under

---

[2] Direct Lending Income Feeder Fund, Ltd., the Cayman Island investment feeder fund, has not been included in this Motion due to the pending parallel liquidation proceeding in the Grand Court of the Cayman Islands. Creditors and shareholders of this entity will assert their claims and interests in that Cayman Islands proceeding pursuant to the laws of the Cayman Islands and any notices provided by the Cayman Island Joint Official Liquidators.

Local Civil Rule 66-7.  The Bar Date for administrative claimants will not apply to professionals employed by the estate or to any administrative claims incurred following the filing of this Motion.

## II.   STATEMENT OF FACTS

### A.   Procedural History

1.   On April 1, 2019, this Court entered Preliminary Injunction Order and Order Appointing Permanent Receiver ("Receiver Order"), Doc. No. 10, appointing Bradley D. Sharp ("Receiver") as permanent receiver for the estate of defendant Direct Lending Investments LLC ("DLI"), and Direct Lending Income Fund, L.P. ("DLIF"), Direct Lending Income Feeder Fund, Ltd. ("DLIFF"), DLI Capital, Inc., DLI Lending Agent, LLC, and DLI Assets Bravo, LLC and their successors, subsidiaries and affiliated entities (the "Receivership Entities").

2.   The Receiver has been granted the full powers of an equity receiver over all funds, property and assets belonging to, being managed by or in the possession of or control of the Receivership Entities.  (Receiver Order, Section VI).  In addition, among other things, the Receiver Order provides that the Receiver has been granted specific powers to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his duties as permanent receiver. (Receiver Order Section VI.F).

3.   Some of the entities comprising the Receivership Entities were operating businesses. Their assets consist of portfolios of loans and investments made by certain Receivership Entities to third parties, with loans and investments ranging in size from $1 to $2 million to approximately $200 million. DLI obtained investors for its loan portfolios through two "feeder" funds, one Delaware limited partnership soliciting investment from United States investors (DLIF) and one Cayman Islands exempted company soliciting funds from outside the United States (DLIFF).

4.   The Receiver is advised that there are both investors and creditors of the

U.S. Receivership Entities, and he seeks to establish a Claims procedure to allow for the filing of Claims with respect to the U.S. Receivership Entities. The Receiver also intends for the Bar Date to apply to administrative claimants, but it will not apply to professionals employed by the estate or to any administrative claims incurred following the filing of this Motion.  Declaration of Bradley D. Sharp in Support of Motion of Receiver for Entry of Order: (1) Establishing Bar Date for U.S. Receivership Entities; (2) Approving Manner of Notice; (3) Approving Proof of Claim (Interest) Form and Summary Procedures; and (4) Approving Form and/or Limitation of Notice Under Local Civil Rules 66-7, ¶ 7. ("Sharp Decl.")

### B.    The Cayman Islands Process

5.    The Receiver determined to place DLIFF in liquidation under the applicable laws of the Cayman Islands, subject to Court approval. The Court approved the commencement of the Cayman Island liquidation proceeding and the proceeding was initially commenced through a voluntary liquidation resolution. On July 25, 2019, the Grand Court of the Cayman Islands made a Supervision Order converting the voluntary liquidation to an official liquidation, and Bradley D. Sharp of Development Specialists Inc. and Chris Johnson of Chris Johnson Associates Ltd. were appointed and currently serve as the Joint Official Liquidators ("JOLs") of DLIFF.  Sharp Decl., ¶ 10.

6.    On August 22, 2019, the JOLs sent a notice to the creditors and shareholders of DLIFF of a meeting of creditors and contributories.  Creditors were asked to submit a proof of debt form to the JOLs in advance of the meeting.  All claims against and interests in DLIFF are to be pursued directly in the Cayman Islands liquidation proceedings, in accordance with the laws of the Cayman Islands, including without limitation, Order 16 of the Companies Winding Up Rule 2018 and the Companies Law (2020 Revision) applicable to liquidation proceedings in that jurisdiction. This Motion does NOT seek relief relative to the claimants or shareholders of DLIFF.  Sharp Decl., ¶ 11.

DIAMOND McCARTHY LLP

### III.   CLAIMS (INTERESTS) PROCESS FOR THE U.S. RECEIVERSHIP ENTITIES

7.     The Receiver seeks to initiate a Claims filing and allowance process for the U.S. Receivership Entities so that investors and creditors can file Claims and, after review and resolution of any appropriate objections, the Receiver can propose an equitable distribution plan in this case. *See* Sharp Decl., ¶ 20.

8.     The Receiver requests that the Claims procedures apply to investors and creditors of the U.S. Receivership Entities as well as to administrative creditors of the Receivership Estate, which are defined as follows:

a.  Investor Claim: A claim arising in whole or in part from contractual investment agreements with one or more of the U.S. Receivership Entities for monies owed in connection with such an investment made in one or more of the U.S. Receivership Entities under a subscription agreement or similar investment contract, or an equity interest in a U.S. Receivership Entity related to the foregoing.

b.  Creditor Claim: A Creditor Claim is a claim against one or more of the U.S. Receivership Entities, including but not limited to transactions based on, related to, or in connection with: i) any vendor contract, lease, or other noninvestment agreement entered into prior to April 1, 2019 for which payment has not been made in whole or in part or for which payment will become due prior to, on or after April 1, 2019, ii) the provision of goods or services provided prior to April 1, 2019, iii) an uncashed check issued prior to April 1, 2019, iv) unpaid wages, compensation, or other employment benefits, for periods prior to April 1, 2019, v) taxes payable by a U.S. Receivership Entity arising from or attributable to tax periods beginning prior to April 1, 2019, even if due and payable subsequent to April 1, 2019, including those that may be asserted by federal, state, local or other governmental entities or authorities, or (vi) any other legal, equitable, contractual, tort, statutory or other claim or interest

DIAMOND McCARTHY LLP

related to the acts, omissions, conduct, and/or activities of the U.S. Receivership Entities occurring prior to the appointment of the Receiver on April 1, 2019

   c. Administrative Claim: A claim based on: i) the provision of goods or services for the benefit of the Receivership Estate or at the request of the Receiver beginning on or after April 1, 2019, which remain unpaid as of the filing of this Motion, ii) any taxes arising from or attributable to tax periods beginning on or after April 1, 2019, including those that may be asserted by federal, state, local or other governmental entities or authorities, which remain unpaid, or iii) any current, future or contingent contractual obligations (including indemnification obligations) arising from any contract entered into by or on behalf of the Receivership Estate. The Bar Date will not apply to any administrative claims incurred after the date of the filing of this Motion.

   9.    The Bar Date and procedures will not apply to holders of Claims based on professional services provided and fees and costs incurred after April 1, 2019, by the Receiver and his professionals for the benefit of the Receivership Estate ("Professional Claimants"). Professional Claimants are not required to submit a proof of Claim. The Receiver will continue to satisfy claims of Professional Claimants in the ordinary course of the Receivership and in accordance with prior or future Court orders, as appropriate to the claim or pursuant to a Court approved distribution plan.

   10.    Claims and interests among and between the Receivership Entities ("Intercompany Receivership Claims") are preserved without the requirement of the filing of a proof of Claim at this time. The Receiver will address these Claims in his distribution plan. Nothing contained in this Motion is intended to preclude or limit the Receiver from objecting to any Claim on any grounds or from proposing a distribution plan. Neither DLIF nor DLIFF shall be required to submit a proof of Claim form at this time.

   11.    The Receiver believes it is appropriate to seek Court approval of a Bar

DIAMOND McCARTHY LLP

1    Date and summary Claims procedure, as set forth below, and the related Notice and

2    Claim Form attached hereto as Exhibits "1" and "2." *See* Sharp Decl. at ¶¶ 7, 8.

3       12.    The Receiver requests the Court enter an order establishing a Bar Date of

4    approximately 90 days from the entry of the Order sought by this Motion for all

5    Claimants holding Claims with respect to the U.S. Receivership Entities arising in any

6    way out of their pre-receivership activities and Administrative Claimants, who hold

7    Claims of any kind or nature, whether founded on contract, tort or other grounds, and

8    whether liquidated or unliquidated, contingent or fixed, matured or unmatured, legal

9    or equitable, disputed or undisputed. Sharp Decl., ¶ 13.

10      13.    Failure by any investor, creditor or administrative claimant to file a proof

11   of Claim in accordance with the procedures by the Bar Date will result in the Claim

12   being forever barred against the receivership estate and shall discharge the U.S.

13   Receivership Entities and the estate for any liability for payment of the Claim or on

14   account of such interest, unless a late filed proof of Claim is expressly allowed by the

15   Court upon the filing of a noticed motion demonstrating excusable neglect for the

16   untimely filing thereof.  The Receiver believes the procedure described below will

17   minimize expense and delay, and also maximize distributions to Claimants. Sharp

18   Decl., ¶ 12. The proposed procedure is based in part on recognition of the fact that,

19   based on the Receiver's work to date, it appears quite likely that the U.S.

20   Receivership Entities' collective assets will be insufficient to pay Claimants 100% of

21   the amounts claimed.

22      14.    The Claims filing and allowance procedures, and related procedures for

23   which approval is requested in this Motion, address only the procedure for the filing

24   of interests and pre-receivership claims against the U.S. Receivership Entities, and the

25   allowance of these interests and the dollar amount of the claims filed through these

26   procedures.  *See* Sharp Decl., ¶¶ 11, 19. Investors, creditors, and administrative

27   claimants, as defined herein, will be subject to any ruling on this Motion regarding the

28   Claims procedure and Bar Date. A subsequent motion will be filed by the Receiver

DIAMOND McCARTHY LLP

1   after the Bar Date has passed to determine the respective priorities among investors

2   and the respective priorities as between investors and creditors.

3       15.    The Receiver contemplates that most, if not substantially all, of the

4   proofs of Claim to be filed pursuant to the proposed procedure will be investors who

5   invested funds in DLIF, the domestic feeder fund. The proofs of Claim of the

6   investors who invested funds in DLIFF, the Cayman Islands feeder fund, are to be

7   filed in the Cayman Islands liquidation proceedings. Each set of creditors and interest

8   holders will receive distributions from their respective feeder fund. The feeder funds

9   will receive distribution from the Receivership Estate pursuant to a distribution plan

10  to be filed at a later date by the Receiver. This Motion does not address the

11  classification, priority, treatment, or payment of the Claims filed with respect to the

12  U.S. Receivership Entities for purposes of any subsequent plan of distribution of the

13  assets of the estate that may be proposed.

14      16.    At the present time, the Receiver contemplates that a distribution plan in

15  this case will entail distribution to Administrative Claimants, Professional Claimants,

16  tax, and priority claims prior to distribution to the two feeder funds. The presently

17  contemplated distribution to DLIFF and DLIF is to be on a *pari passu* and *pro rata*

18  basis with neither having priority over the other. The manner in which the distribution

19  to holders of DLIF Claims shall be calculated and the methodology for distribution to

20  DLIF investors remains to be determined by separate motion. The Receiver intends to

21  seek approval of a distribution plan following the Bar Date so that he can fully assess

22  the Claims filed in the case and an appropriate equitable recommendation for

23  distribution. Sharp Decl., ¶ 22.

24  **IV.   ENTRY OF AN ORDER ESTABLISHING A BAR DATE AND**

25         **SUMMARY CLAIMS (INTERESTS) PROCEDURE IS WARRANTED**

26      17.    In order to execute his duties under the Receivership Order, the Receiver

27  must identify the nature and scope of the potential Claims with respect to the the U.S.

28  Receivership Entities. The implementation of a Bar Date and related procedures is

DIAMOND McCARTHY LLP

necessary to allow the Receiver to determine the liabilities of the receivership estate and administer the assets for the benefit of the investors and creditors. Particularly given the anticipated funds available for distribution, these processes are vital to ensure the available assets are maximized through streamlined Claim filing and allowance procedures, and distributed to Claimants holding only valid, timely-filed Claims. To that end, the Receiver seeks entry of an order: (i) establishing a Bar Date for persons with Claims with respect to the U.S. Receivership Entities; (ii) approving the form and manner of the notice thereof; and (iii) approving the proof of Claim form and summary Claims procedure.

It is well within the Court's authority to grant the relief requested. *See S.E.C. v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986) ("[A] district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad."). Because the "primary purpose of equity receiverships is to promote orderly and efficient administration of the estate . . . for the benefit of creditors," courts routinely establish claims bar dates and claims procedures in receivership actions to identify claimants and creditors and to analyze their claims in a timely and cost-efficient manner. *Id.; see also S.E.C. v. Billion Coupons, Inc.*, Nos. 09-00068JMS-LEK, 09-00069JMS-LEK, 2009 WL 2143534, at *4 (D. Haw. July 13, 2009) (citing the court's broad discretion in receivership actions in approving bar date and claims procedure); *S.E.C. v. Alanar, Inc.*, No. 1:05-cv-01102-DFH-TAB, 2009 WL 1664443, at *3-4 (S.D. Ind. June 12, 2009) (same). Pursuant to this authority, the Receiver believes it is reasonable and necessary that the procedures set forth below and in the attached Exhibits "1" and "2" be approved by the Court.

///

///

## A.     Proposed Summary Claims Procedure

1.     **Bar Date**.   The Receiver seeks entry of an order establishing a date approximately 90 days from the date of the Bar Date Order as the deadline by which all Claimants must submit completed and signed proofs of claim evidencing their Claims with respect to the U.S. Receivership Entities (the "Bar Date"). The proposed Bar Date will allow sufficient time for the (i) Receiver to arrange for and publish the proposed notices, and (ii) Claimants to file a Claim Form with the Receiver. Further, the Bar Date is necessary to allow as many Claimants as possible to participate in the Claims process while still permitting the Receiver to obtain certainty in a reasonably prompt fashion of the total potential Claims against the U.S. Receivership Entities.

2.     **Notice by Email, Mail and Publication**.   The Receiver has spent considerable time and effort gathering and examining data relating to the Receivership Estate. This process has allowed the Receiver to identify many of the Claimants with respect to the Receivership Entities. Nevertheless, the Receiver's knowledge of potential Claimants is limited to: (i) the documents he has obtained from Defendants, creditors, investors, and other relevant sources, and (ii) additional information he has gathered. Accordingly, as is typical in receivership actions, it is possible the identity of some potential Claimants may be unknown and not reasonably ascertainable. Therefore, to reach both known and unknown Claimants, the Receiver proposes the following notification efforts:

- Notice by Regular Mail or Email: The Receiver proposes to serve all known potential Claimants by email to the extent he has a known email address, or alternatively by regular mail if he does not have a known email address and has a known mailing address, within thirty (30) days after entry of the Bar Date Order, with: (i) notice of the Bar Date and the procedures for submitting proofs of Claim, substantially in the form of the notice attached to the Sharp Declaration as **Exhibit 1** (the "Bar Date Notice"), and (ii) a

DIAMOND McCARTHY LLP

proof of Claim form substantially in the form of the documents attached to the Sharp Declaration as **Exhibit 2** ("Claim Form").

• Notice by Publication: The Receiver proposes to publish the Bar Date Notice in the following general circulation newspaper on two days at least one week apart and at least thirty (30) days prior to the Bar Date: the *Los Angeles Times* or a newspaper of similar circulation.

3.    **Approval of Claim Form**. Attached as Exhibit "2" is the Receiver's proposed Claim Form and related instructions for creditors and investors of the U.S. Receivership Entities.  The Receiver asks the Court to approve Exhibit "2" for the submission of any and all types of Claims arising out of or related to any acts or omissions, events or activities involving the U.S. Receivership Entities that occurred (or failed to be performed) prior to the start of the receivership on April 1, 2019, or for administrative claimants, for Claims arising after April 1, 2019 but before the date of the filing of the Motion.

4.    **Procedures for Submitting and Determining Proofs of Claim**. The Receiver proposes a Claims procedure to efficiently, equitably, and promptly identify potential Claimants and the amount and validity of any pre-receivership Claim. The proposed procedure will allow the Receiver to establish certainty as to the total number and amount of Claims against the U.S. Receivership Entities and allow the Receiver to develop a plan for an equitable distribution of available assets among Claimants.

To lessen the burden of the claim-submission process on Claimants, the Receiver proposes the following procedure:

Known investors in the U.S. Receivership Entities will be provided with an Exhibit A attached to their Proof of Claim form, which contains a record of investment activity with the U.S. Receivership Entities.  Investor Claimants will be asked to review the information on Exhibit A to ensure that it is accurate and consistent with the investor Claimant's records.  If the information contained in

-10-

Exhibit A is accurate, the investor Claimant must sign the Attestation in the Proof of Claim form, confirming the amounts, and return the signed form to the Receiver's claims agent, but no additional documents will be required to be submitted by the investor Claimant. If the investor Claimant believes that any of the information contained in Exhibit A is inaccurate, the Claimant will need to return the signed proof of claim form and provide with the form the correct information and supporting documentation.

If the investor Claimant's information is not known to the Receiver and an investor claimant does not receive an Exhibit A, the investor Claimant will be required to submit to the Receiver's claims agent a completed, signed proof of Claim form together with, at a minimum, the following information required from the investor claimant to validate the Claim:

1.      Name of the fund in which Claimant invested (e.g., Direct Lending Income Fund, L.P.);

2.      A complete identification of the Claimant's subscription contributions, including funding date, effective date and amount for each Contribution;

3.      A complete identification of the redemptions/distributions requested by the investor Claimant, including request date, effective date and amount for each redemption/distribution;

4.      A complete identification of all redemptions/distributions paid, including funding date, effective date and amount for each redemption/distribution; and

5.      A true and correct copy of all documents supporting or evidencing the investments and the other required information listed above.

The investor Claimants who receive an Exhibit A and submit a signed proof of Claim form, without modification, and attestation will be deemed to have an allowed Claim in the amount set forth in Exhibit A, subject to further review (and potential objection) by the Receiver and subject to the terms and conditions of a Court

1  approved distribution plan as to the classification, priority, treatment, and payment of

2  the Claim.

3      All potential Claimants who assert that they have claims of any kind or nature,

4  based on tort, contract or other grounds, whether liquidated or unliquidated,

5  contingent or fixed, matured or unmatured, legal or equitable, disputed or undisputed[3]

6  or assert any interests with respect to the Receivership Entities must file a proof of

7  Claim with a signed attestation by the Bar Date.

8      The Receiver will email a Claim form to each known potential Claimant, or

9  will mail the Claim form if he does not have a known email address. The Claimant

10 must complete and sign the Claim form under penalty of perjury and return it to the

11 Receiver before the Bar Date with supporting documentation.

12     The Claimant must provide the amount(s) that he or she contends is owed, as

13 well as legible copies of all documents supporting the Claim or, if such documents are

14 not available, an explanation as to why documentation is lacking.

15     Each filed proof of Claim must conform substantially to the Claim form

16 approved by the Court. Each proof of Claim must be signed by the Claimant or, if the

17 Claimant is not an individual, by an authorized agent of the Claimant. The Claimant

18 must attest under oath that the information provided therein is true and correct. Each

19 proof of Claim must be legible, written in English, and denominated in U.S. currency.

20     The submission of a proof of Claim, including the attestation form by investor

21 Claimants with <u>Exhibit A</u>, will subject the Claimant to the jurisdiction of the United

22 States District Court for the Central District of California.

23     5.    **<u>Required Supporting Documentation for the Claim</u>**.  Each submitted

24 Claim form shall include copies of all documents available that support such Claim.

25 Such documentation may include, but is not limited to:  copies of personal checks,

26 cashier's checks, wire transfer advices, and other documents evidencing the

27

28

---

[3] This includes investors who contend they have Claims other than the Claims covered by Exhibit A to the proof of Claim form.

Case No. 2:19-cv-02188-DSF-MRW

NOTICE OF MOTION AND MOTION TO ESTABLISH CLAIMS PROCEDURES

investment of funds; copies of each signed investment contract; copies of all agreements, promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, evidence of perfection of liens; and any other documents evidencing the amount and basis of the Claim.

Claimants should include their name or investor ID on every document submitted.

Claimants should not send original documents with their Claim form.

Each Claim form must satisfy certain minimum standards in order to establish a Claim and be eligible to receive a distribution pursuant to a Court-approved distribution plan. Accordingly, the more directly relevant information and documentation a Claim provides, the easier it will be for the Receiver to validate the Claim.

6. **Materials that Should Not be Submitted with a Claim**. Claims should not include the following types of materials unless requested by the Receiver: (i) marketing brochures and other marketing materials received by the Claimant, (ii) routine or form correspondence received by the Claimant, (iii) copies of pleadings on file in this case related to the Receivership, and (iv) other documents received from the Receivership Estate or the Receiver that do not reflect specific information concerning the existence or amount of a Claim.

7. **Effect of Failure to Submit Claim Form Before Bar Date**. The Receiver proposes that if any Claimant required to file a proof of Claim hereunder fails to return the Claim form to the Receiver in a timely manner, the effect of such failure will be that the Claimant waives any Claim against the Receivership Entities and the receivership estate. Any Claims received after the Bar Date will be forever disallowed and a Claimant asserting such Claim shall not have standing to object to any distribution plan proposed by the Receiver and shall not receive any distribution from the receivership estate.

8.   **Request for Additional Information**.  If at any time after receiving a timely Claim form the Receiver determines that additional information is needed to assess and process a Claim, the Receiver may contact the Claimant (or counsel if one is designated) by telephone, mail, or email to request such additional information.

9.   **Notice of Deficiency**.  Prior to filing an objection with the court seeking to disallow a Claim, the Receiver may, in his sole and absolute discretion, send to a Claimant (and to counsel if one is designated), to such address or email address as provided in the Claim Form, a written notice of deficiency that specifically identifies the information required to assess and process the Claim.  The notice of deficiency will further state that the Claim will be disallowed, without the Receiver having to file an objection to the Claim as otherwise provided herein, if the additional information is not provided to the Receiver within thirty (30) calendar days of the date of the Notice of Deficiency.

10.   **Claim Objections**.

For those Claims the Receiver believes are objectionable, the Receiver will communicate first with the Claimant informally stating the basis of his objection and shall try to reach resolution of any disputes. If the parties are unable to reach a resolution, then the Receiver will file an appropriate objection, setting forth the factual and legal basis therefor.[4]  The Receiver will identify the portion of the Claim he believes is unobjectionable and should be allowed.[5]

The burden of proof will then shift to the Claimant to overcome the objection.

11.   **Attempt to Resolve Objections**.

The Claimant is directed to work in good faith with the Receiver to resolve any

---

[4] There is no deadline by which the Receiver may file objections to claims.

[5] While Claims must be submitted to the Receiver prior to the Bar Date, Claimants are permitted and, indeed, encouraged to submit completed proofs of Claim to the Receiver in advance of the Bar Date. The Receiver will begin to evaluate Claims upon submission and is free to consider and agree to the amount of allowed Claims any time after submission.

-14-

DIAMOND McCARTHY LLP

1    disputes about the Claim before submitting them to the Court for determination.

2        12.    **Filing of Objections with Court**.

3        If the Receiver is unable to resolve any disputes about a Claim, the Receiver

4    shall file a written objection to the Claim with the Court. The objection shall include:

5    (i) a detailed statement of the legal and factual basis for the Receiver's objection, and

6    (ii) copies of any document or other writing or other evidence upon which the

7    Receiver relies in support of his objection.

8        13.    **Court Ruling on Determinations and Objections**.

9        The Claimant's response to the Receiver's Claim objection shall be filed with

10   the Court, with a copy served on the Receiver and his counsel, within thirty (30) days

11   of the date on which the Receiver filed his written objection to the Claim.   The

12   Receiver shall have thirty (30) days to file and serve his reply.  The Receiver will set a

13   hearing on the objection to the Claim concurrent with the filing of his written

14   objection to the Claim, with the hearing to be scheduled at least 14 days after the

15   deadline for the Claimant to file its reply.

16       14.    **Limitation on Discovery and Motion Practice**.

17       Prior to the Receiver's filing of an objection to a Claim, no discovery, motion

18   practice, or other litigation relating to the Claim shall occur unless the Claimant and

19   the Receiver agree, or if the Receiver does not agree, the Claimant first seeks and

20   obtains leave of Court, upon a showing of good cause and substantial need for such

21   relief.  If discovery and/or motion practice is allowed by the Court on request of the

22   Claimant, then the Receiver shall have a reciprocal right to conduct discovery and/or

23   motion practice.

24       15.    **Consent to Jurisdiction**.

25       Submission of a proof of Claim in this case constitutes consent to the

26   jurisdiction of the Court for all purposes and constitutes agreement to be bound by its

27   decisions, including, without limitation, a determination as to the extent, validity,

28   priority, and amount of any Claim asserted against the Receivership Estate.  The

DIAMOND McCARTHY LLP

submission of a proof of Claim shall constitute consent to be bound by the decisions of the Court as to the classification, treatment, and payment of the Claim in a Court-approved distribution plan.

16. **Authority to Compromise and Settle**.

The Receiver shall have the authority to compromise and settle any Claim or resolve any notice of deficiency, at any time, as appropriate, without further order of this Court, where the value of the Claim is less than $100,000 and/or the amount discounted or given up by the estate in the compromise is $100,000 or less. The Receiver, at his discretion, may file a motion seeking Court approval of any compromise or settlement of a Claim. All parties to this proceeding are directed to cooperate with the Receiver to the maximum extent possible to achieve a swift resolution of disputes concerning Claims without the need for determination by the Court.

17. **Reservation of Rights**.

Nothing herein shall prejudice or limit any right of the Receiver to dispute, or assert offsets or defenses, as to the extent, validity, or priority, or otherwise against amounts asserted in any Claim, including but not limited to the manner in which accounts will be aggregated and Claims classified, treated, and paid under a Court-approved distribution plan. Nothing contained herein is intended to preclude or limit the Receiver from objecting to any Claim on any grounds. Subject to approval of the Court, the Receiver retains the sole and absolute right to propose a plan of distribution.

**B.** **The Summary Claims Procedure Outlined Above is Supported by Federal Receivership Law**

The procedure outlined above is consistent with federal receivership precedent. It is well-settled a receivership court has the "general power to use summary procedure in allowing, disallowing, and subordinating claims of creditors." *Hardy*, 803 F.2d at 1040; *S.E.C. v. Pension Fund of Am. L.C.*, 377 F. App'x 957, 961 (11th

Cir. 2010) (instructing an equity court's use of summary proceedings when granting relief is "appropriate"); *United States v. Ariz. Fuels Corp.*, 739 F.2d 455, 459 (9th Cir. 1984); *F.T.C. v. Crittenden*, 823 F. Supp. 699, 702 (C.D. Calif. 1993). Such procedures "avoid formalities that would slow down the resolution of disputes" by "promot[ing] judicial efficiency and reduc[ing] litigation costs to the receivership." *Hardy*, 803 F.2d at 1040. Moreover, summary procedures are appropriate where, as here, creditors and potential creditors receive "adequate notice and a reasonable opportunity to respond." *Crittenden*, 823 F. Supp. at 702. Moreover, the proposed procedure is consistent with the Bankruptcy Code's process for determining claims. *See* 11 U.S.C. § 502(a); FED. R. BANKR. P. 9014; *see also* L.R. 66-8. Consistent with these authorities, the foregoing claims procedure is warranted in this case.

### 1.   Authority to Compromise Claims is Appropriate

In the interests of administrative efficiency and cost, the Receiver should also be given authority to make compromises regarding the allowance of Claims without further Court order, where the amount of the Claim is less than $100,000 and/or the amount discounted or given up by the estate in the compromise is $100,000 or less. In light of the number of investor Claimants alone, which may exceed 900, and others who may assert Claims against the estate, providing the Receiver some flexibility to address smaller Claims with compromises without the estate incurring the expense and delay of law and motion proceedings to approve such compromises will reduce administrative expenses and the burden on the Court.  It provides a practical and reasonable solution while mandating Court approval for more significant claims resolved by settlement, and is consistent with the Court's prior order on the scope of the Receiver's duties which authorized the Receiver make to compromises and discounts in the ordinary course up to $100,000. *See Order* issued June 4, 2019 (Doc. No. 57).

DIAMOND McCARTHY LLP

### 2. Relief Limited to U.S. Receivership Entities Only is Appropriate

The foregoing proposed Claims procedures do not address or apply to the claims against or interests in DLIFF, the Cayman Islands feeder fund, because the law of the Cayman Islands governing the official liquidation proceeding for DLIFF sets forth a specific set of procedures for the filing and adjudication of claims and assertion of interests in a Cayman Islands entity subject to such a proceeding.

In summary, the procedures concerning the allowance of claims against DLIFF depend, in part, on the solvency of the company. If the company is insolvent or of doubtful solvency, a potential creditor must submit his claim in writing to the JOLs and is referred to as "proving" for his debt. The document by which he seeks to establish his claim is referred to as his "proof" or "proof of debt". If the company is solvent and this is a doubt or dispute about the existence of the debt or the amount owing to the creditor, the JOLs may require a creditor to submit a proof of debt.

The JOLs have a duty to adjudicate the creditors' claims, for which purpose they act in a quasi-judicial capacity. The final date for proving claims in the Cayman Islands liquidation is fixed by reference to the final distribution under Cayman Islands law there. When the JOLs have (a) realized all the company's assets, or so much of the assets as can, in their opinion, be realized without needlessly protracting the liquidation, and (b) divided any unrealized assets among the creditors by payment, if and to the extent that it was practical to do so, they give at least 60-days notice of their intention to declare a final dividend which date then operates as a final bar date for submitted proof of claims. Proofs of claim against DLIFF will therefore be addressed, handled and resolved under the law and procedure of the Cayman Islands.

If the company is, or is likely to become solvent, the JOLs shall settle a list of contributories who are entitled to participate in the distribution of surplus assets available after the company's creditors have been paid in full.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DIAMOND McCARTHY LLP

## V.   NOTICE OF THE HEARING ON THIS MOTION SHOULD BE DEEMED APPROPRIATE AND SUFFICIENT

The Receiver has served notice of the hearing on this Motion on the parties and by mail to the known non-investor creditors of the Receivership Entity.  The Receiver has posted the notice of hearing and the Motion on the Receiver's website (https://cases.stretto.com/dli).   The Receiver has also directed Stretto, his Court-approved claims agent, to email the notice of hearing to all investors.  The Receiver believes this notice complies with the provisions of Local Civil Rule 66-7 to the extent that notice to investors is required.   The Receiver requests that the Court approve this form of notice as reasonable, appropriate, and the most cost-effective means of providing notice of the hearing under the circumstances, since there are approximately 975 investors both in the United States and overseas, and to the extent necessary, to approve the notice given as reasonable, limited notice appropriate under the circumstances and in the interests of time and cost.  This Court, as a court of equity supervising the receivership estate, may make appropriate administrative orders governing the receivership, including limitations on and changes in notice and other procedures.  *See* F.R. Civ. P. 5(a) and (c) (authorizing the court to modify service procedures when numerous defendants are involved in litigation).   In addition, pursuant to Local Civil Rule 66-8, a receiver is directed to administer receivership estates in a manner "as nearly as possible in accordance with the practice in the administration of estates in bankruptcy."  Orders limiting notice when the Bankruptcy Code or Rules would otherwise require notice to all creditors are routinely granted in bankruptcy cases to promote the expeditious and economical administration of bankruptcy estates.  *See In re First Alliance Mortgage Co.*, 269 B.R. 428, 442 (C.D. Cal. 2001) (referencing in *dicta* in the court's recitation of facts the bankruptcy court's order limiting notice issued in that case); 11 U.S.C. § 102(1)(A) (defining the phrase "after notice and a hearing" to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for

-19-

NOTICE OF MOTION AND MOTION TO ESTABLISH CLAIMS PROCEDURES

1  hearing as is appropriate in the particular circumstances").

2  **VI.   CONCLUSION**

3         WHEREFORE, the Receiver respectfully requests entry of an order:

4  (i) establishing a Bar Date for all pre-receivership Claims against the U.S.

5  Receivership Entities of investors and creditors as well as a Bar Date for all

6  Administrative Claimants; (ii) approving the form and manner of the notice thereof;

7  (iii) approving the Claim form and summary Claims procedure; and (iv) for all other

8  appropriate relief.

9

10  DATED:  February 21, 2020          DIAMOND MCCARTHY LLP

11                                     By:   /s/ *Kathy Bazoian Phelps*

12                                          Kathy Bazoian Phelps
                                            Counsel for Bradley D. Sharp,
13                                          Permanent Receiver

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28