1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT LENDING INVESTMENTS LLC,<br><br>Defendant. | Case No. CV 19−2188 DSF (MRWx)<br><br>**ORDER GRANTING MOTION OF RECEIVER FOR ENTRY OF ORDER:**<br>**(1) ESTABLISHING BAR DATE FOR U.S. RECEIVERSHIP ENTITIES;**<br>**(2) APPROVING FORM AND MANNER OF NOTICE;**<br>**(3) APPROVING PROOF OF CLAIM (INTEREST) FORM AND SUMMARY PROCEDURES; AND**<br>**(4) APPROVING FORM AND/OR LIMITATION OF NOTICE UNDER LOCAL CIVIL RULE 66-7  [DOCKET# 224]** |

Before the Court is the Motion of the Receiver for an Order: (1) Establishing Bar Date for U.S. Receivership Entities; (2) Approving Form and Manner of Notice; (3) Approving Proof of Claim (Interest) Form and Summary Procedures; and (4) Approving Form and/or Limitation of Notice Under Local Civil Rule 66-7

1

("Motion") [Dck# 224].  The Court, having reviewed and considered the Motion and all supporting pleadings and papers, and oppositions or responses to the Motion, if any, and good cause appearing,

IT IS ORDERED that:

1.      The Motion, together with the exhibits, instructions, and other attachments is granted and approved.

2.      <u>Claims Bar Date</u>:  The Court establishes July 7, 2020, at 11:59 pm (prevailing Pacific Time) as the deadline ("Bar Date") for Claimants to submit a completed and signed Proof of Claim (Interest) form under penalty of perjury, together with any supporting documentation, against one or more of the U.S. Receivership Entities.  This Bar Date applies to investors and creditors of the U.S. Receivership Entities and administrative claimants of the receivership estate.

3.      The claims procedure, including the Notice of Bar Date and Procedure for Submitting a Proof of Claim Form (the "Notice of Bar Date") and Proof of Claim (Interest) Form, attached to the Sharp Declaration as Exhibits 1 and 2, are approved substantially in the form attached to the Motion.

4.      All Claimants who believe they are owed money by, or are entitled to a distribution from, the receivership estate must submit a completed and signed Proof of Claim (Interest) form by the Bar Date, in accordance with the instructions on the Proof of Claim (Interest) Form.

5.      The Bar Date and procedures shall not apply to holders of Claims based on professional services provided and fees and costs incurred after April 1, 2019 by the Receiver and his professionals for the benefit of the receivership estate ("Professional Claimants"), and Professional Claimants are not required to submit a Proof of Claim (Interest) form and the Court will continue to address those claims in accordance with prior or future court orders.  Claims and interests among and between the Receivership Entities ("Intercompany Receivership Claims") are preserved without the requirement of the filing of a Proof of Claim (Interest) form at

this time.  Any such Claims will be subject to a Court-approved distribution plan.

5.     <u>Notice by Regular Mail or Email</u>:  The Receiver must serve all known potential Claimants, to the extent the Claimant has a known email address, or alternatively, by regular mail if the Claimant does not have a known email address and has a known mailing address, with the Bar Date Notice, and Proof of Claim (Interest) Form.  The Receiver must provide such notice within 30 days after entry of the Bar Date Order.

6.     <u>Notice by Publication</u>: The Receiver must publish the Bar Date Notice in the following general circulation newspaper on two days at least one week apart and at least 30 days prior to the Bar Date: the *Los Angeles Times* or a newspaper of similar circulation.

7.     <u>Procedures for Submitting and Determining Proofs of Claim (Known Investor Claimants)</u>:   All known investors in the U.S. Receivership Entities must be provided with an <u>Exhibit A</u> attached to their Proof of Claim (Interest) Form which contains a record of investment activity with the U.S. Receivership Entities.  If on review, the information on the <u>Exhibit A</u> provided is accurate, the investor Claimant must sign the Attestation in the Proof of Claim (Interest) Form, confirming the amounts, and return the signed form to the Receiver's claims agent, but no documents will be required to be submitted by the investor Claimant.  If the investor Claimant believes any of the information contained in Exhibit A is inaccurate, the Claimant must return the signed Proof of Claim (Interest) Form and provide with the form the correct information and supporting documentation.

8.     <u>Procedures for Submitting and Determining Proofs of Claim (Investor Claimants Not Known to the Receiver)</u>:  For investor Claimants' whose information is not known to the Receiver, and who do not receive an <u>Exhibit A</u>, the investor Claimant must submit to the Receiver's claims agent a completed, signed Proof of Claim (Interest) Form by the Bar Date, together with, at a minimum, the following information from the investor Claimant to validate the claim:

a.  Name of the fund in which the Claimant invested;

b.  A complete identification of the Claimant's subscription contributions, including funding date, effective date, and amount for each contribution;

c.  A complete identification of the redemptions/distributions requested by the investor Claimant, including request date, effective date, and amount for each redemption/distribution;

d.  A complete identification of all redemptions/distributions paid, including funding date, effective date, and amount for each redemption/distribution; and

e.  A true and correct copy of all documents supporting or evidencing the investments and the other required information listed above.

9.  <u>Approved Methods for Submission of Proofs of Claim (Interest)</u>: Except as otherwise provided by order of this Court, or provided herein, each Claimant must properly complete and sign a Proof of Claim (Interest) Form, under penalty of perjury, must be timely submitted to one of the following (i) via E-Claim Filing: link to webpage; (ii)  via Email: TeamDLI@Stretto.com; or (iii) DLI Claims Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

10.  <u>Effect of Failure to Submit Proof of Claim (Interest) Form Before Bar Date</u>:  If any Claimant required to submit a Proof of Claim (Interest) Form fails to return the form as required by this Order in a timely manner, the effect of such failure will be that the Claimant waives and any Claim against or Interest in the U.S. Receivership Entities and the receivership estate.  Any Proof of Claim (Interest) Form received after the Bar Date will be forever barred, estopped, and disallowed and a Claimant asserting such claims or interests shall not have standing to object to any distribution plan proposed by the Receiver and shall not receive any distribution from the receivership estate.  Further, the Receiver shall have no further obligation to provide notices on account of the Claim and the receivership estate is forever discharged from any and all indebtedness or liability with respect to such Claim.

11.  <u>Additional Information</u>:  If at any time after receiving the Proof of Claim

(Interest) Form the Receiver determines that additional information is needed to assess and process a Claim, the Receiver is authorized to contact the Claimant (or counsel if one is designated) by telephone, email, or mail to request such additional information.

12. <u>Notice of Deficiency</u>: Prior to filing an objection with the Court seeking to disallow a Claim, the Receiver may, in his sole and absolute discretion, send to a Claimant (and to counsel if one is designated) to such address or email address as provided in the Proof of Claim (Interest) Form, a written notice of deficiency that specifically identifies the information required to assess and process the Claim. The notice of deficiency shall provide that the Claim will be disallowed, if the additional information is not provided to the Receiver within 30 calendar days of the date of the notice of deficiency.

13. <u>Receiver's Claim Objections</u>: The Receiver and Claimants are directed to work in good faith to resolve any disputes about the Claim before submitting them to the Court for determination. For any Claims that the Receiver believes are objectionable, the Receiver is directed to communicate first with the Claimant informally, stating the basis of his objection, and to try to reach resolution of any disputes. If the Receiver is unable to resolve disputes about a Claim, the Receiver shall file a written objection to the Claim that includes (i) a detailed statement of the factual basis and legal basis for the objection, (ii) copies of any documents or other writing or other evidence upon which the Receiver relies in support of his objection; and (iii) identifies the portion of the Claim he believes is unobjectionable and should be allowed. There shall be no deadline by which the Receiver may file objections to Claims.

14. <u>Court Ruling on Determinations and Objections</u>: The Claimant's response to the Receiver's Claim objection shall be filed with the Court, with a copy served on the Receiver and his counsel, within 30 days of the date on which the Receiver filed his written objection to the Claim. The Receiver shall have 30 days to file and serve

his reply. The Receiver shall set a hearing on the objection to the Claim concurrent with the filing of his written objection to the Claim, with the hearing to be scheduled at least 14 days after the deadline for the Claimant to file his reply.

15. <u>Limitation on Discovery and Motion Practice</u>: Prior to the Receiver's filing of an objection to a Claim, no discovery, motion practice, or other litigation relating to the Claim shall occur unless the Claimant and the Receiver agree, or if the Receiver does not agree, the Claimant first seeks and obtains leave of this Court, upon a showing of good cause, and substantial need, for such relief. If discovery and/or motion practice is allowed by the Court, then the Receiver shall have a reciprocal right to conduct discovery or engage in motion practice.

16. <u>Consent to Jurisdiction</u>: Submission of a Proof of Claim (Interest) form in this case constitutes consent to the jurisdiction of this Court for all purposes and constitutes agreement to be bound by its decisions, including without limitation, a determination as to the extent, validity, priority, and amount of any Claim asserted against the receivership estate. The submission of a Proof of Claim (Interest) form shall constitute consent to be bound by the decisions of the Court as to the classification, treatment, and payment of the Claim as a Court-approved distribution plan.

17. <u>Authority to Compromise and Settle</u>: The Receiver shall have the authority to compromise and settle any Claim or resolve any notice of deficiency, at any time, as appropriate, without further order of this Court, where the value of the Claim is less than $100,000 and/or the amount discounted or given up by the estate in the compromise is $100,000 or less. The Receiver, in his discretion, may file a motion seeking Court approval of any compromise or settlement of a Claim. All parties to this proceeding are directed to cooperate with the Receiver to the maximum extent possible to achieve a swift resolution of disputes concerning Claims without the need for determination by the Court.

18. <u>Reservation of Rights</u>: Nothing herein shall prejudice or limit any right of

the Receiver to dispute, or assert offsets or defenses, as to the extent, validity, or priority, or otherwise, against amounts asserted in any Claim, including but not limited to the manner in which accounts will be aggregated and Claims classified, treated, and paid under a Court-approved distribution plan. Nothing contained herein is intended to preclude or limit the Receiver from objecting to any Claim on any grounds. Subject to approval by the Court, the Receiver retains the sole and absolute right to propose a plan of distribution.

19. The form of notice on the Motion provided to interested parties, creditors, and investors, who are potential creditors of the estate, by the Receiver (a) serving the Motion and related moving papers on all parties to the action; (b) serving by mail a notice of hearing on the Motion to all known creditors pursuant to Local Civil Rule 66-7; (c) posting a copy of the Motion on the Receiver's website for the case at https://cases.stretto.com/dli; and (d) causing Bankruptcy Management Solutions dba Stretto to provide by email a copy of the notice of hearing on the Motion to all known investors through its email service regularly used to provide notices and documents to investors pursuant to the applicable governing documents for Direct Lending Income Fund, L.P. and Direct Lending Income Feeder Fund, Ltd., is approved and deemed sufficient notice and opportunity for hearing on the Motion under the circumstances.

IT IS SO ORDERED.

DATED: April 9, 2020

Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE