KATHY BAZOIAN PHELPS (155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone: (310) 651-2997

CHRISTOPHER D. SULLIVAN (148083)
*csullivan@diamondmccarthy.com*
STACEY L. PRATT (124892)
*stacey.pratt@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200

*Counsel for Bradley D. Sharp, Permanent Receiver*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – LOS ANGELES**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DIRECT LENDING INVESTMENTS LLC,

Defendant.

Case No. 2:19−cv−02188−DSF−MRW
Hon. Dale S. Fischer

**NOTICE OF MOTION AND MOTION OF RECEIVER FOR:**

**(1) APPROVAL OF CLAIMS STIPULATION WITH DLIFF JOINT LIQUIDATOR; AND**

**(2) AUTHORITY TO MAKE INTERIM DISTRIBUTION TO DLIFF**

**[*MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT FILED***

***CONCURRENTLY HEREWITH]***

Date: December 21, 2020
Time: 1:30 p.m.
Place: Courtroom 7D
United States District Court
Western Division
350 West 1st Street,
Los Angeles, CA 90012

PLEASE TAKE NOTICE THAT on December 21, 2020, at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 92701-4516, Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver"), will and hereby does make this Motion of Receiver for (1) Approval of Claims Stipulation with DLIFF Joint Liquidator; and (2) Authority to Make Interim Distribution to DLIFF (the "Motion"), as follows:

1. For authorization for the Receiver, as court-appointed receiver, to enter into the Claims Stipulation with Christopher D. Johnson, as Joint Official Liquidator of Direct Lending Feeder Fund, Ltd ("DLIFF"), in substantially the same form as attached to the Declaration of Bradley D. Sharp as Exhibit "1";

2. For authorization of the Receiver to make an interim distribution of $10 million to be paid to the Joint Official Liquidators of DLIFF from the collateral of DLIFF and Direct Lending Income Fund, L.P., irrespective of whether the Receiver's proposed Distribution Plan is approved;

3. For authorization for Christopher D. Johnson, as Joint Official Liquidator of DLIFF, to appear before the Court for the purposes of enforcing the terms of the Claims Stipulation and to seek appropriate relief in accordance with the terms of the Claims Stipulation.

The Receiver also moves the Court for an order approving the form of

notice on the Motion provided to interested parties, creditors, and investors, who are potential creditors of the estate, by the Receiver (a) serving the Motion and related moving papers on all parties to the action; (b) serving by mail a notice of hearing on the Motion to all known creditors pursuant to Local Civil Rule 66-7; (c) posting a copy of the Motion on the Receiver's website for the case at https://cases.stretto.com/dli; and (d) causing Bankruptcy Management Solutions dba Stretto to provide by email a copy of the notice of hearing on the Motion to all known investors through its email service regularly used to provide notices and documents to investors pursuant to the applicable governing documents for DLIF and DLIFF, as sufficient notice and opportunity for hearing on the Motion under the circumstances.

The Motion is made following the Receiver's communications with counsel for the Securities and Exchange Commission under Local Rule 7-3, and the Receiver does not expect the SEC to oppose the relief sought. A judgment of liability has been entered against the sole defendant DLI, which is under the supervision and control of the Receiver, making a conference with that entity unnecessary. Defendant DLI, the only other party to the action, has consented to entry of a bifurcated judgment as to liability but not damages, and given the Receiver's appointment over the defendant, defendant DLI has no practical interest in the relief sought distinct from the Receiver. The Receiver has also communicated with Chris Johnson, one of the Joint Official Liquidators over the Off Shore Feeder Fund, and the Joint Official Liquidators do not oppose the relief sought. There are numerous interested parties served with the Motion, making a pre-filing conference with the other interested parties impracticable.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, and the Declaration of Bradley D. Sharp filed concurrently, on the separate notice of hearing on the Motion, the pleadings, records, and file of the Court

in this action of which the Receiver requests the Court take judicial notice pursuant to Rule 201 of the Federal Rules of Civil Procedure, and upon such further oral argument, testimony and evidence as may be received at the hearing on this matter.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-9, any party who opposes the Motion must, not later than 21 days before the date of the hearing on the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

DATED: November 20, 2020 DIAMOND McCARTHY LLP

By: /s/ *Kathy Bazoian Phelps*
Kathy Bazoian Phelps
Counsel for Bradley D. Sharp,
Permanent Receiver