KATHY BAZOIAN PHELPS (155564)
*kphelps@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-4402
Telephone: (310) 651-2997

CHRISTOPHER D. SULLIVAN (148083)
*csullivan@diamondmccarthy.com*
STACEY L. PRATT (124892)
*stacey.pratt@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200

*Counsel for Bradley D. Sharp,*
*Permanent Receiver*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – LOS ANGELES**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DIRECT LENDING INVESTMENTS LLC,

Defendant.

Case No. 2:19−cv−02188−DSF−MRW
Hon. Dale S. Fischer

**NOTICE OF MOTION AND MOTION OF RECEIVER FOR APPROVAL OF:**

**(1) DISTRIBUTION PLAN;**
**(2) RISING TIDE DISTRIBUTION METHODOLOGY WITH RESPECT TO DLIF INVESTOR CLAIMS;**
**(3) PROPOSED INTERIM DISTRIBUTION; AND**
**(4) NOTICE OF DISTRIBUTION PLAN**

*MEMORANDUM OF POINTS AND AUTHORITIES AND SUPPORTING DECLARATION FILED HEREWITH*

Date: December 21, 2020
Time: 1:30 PM
Place: Courtroom 7D
United States District Court
Western Division
350 West 1st Street,
Los Angeles, CA 90012

PLEASE TAKE NOTICE THAT on December 21, 2020, at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 92701-4516, a hearing has been scheduled on the Motion of Receiver for Approval of (1) Distribution Plan; (2) Rising Tide Distribution Methodology With Respect to DLIF Investor Claims; (3) Proposed Interim Distribution; and (4) Notice of Distribution Plan (the "Motion"), filed by Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver") for the estate of Direct Lending Investments, LLC ("DLI"), Direct Lending Income Fund, L.P. ("DLIF"), Direct Lending Income Feeder Fund, Ltd. ("DLIFF"), DLI Capital, Inc., DLI Lending Agent, LLC, DLI Assets Bravo LLC ("DLIAB"), and their successors, subsidiaries and affiliated entities (collectively, the "Receivership Entities") pursuant to the Preliminary Injunction Order and Order Appointing Permanent Receiver issued April 1, 2019 ("Receiver Order") (Doc. No. 10).

By this Motion, the Receiver seeks an order for the following relief:

1. For approval of the Distribution Plan proposed by the Receiver and attached as Exhibit "2" to the Declaration of Bradley D. Sharp in support of the Motion. A copy of the Receiver's Distribution Plan is available for review at the Receiver's

Claims Agent website: https://case.stretto.com/dli/civildocket. The Distribution Plan, once approved by the Court, will dictate the process by which assets of the Receivership Entities will be distributed.

The Distribution Plan divides the classes of claimants into the following general categories and provides for the following priority treatment:

Class 1: Administrative Professional Fees and Claims[1] – to be paid in full up to the Allowed Amount of the Claims;

Class 2: Priority Claims – to be paid in full up to the Allowed Amount of the Claims;

Class 3: DLIFF's Allowed Claim pursuant to DLIFF Claims Stipulation - To share the funds remaining after payment of Classes 1 and 2, to be split on a *pro rata* basis with Class 4 DLIF Investor Claims pursuant to the DLIFF Claims Stipulation;

Class 4: DLIF Administrative Claims (4A) and DLIF Investor Claims (4B) – To share the funds remaining after payment of Classes 1 and 2, to be split on a *pro rata* basis with Class 3 DLIFF Claim pursuant to the Claims Stipulation. Class 4A will be paid up to the full amount of such Allowed DLIF Administrative Claims from distributions made in respect of the DLIF Claim under the Claims Stipulation prior to payment to Class 4B. Class 4B shall receive distribution of the remaining funds in Class 4 and distribution to Class 4B Investors shall be made pursuant to the Rising Tide methodology;

Class 5: Allowed General Unsecured Creditors – to receive distribution only upon payment in full of Classes 1, 2, 3 and 4, and to be paid *pro rata* with Classes 6 and 7;

Class 6: Allowed Indemnity Claims – to receive distribution only upon payment in full of Classes 1, 2, 3, and 4, and to be paid *pro rata* with Classes 5 and 7;

Class 7: Allowed Counter-Party Claims – to receive distribution only upon payment in full of Classes 1, 2, 3, and 4, and to be paid *pro rata* with Classes 5 and 6.

[1] Capitalized terms not defined herein have the same meanings assigned to them in the proposed Distribution Plan.

2. For approval of distribution to DLIF Investors in Class 4B based upon an equitable *pro rata* methodology called Rising Tide, that is, distributions will be made in an attempt to equalize the percentage of invested funds that are returned to each DLIF Investor without regard for whether those funds were returned by the perpetrators of the fraud pre-Receivership or paid under the Distribution Plan. This method provides for distributions to those investors who have yet to recover as much as all other investors. For further details, please consult the Distribution Plan.

3. For approval of the proposed interim distribution of $150 million pursuant to the terms of the Distribution Plan.

4. For an order approving the form of notice on the Motion provided to interested parties, creditors, and investors, who are potential creditors of the estate, by the Receiver (a) serving the Motion and related moving papers on all parties to the action; (b) serving by mail a notice of hearing on the Motion to all known creditors pursuant to Local Civil Rule 66-7; (c) posting a copy of the Motion on the Receiver's website for the case at https://cases.stretto.com/dli; and (d) causing Bankruptcy Management Solutions dba Stretto to provide by email a copy of the notice of hearing on the Motion to all known investors through its email service regularly used to provide notices and documents to investors pursuant to the applicable governing documents for DLIF and DLIFF, as sufficient notice and opportunity for hearing on the Motion under the circumstances.

The Motion is made following the Receiver's communications with counsel for the Securities and Exchange Commission under Local Rule 7-3, and the Receiver is informed that the SEC generally does not oppose the relief sought. A judgment of liability has been entered against the sole defendant DLI, which is under the supervision and control of the Receiver, making a conference with that entity unnecessary. Defendant DLI, the only other party to the action, has consented to entry of a bifurcated judgment as to liability but not damages, and given the

Receiver's appointment over the defendant, defendant DLI has no practical interest in the relief sought distinct from the Receiver. The Receiver has also communicated with Chris Johnson, one of the Joint Official Liquidators over the Off Shore Feeder Fund, and the Joint Official Liquidators do not oppose the relief sought.  There are numerous interested parties served with the Motion, making a pre-filing conference with the other interested parties impracticable.

      This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Declaration of Bradley D. Sharp filed concurrently, the separately-filed Notice of Hearing, the pleadings, records, and file of the Court in this action of which the Receiver requests the Court take judicial notice pursuant to Rule 201 of the Federal Rules of Civil Procedure, and upon such further oral argument, testimony and evidence as may be received at the hearing on this matter.

      PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-9, any party who opposes the Motion must, not later than 21 days before the date of the hearing on the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

DATED: November 20, 2020

DIAMOND McCARTHY LLP

By: */s/ Kathy Bazoian Phelps*
Kathy Bazoian Phelps
Counsel for Bradley D. Sharp,
Permanent Receiver

6

NOTICE OF MOTION AND MOTION OF RECEIVER FOR APPROVAL OF DISTRIBUTION PLAN; RISING TIDE DISTRIBUTION METHODOLOGY WITH RESPECT TO DLIF INVESTOR CLAIMS; PROPOSED INTERIM DISTRIBUTION; AND NOTICE OF DISTRIBUTION PLAN