**RAINES FELDMAN LLP**
KATHY BAZOIAN PHELPS (SBN 155564)
*kphelps@raineslaw.com*
DAVID CASTLEMAN (SBN 326812)
*dcastleman@raineslaw.com*
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone:  (310) 440-4100
Facsimile:  (310) 691-1943

*Proposed Counsel for Bradley D. Sharp,
Permanent Receiver*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT LENDING INVESTMENTS LLC,<br><br>Defendant. | Case No. 2:19−cv−02188−DSF−MRW<br>Hon. Dale S. Fischer<br><br>**NOTICE OF MOTION AND MOTION OF RECEIVER FOR ORDER:**<br><br>**(A) AUTHORIZING SUBSTITUTION IN OF RAINES FELDMAN LLP AS GENERAL COUNSEL;**<br>**(B) AUTHORIZING EMPLOYMENT OF RAINES FELDMAN AS CONTINGENCY LITIGATION COUNSEL WITH RESPECT TO CERTAIN AVOIDANCE ACTIONS; AND**<br>**(C) APPROVING FORM AND/OR LIMITATION OF NOTICE UNDER LOCAL CIVIL RULE 66-7**<br>*[MEMORANDUM OF POINTS AND AUTHORITIES AND SUPPORTING DECLARATION FILED CONCURRENTLY HEREWITH]* |

|   |   |
|---|---|
| Date: | May 24, 2021 |
| Time: | 1:30 p.m. |
| Dept.: | Courtroom 7D |
| Place: | United States District Court Western Division 350 West 1st Street, Los Angeles, CA 90012 |

PLEASE TAKE NOTICE THAT on May 24, 2021 at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 92701-4516, Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver"), will and hereby does make the Motion of Receiver for Order: (A) Authorizing Substitution In of Raines Feldman, LLP as General Counsel; (B) Authorizing Employment of Raines Feldman as Special Litigation Counsel With Respect to Certain Avoidance Actions; and (C) Approving Form and/or Limitation of Notice Under Local Civil Rule 66-7 ("Motion").

The Receiver hereby requests the Court approve his employment and compensation of Raines Feldman LLP ("Raines Feldman" or the "Firm") as general counsel to the Receiver, effective as of April 23, 2021, with compensation to be made upon application after notice and a hearing pursuant to Section XI of the Receiver Order. The Receiver intends to substitute in Raines Feldman as his general counsel; however, he contemplates continuing to use his current counsel, Diamond McCarthy LLP, to complete certain pending tasks as set forth herein on an hourly basis, and to also serve as special litigation counsel pursuant to separate fee agreements that are currently pending approval before the Court. The Receiver, Diamond McCarthy and Raines Feldman have all communicated and will coordinate going forward to carefully differentiate among tasks and to avoid any duplication of services. The proposed compensation to Raines Feldman for hourly services performed in the role of general counsel shall be charged on an hourly basis, subject to Court approval. The Firm has offered a 15% public service discount off its regular hourly rates for

purposes of the hourly engagement and will limit any annual increases in subsequent years to no more than 5% per year. The Firm's qualifications and rates are attached as Exhibits "2" through "4" to the Declaration of Kathy Bazoian Phelps.

The Receiver also seeks to employ Raines Feldman as contingency litigation counsel to pursue avoidance actions on a contingency basis, on the terms set forth in the engagement agreement (the "Engagement Agreement") to the Declaration of Bradley Sharp as Exhibit "1" and as set forth in more detail herein. Compensation for services performed in connection with the Net Winner Claims defined herein shall be pursuant to the contingency arrangement be approved pursuant to equivalent of the terms set forth in 11 U.S.C. § 328(a) on the terms set forth herein. The Receiver proposes that he be authorized to reimburse costs advanced by Raines Feldman and to pay earned contingency fees to Raines Feldman every 60 days, provided that sufficient recoveries have been received in connection with the Net Winner Claims, without further order of the Court.

The terms of the engagement to pursue the Net Winner Claims are summarized as follows:

1. The Receiver's investigation has revealed that some DLIF investors received total profits that the Receiver has calculated to be more then tens of millions in the aggregate in excess of the amounts of their principal investments in DLIF ("Net Winnings"). The Receiver contends that the Net Winnings are transfers made to the investors that are avoidable and recoverable for the benefit of DLIF investors ("Net Winning Claims").

2. The Firm shall be paid a contingency fee in amounts that progressively increase based on the time when a recovery is obtained. For claims settled in the first 45 days, the Firm's fee will be its discounted hourly rates or 20%, whichever is lower. The fee will thereafter increase to double the Firm's hourly rate or 25%, whichever is lower up until the filing of a complaint, and thereafter a fee of 30%, 35% or 40% depending on when in the litigation process a recovery is received.  If a case proceeds

to an appeal, the fee would be 50% of the recoveries on a given claim. The details of the fee structure are set forth in the Engagement Letter attached as Exhibit "1" to the Sharp Declaration.

3. For Recoveries received prior to the filing of a complaint in connection with the Claims, the Receiver shall pay the fee every 60 days as funds are available from collections on all Claims. The billings by the Firm on account of the Claims shall be maintained in the aggregate for all claims up through the filing of a Complaint for a given Claim and will not be maintained on a Claim by Claim basis prior to the filing of a Complaint. Upon the filing of a Complaint, billings for the Claim that is the subject of the Complaint will be maintained on a separate basis and any contingency fee to be paid to the Firm shall be paid only from the Recoveries in connection with that particular Claim.

4. All expenses in connection with prosecution of the Claims shall be paid from the Receivership Estate. The Firm will seek the Receiver's approval prior to incurring any Expense greater than $5,000 with the understanding that any expense over $5,000 must be approved by the District Court on an interim or final basis

Finally, the Motion seeks approval of the form of notice on the Motion provided to interested parties, creditors, and investors by the Receiver (a) serving the Motion and related moving papers on all parties to the action, (b) serving by mail a notice of hearing on the Motion to all known creditors pursuant to Local Civil Rule 66-7, (c) posting a copy of the Motion on the Receiver's website for the case at https://cases.stretto.com/dli; and (d) causing the Receiver's Court-approved claims agent, Bankruptcy Management Solutions dba Stretto, to provide by email a copy of the notice of hearing on the Motion to all known investors through its email service to investors in Direct Lending Income Fund, L.P. ("Domestic Feeder Fund") and Direct Lending Income Feeder Fund, Ltd. ("Off Shore Feeder Fund"), the receivership entities through which investments were obtained.

The Motion is made following the Receiver's communications with counsel for

the Securities and Exchange Commission under Local Rule 7-3, and the Receiver does not expect the SEC to oppose the relief sought. A judgment of liability has been entered against the sole defendant Direct Lending Investments, LLC, which is under the supervision and control of the Receiver, making a conference with that entity unnecessary. There are numerous interested parties served with the Motion, making a pre-filing conference with the other interested parties impracticable.

This Motion is based upon this Notice, the Memorandum of Points and Authorities, the concurrently filed Declarations of Bradley D. Sharp and Kathy Bazoian Phelps, the separate notice of hearing on the Motion, and upon such further oral argument, testimony and evidence as may be received at the hearing on this matter.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-9, any party who opposes the Motion must, not later than 21 days before the date of the hearing on the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

DATED: April 23, 2021        RAINES FELDMAN LLP

By:  /s/ *Kathy Bazoian Phelps*
    Kathy Bazoian Phelps
    Counsel for Bradley D. Sharp,
    Permanent Receiver