**RAINES FELDMAN LLP**
KATHY BAZOIAN PHELPS (SBN 155564)
*kphelps@raineslaw.com*
DAVID CASTLEMAN (SBN 326812)
*dcastleman@raineslaw.com*
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone:  (310) 440-4100
Facsimile:  (310) 691-1943

*Proposed Counsel for Bradley D. Sharp,*
*Permanent Receiver*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:19−cv−02188−DSF−MRW<br>Hon. Dale S. Fischer |
| Plaintiff, | **DECLARATION OF BRADLEY D. SHARP IN SUPPORT OF MOTION OF RECEIVER FOR ORDER:** |
| v. | |
| DIRECT LENDING INVESTMENTS LLC, | **(A) AUTHORIZING SUBSTITUTION IN OF RAINES FELDMAN LLP AS GENERAL COUNSEL;** |
| Defendant. | **(B) AUTHORIZING EMPLOYMENT OF RAINES FELDMAN AS CONTINGENCY LITIGATION COUNSEL WITH RESPECT TO CERTAIN AVOIDANCE ACTIONS; AND** |
| | **(C) APPROVING FORM AND/OR LIMITATION OF NOTICE UNDER LOCAL CIVIL RULE 66-7** |

1

Date:   May 24, 2021
Time:   1:30 p.m.
Dept.:  Courtroom 7D
Place:  United States District Court
        350 West 1st Street,
        Los Angeles, CA 90012

I, Bradley D. Sharp, declare and state:

1.      I was appointed Receiver by this Court for defendant Direct Lending Investments LLC ("DLI"), Direct Lending Income Fund, L.P. ("DLIF"), Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, and DLI Assets Bravo LLC, and their successors, subsidiaries, and affiliated entities (the "Receivership Entities") by order entered on April 1, 2019.

2.      I submit this Declaration in support of the Motion for Order: (A) Authorizing Substitution in of Raines Feldman, LLP as General Counsel; (B) Authorizing Employment of Raines Feldman as Special Litigation Counsel With Respect to Certain Avoidance Actions; and (C) Approving Form and/or Limitation of Notice Under Local Civil Rule 66-7 ("Motion").

3.      I have personal knowledge of the facts set forth in this Declaration, and, if called to testify, could testify competently thereto.

4.      Pursuant to the Preliminary Injunction Order and Order Appointing Permanent Receiver (Dkt. No. 10) ("Receiver Order"), I have been given the full powers of an equity receiver over all funds, property, assets, and choses in action belonging to, being managed by or in the possession or control of, the Receivership Entities and to sue, collect, and take into possession all such property. I am also authorized to make agreements as may be necessary and advisable in discharging my duties as permanent receiver.

5.      After I was appointed, I determined that in order to perform my duties and obligations as defined by the Court's Receiver Order, I required the assistance of

2

general counsel. In that light, on April 12, 2019, I filed a motion to employ Diamond McCarthy LLP ("Diamond McCarthy") as my general counsel, relying in part on the experience of one of the lawyers at that firm, Kathy Bazoian Phelps. The Court approved my employment of Diamond McCarthy as general counsel on May 14, 2019.

6.      Ms. Phelps has recently moved to the law firm of Raines Feldman LLP. I wish to continue to use her services as both general counsel in the Receivership and as special litigation counsel on a contingency basis to handle certain avoidance actions. I also contemplate that Ms. Phelps and Raines Feldman may assist me on other potential litigation matters as they may arise in the case going forward.

7.      I do, however, also wish to continue to utilize the services of Diamond McCarthy primarily as litigation counsel on certain identified litigation matters and to otherwise complete certain discrete tasks which are underway which I believe would be most cost effective to leave in place at Diamond McCarthy. I anticipate continuing to use the services of Diamond McCarthy specifically for the following matters, and those services will not be duplicated by Raines Feldman unless Diamond McCarthy is unwilling or unable to handle them on a going forward basis:

    a.  The continued review of filed investor claims for the purpose of determining the appropriateness of claims objections;

    b.  Addressing certain issues regarding the allowance of claim amounts on certain identified claims

    c.  The handling of all communications and investigations relating to the VoIP Guardian bankruptcy and receivable.

    d.  Any issues that arise relating to Investment M

    e.  The handling of the litigation matters relating to the professionals and service providers that supported the Receivership Entities pre-receivership, including claims against Deloitte & Touche, Duff & Phelps, and Eisner Amper

SHARP DECLARATION IN SUPPORT OF
MOTION TO EMPLOY RAINES FELDMAN LLP

f. The handling of litigation matters relating to claims or potential claims against the officers and directors of the Receivership Entities.

g. The handling of one net winner claim in light of a conflict at Raines Feldman. I believesit is appropriate for Diamond McCarthy to handle this on an hourly basis.

h. To respond to requests for documents upon consultation with me and Raines Feldman.

8. With the exception of the matters set forth in the preceding paragraph, I intend on using the services of Raines Feldman as my general counsel in the Receivership case. Raines Feldman shall assist me in the Receivership proceeding by providing the following services as requested, but excluding the specifically delineated matters to be handled by Diamond McCarthy as set forth above:

a. To represent and advise me with respect to my powers and duties as Receiver and actions to be taken in connection therewith;

b. To assist me with any necessary applications, orders, reports, or other legal papers, including any papers or pleadings that I may file in this or any other related proceedings and to appear on behalf of the estate in proceedings or legal actions instituted by or against me as Receiver or the Receivership's estate, including but not limited to filing fee applications, status reports, budgets and motions for approval of administrative matters and settlements;

c. To assist and advise me regarding implementation of the Distribution Plan and such further actions as may be required in connection with my administration of the estate;

d. To advise and assist me in connection with the investigation of the acts, conduct, assets, liabilities and financial condition of the estate and any other matters affecting the estate, or my rights and duties as Receiver.

SHARP DECLARATION IN SUPPORT OF
MOTION TO EMPLOY RAINES FELDMAN LLP

e. To handle the documentation and negotiation relating to the administration of any of the remaining loan portfolio assets (with the exception of VoIP and Investment M), including overseeing the probate and collection against Peter Baer.

f. To consult with the Receiver regarding other potential litigation claims and to represent the Receiver in such litigation at the request of the Receiver.

9. On March 12, 2021, I filed a Motion for Authority to Pursue Avoidance Actions, Approval of Proposed Procedures, and Approval of Form and/or Limitation of Notice Under Local Rule 66-7 ("Avoidance Actions Motion"), which has been approved by the Court [Doc. 356]. The investigations of my professionals have revealed that some DLIF investors were paid substantial returns prior to the receivership. Those investors received total profits that we have calculated to be in tens of millions of dollars in the aggregate more than the amounts of their principal investments in DLIF ("Net Winnings"). We estimate that several hundred DLIF investors received Net Winnings ("Net Winners"). As detailed in the Avoidance Actions Motion, I contend that the Net Winnings are transfers made to the investors that are avoidable and recoverable for the benefit of DLIF investors ("Net Winning Claims"). The Avoidance Actions Motion, which has been approved by the Court, sought court approval of specific procedures for pursuing and settling the Net Winner Claims.

10. To mitigate the risk to the estate, Raines Feldman and I have agreed to terms of a contingency fee arrangement for prosecuting the Net Winner Claims. This arrangement would not otherwise impact or affect the previously approved hourly employment arrangement for services of either Diamond McCarthy or Raines Feldman unrelated to the Net Winner Claims. I am advised that Diamond McCarthy has incurred less than $20,000 in fees relating to evaluation of the Net Winner Claims since I have

SHARP DECLARATION IN SUPPORT OF
MOTION TO EMPLOY RAINES FELDMAN LLP

contemplated handling the matter on a contingency basis and I believe that payment to that firm of those fees on an hourly basis separate from this engagement with Raines Feldman is appropriate. I contemplate that the contingency fee arrangement with Raines Feldman would commence as of April 23, 2021, and that no hourly fees would be paid to Raines Feldman in connection with the Net Winner claims unless specifically incurred in connection with the contingency fee arrangement.

11.    The terms of the engagement with Raines Feldman are subject to Court approval and are contained in the proposed engagement agreement attached as Exhibit "1" hereto.

12.    I believe that the proposed contingency fee arrangement is reasonable and should be approved pursuant to the equivalent of 11 U.S.C. § 328(a). I believe in my business judgment that the proposed fee arrangement is the most cost-effective and risk adverse fee arrangement under the circumstances. The proposed fee arrangement tracks the procedures laid out in the Avoidance Actions Motion and seeks to resolve the Net Winner Claims as efficiently and cost effectively as possible.

11.    In my judgment, Raines Feldman possesses the requisite resources and is highly qualified to serve as my counsel in prosecuting the Net Winner Claims. Notably, Ms. Phelps has served as my counsel since the onset of the receivership and therefore is greatly knowledgeable of the facts of this case. She has also assisted me with claims administration and distributions and has taken the laboring oar in formulating the proposed procedures to pursue Net Winner Claims and in filing the Avoidance Actions Motion to obtain Court approval of those procedures. I thus believe that employing her new firm, Raines Feldman, who separately has deep litigation and insolvency experience, as contingency counsel with respect to the Net Winner Claims would best serve the interests of the estate.

12.    I also request authority to reimburse costs advanced by Raines Feldman from the estate and to pay earned contingency fees to Raines Feldman pursuant to the terms of the engagement agreement without further order of the Court. The manner of

6

SHARP DECLARATION IN SUPPORT OF
MOTION TO EMPLOY RAINES FELDMAN LLP

calculating the contingency fee is straightforward and set forth in detail in the agreement. I make this request because I am concerned that should a settlement or the payment of contingency fees to Raines Feldman on account of a settlement become public, some Net Winners may try to gain an unfair advantage from that information. The filed contingency fee motions would necessarily reflect the settlement amounts and will show the Receiver's strategy, strengths, and weaknesses of the cases, thereby negatively affecting my negotiation power and recovery potential. That is why the Avoidance Actions Motion proposes procedures that allow for me to consummate settlements in my business judgment without further leave of the Court as long as the settlements fall under certain benchmarks laid out in that motion. To the extent that a settlement does not fall within the benchmarks, the Avoidance Actions Motion requests authority to file a motion to approve the settlement under seal.

13.     I believe that Raines Feldman is well-qualified to serve as my general and contingency litigation counsel. The qualifications of the Firm and Ms. Phelps are substantial. The Firm's experience and the biographies of the lawyer who are anticipated to work on this matter are attached to the Declaration of Kathy Bazoian Phelps as Exhibit "2" and "3."

14.     Raines Feldman has agreed to discount its rates for its professionals by 15%.  The Firm's hourly rates are attached to the Phelps Declaration as Exhibit "4."

15.     To the best of my knowledge, Raines Feldman and all of its professionals are disinterested persons, and neither Raines Feldman nor any of its professionals or employees are connected with the Receivership Entities, investors, or creditors, except as follows:

a.     VoIP Guardian: I am advised that Raines Feldman filed the bankruptcy petition for VoIP in the bankruptcy proceeding in which the Receiver is the largest creditor. The bankruptcy trustee of VoIP, Timothy Yoo, holds the attorney client privilege of VoIP, and I am advised that the Trustee has already obtained information from Raines Feldman regarding this matter.

7

The interests of the receivership estate and the Trustee of VoIP are aligned and the Trustee and I have previously entered into a Common Interest and Confidentiality Agreement dated June 10, 2019. I do not believe that any conflicts exists. As a matter of precaution, however, I have asked Diamond McCarthy to continue to handle all matters relating to the VoIP bankruptcy proceeding, so Raines Feldman will not have any involvement with that bankruptcy proceeding.

b.     Investment M: I am advised that two former lawyers at Raines Feldman, who are no longer with that firm, represented the counterparty identified in this Receivership case as Investment M. The Receiver has settled all claims with respect to the Receivership Entities business transactions with Investment M and there is no ongoing relationship other than the potential future contingent payment to be received from this counterparty pursuant to a Court-approved settlement agreement. I do not believe that any conflict of interest exists but, as a matter of precaution, I have asked Diamond McCarthy to handle any future issues that may arise with respect to Investment M, although none are expected at this time. Raines Feldman will not have any involvement with Investment M and no lawyers remain at the Firm with any knowledge regarding the matter.

c.     One net winner recipient: I am advised that one former investor of DLIF is a client of Raines Feldman and may be a target of a Net Winner Claims. Both the Firm and I do not believe it is appropriate for Raines Feldman to pursue this one claim and, accordingly, I have asked Diamond McCarthy to handle this one claim as conflicts claim. Diamond McCarthy has agreed to handle this matter on an hourly basis at its discounted rate.

16.     I will exercise business judgment and oversight regarding the nature and duration of the services to be performed by both Diamond McCarthy and Raines Feldman to avoid duplication of services. I believe that the division of labor proposed

in the Motion is the most cost-effective means of administering the estate and best utilizes the resources at each firm without creating any duplication.  I have met with both firms to discuss the specific tasks that each firm will handle and both firms understand and agree. I am confident that the firms and I can work together to avoid any duplication of services and that the use of both firms is in the best interest of the estate as each will be able to focus solely on the tasks assigned to them.

17.    I believe that the terms of the employment of Rains Feldman for both the general counsel services and as contingency counsel as set forth in the Motion are appropriate and are in the best interest of the estate.

18.    There are approximately 975 investors in the Receivership Entity both in the United States and overseas.  I have a website for investors to obtain information regarding the receivership (https://cases.stretto.com/dli). Additionally, I have directed my Court-approved claims agent, Bankruptcy Management Solutions dba Stretto ("Stretto"), to send by email the notice of hearing on this Motion to all investors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 23, 2021, at San Juan Capistrano, California.


Bradley D. Sharp
Permanent Receiver

SHARP DECLARATION IN SUPPORT OF
MOTION TO EMPLOY RAINES FELDMAN LLP