**RAINES FELDMAN LLP**
KATHY BAZOIAN PHELPS (SBN 155564)
kphelps@raineslaw.com
DAVID CASTLEMAN (SBN 326812)
dcastleman@raineslaw.com
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

*Counsel for Bradley D. Sharp,
Permanent Receiver*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT LENDING INVESTMENTS LLC,<br><br>Defendant. | Case No. 2:19−cv−02188−DSF−MRW<br><br>**NOTICE OF MOTION AND MOTION OF RECEIVER FOR ORDER FOR: (1) APPROVAL OF BUDGET FROM AUGUST 1, 2021 TO DECEMBER 31, 2021; (2) EXTENSION OF AUTHORITY FOR RECEIVER'S EMPLOYMENT AND PAYMENT OF ORDINARY COURSE PROFESSIONALS AND ELITE DISCOVERY, INC.; (3) APPROVAL OF ONE TIME ADMINISTRATIVE CLAIMS TO PROFESSIONALS; AND (4) APPROVAL OF FORM AND/OR LIMITATION OF NOTICE UNDER LOCAL CIVIL RULE 66-7**<br><br>Date: August 30, 2021<br>Time: 1:30 p.m.<br>Dept.: Courtroom 7D<br>Place: United States District Court<br>Western Division<br>350 West 1st Street,<br>Los Angeles, CA 90012 |

PLEASE TAKE NOTICE THAT on August 30, 2021, at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 92701-4516, a hearing has been scheduled on the Motion of Receiver for Order for: (1) Approval of Budget From August 1, 2021 through December 31, 2021; (2) Extension of Authority for Receiver's Employment and Payment of Ordinary Course Professionals and Elite Discovery, Inc.; (3) Approval of One Time Administrative Claims to Professionals; and (4) Approval of Form and/or Limitation of Notice Under Local Civil Rule 66-7 (the "Motion") filed by Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver"). By this Motion, the Receiver seeks an order for the following relief:

1. **Approval of Budget:** The Receiver seeks authority to operate the receivership estate and pay receivership expenses in the course of the operations for the period from August 1, 2021 through December 31, 2021, pursuant to the budget attached to the Declaration of Bradley D. Sharp as Exhibit "2" subject to a variance or overage of up to 10% of the overall expenses projected for the budget period.

2. **Ordinary Course Professionals (Other than Excepted Professionals)**: The Receiver seeks an order extending the Receiver's authority to employ and pay ordinary course professionals, including accountants and attorneys previously employed in the ordinary course of the Receivership Entities' business as listed on Exhibit "3" to the Sharp Declaration (the "OCP Schedule"), and/or other alternative professionals engaged by the Receiver selected by the Receiver in his discretion and business judgment to perform the same or similar functions necessary or appropriate to maintain and preserve the business, and enforce and collect loans and collateral securing loans included in the portfolio of assets of the Receivership Entities ("Ordinary Course Professionals"), in amounts less than $10,000 per month per professional firm for the period from August 1, 2021 through December 31, 2021, without fee applications and without further notice, hearing, approval or order

1

Case No. 2:19−cv−02188−DSF−MRW     MOTION FOR APPROVAL OF BUDGETS
                                   THROUGH DECEMBER 31, 2021

2911494.1

of the Court. The foregoing request does not apply to the ordinary course professionals Opus and Millennium, whose employment and payment is subject to the Court's prior Order entered July 3, 2019 (Doc. No. 88), the Parker Firm and BARR, whose employment and payment is subject to the Court's prior Order entered October 2, 2019 (Doc. No. 142), and Elite Discovery, Inc., whose employment and payment is subject to the Court's prior Order entered January 8, 2020 (Doc. No. 208) (collectively, the "Excepted Professionals"). The amount of such payments to the Ordinary Course Professionals other than the Excepted Professionals shall not exceed $9,999 and may be subject to a variance or overage of up to 10% of the estimated payment amounts listed on Exhibit "3."

### 3. One Time Payments of Administrative Claims of Professionals

The Receiver has reviewed and evaluated certain administrative claims asserted by professionals who have not been employed in this case. Subject to Court approval, the Receiver believes that the following administrative claims of the professionals indicated are reasonable and that these professionals provided the value indicated to the estate. Given that the services have already been provided and were largely in the nature of providing information and documentation to the Receiver to assist and facilitate the sharing of information and their work product with the Receiver upon his appointment, the Receiver does not believe that separate Court authority employing them as professionals in the case to provide any additional services is necessary. Accordingly, the Receiver requests authority to pay the following two law firms the amounts indicated on an administrative basis:

Mintz Levin:                          $23,318.64
Kasowitz Benson Torres LLP:           $37,525.32

4. **Notice:** An order approving the form of notice on the Motion provided to interested parties, creditors, and investors, who are potential creditors of the estate, by the Receiver (a) serving the Motion and related moving papers on all parties to the

action; (b) serving by mail this notice of hearing on the Motion to all known creditors pursuant to Local Civil Rule 66-7; (c) posting a copy of the Motion on the Receiver's website for the case at https://case.stretto.com/dli; and (d) causing Bankruptcy Management Solutions dba Stretto to provide by email a copy of the notice of hearing on the Motion to all known investors through its email service regularly used to provide notices and documents to investors pursuant to the applicable governing documents for Direct Lending Income Fund, L.P. ("Domestic Feeder Fund") and Direct Lending Income Feeder Fund, Ltd. ("Off Shore Feeder Fund"), as sufficient notice and opportunity for hearing on the Motion under the circumstances.

Given the timing of the Receiver's filing of the Motion and the track record of the receivership in its financial reporting, budgets, and its use of Ordinary Course Professionals, and given the progress of receivership activities in addressing myriad administrative, portfolio, investigation, and other issues, the Receiver is requesting that the Court approve the budget from August 1, 2021 through December 31, 2021. The Receiver believes approving the budget and payment to Ordinary Course Professionals other than Excepted Professionals, through December 31, 2021, will be more efficient and cost-effective for the estate, and will conserve judicial resources by reducing the number of motions presented on these routine administrative matters.

The Motion is made following the Receiver's communications with counsel for the Securities and Exchange Commission under Local Rule 7-3. The Receiver does not expect the SEC to oppose the relief sought. A judgment of liability has been entered against the sole defendant Direct Lending Investments, LLC, which is under the supervision and control of the Receiver, making a conference with that entity unnecessary. Defendant DLI, the only other party to the action has consented to entry of a bifurcated judgment as to liability but not damages, and given the Receiver's appointment over the defendant, defendant DLI has no practical interest in the relief sought distinct from the Receiver. There are numerous interested parties served with

the Motion, making a pre-filing conference with the other interested parties impracticable.

The Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Bradley D. Sharp filed concurrently, the separate Notice of Hearing, and upon such further oral argument, testimony and evidence as may be received at the hearing on this matter.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-9, any party who opposes the Motion must, not later than 21 days before the date of the hearing on the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

DATED: July 29, 2021                    RAINES FELDMAN LLP

By:   /s/ *Kathy Bazoian Phelps*
Kathy Bazoian Phelps
Counsel for Bradley D. Sharp
Permanent Receiver