1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

13

          v.

14
15

DIRECT LENDING INVESTMENTS
LLC,

16

          Defendant.

Case No.  CV 19−02188 DSF (MRWx)

**ORDER GRANTING MOTION OF
RECEIVER FOR ORDER FOR: (1)
APPROVAL OF BUDGET FROM
AUGUST 1, 2021 TO DECEMBER 31,
2021; (2) EXTENSION OF
AUTHORITY FOR RECEIVER'S
EMPLOYMENT AND PAYMENT OF
ORDINARY COURSE
PROFESSIONALS AND ELITE
DISCOVERY, INC.;  (3) APPROVAL
OF ONE TIME ADMINISTRATIVE
CLAIMS TO PROFESSIONALS; AND
(4) APPROVAL OF FORM AND/OR
LIMITATION OF NOTICE UNDER
LOCAL CIVIL RULE 66-7**

17
18
19
20
21
22
23
24
25
26
27
28

The Court having reviewed and considered the Motion of Receiver for Order for: (1) Approval of Budget From August 1, 2021 through December 31, 2021; (2) Extension of Authority for Receiver's Employment and Payment of Ordinary Course Professionals and Elite Discovery, Inc.; (3) Approval of One Time Administrative Claims to Professionals; and (4) Approval of Form and/or Limitation of Notice Under Local Civil Rule 66-7 filed by Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver"). and all supporting pleadings and, and good cause appearing,

IT IS ORDERED that:

1.     The Motion is granted;

2.     The Receiver is authorized to operate the receivership estate and pay receivership expenses in the course of operations for the period of August 1, 2021 through December 31, 2021, pursuant to the budget attached to the Declaration of Bradley D. Sharp in support of the Motion ("Sharp Declaration") as Exhibit "2", subject to a variance or overage of up to 10% of the overall expenses projected for the budget period;

3.     The Receiver is authorized to employ and pay ordinary course professionals, including accountants and attorneys previously employed in the ordinary course of the Receivership Entity's business as listed on Exhibit "3" (the "OCP Schedule") to the Sharp Declaration, and/or other alternative professionals engaged by the Receiver selected by the Receiver in his discretion and business judgment to perform the same or similar functions necessary or appropriate to maintain and preserve the business, and enforce and collect loans and collateral securing loans included in the portfolio of assets of the Receivership Entity ("Ordinary Course Professionals"), in amounts less than $10,000 per month per professional firm for the period from August 1, 2021 through December 31, 2021 without fee applications and without further notice, hearing,

approval or order of the Court, except for (a) Opus and Millennium, whose employment and payment is subject to the Court's prior Order entered July 3, 2019 (Doc. No. 88), (b) the Parker Firm and BARR whose employment and payment is subject to the Court's prior Order entered October 2, 2019 (Doc. No. 142), and (c) Elite Discovery, Inc., whose employment and payment is subject to the Court's prior Order entered January 8, 2020 (Doc. No. 208) (collectively, the "Excepted Professionals"). The amount of such payments to the Ordinary Course Professionals other than the Excepted Professionals shall not exceed $9,999 and may be subject to a variance or overage of up to 10% of the estimated payment amounts listed on Exhibit "3" to the Sharp Declaration;

4.   The Court approves one-time administrative claims to professionals as follows:

Mintz Levin:                                    $23,318.64

Kasowitz Benson Torres LLP:      $37,525.32

5.   The form of notice on the Motion provided to interested parties, creditors, and investors, who are potential creditors of the estate, by the Receiver (a) serving the Motion and related moving papers on all parties to the action; (b) serving by mail a notice of hearing on the Motion to all known creditors pursuant to Local Civil Rule 66-7; (c) posting a copy of the Motion on the Receiver's website for the case at https://case.stretto.com/dli; and (d) causing Bankruptcy Management Solutions dba Stretto to provide by email a copy of the notice of hearing on the Motion to all known investors through its email service regularly used to provide notices and documents to investors pursuant to the applicable governing documents for Direct Lending Income Fund, L.P. ("Domestic Feeder Fund") and Direct Lending Income Feeder Fund,

Ltd. ("Off Shore Feeder Fund"), is hereby approved and deemed sufficient notice and opportunity for hearing on the Motion under the circumstances.

IT IS SO ORDERED.

DATED: August 23, 2021

_____
DALE S. FISCHER
United States District Judge