CHRISTOPHER D. SULLIVAN (148083)
*csullivan@diamondmccarthy.com*
STACEY L. PRATT (124892)
*stacey.pratt@diamondmccarthy.com*
DIAMOND MCCARTHY LLP
150 California Street, Suite 2200
San Francisco, CA 94111
Phone: (415) 692-5200

*Counsel for Bradley D. Sharp,
Permanent Receiver*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT LENDING INVESTMENTS, LLC,<br><br>Defendant. | Case No. 2:19−cv−02188−DSF−MRW<br>Hon. Dale S. Fischer<br><br>**NOTICE OF AMENDED MOTION AND AMENDED MOTION OF RECEIVER FOR (1) APPROVAL OF SETTLEMENT WITH DELOITTE ENTITIES; (2) ENTRY OF SCHEDULING ORDER; AND (3) ENTRY OF ORDER APPROVING SETTLEMENT**<br><br>Date: July 25, 2022<br>Time: 1:30 p.m.<br>Dept.: Courtroom 7D<br>Place: United States District Court<br>     Western Division<br>     350 West 1st Street<br>     Los Angeles, CA 90012<br><br>*[MEMORANDUM OF POINTS AND AUTHORITIES AND SUPPORTING DECLARATIONS FILED CONCURRENTLY HEREWITH]* |

1     PLEASE TAKE NOTICE THAT on July 25, 2022, at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 92701-4516, Bradley D. Sharp, the Court-appointed permanent receiver ("Receiver"), will and hereby does make this Amended Motion for Approval of Settlement with Deloitte Entities; Entry of Scheduling Order; and Entry of Order Approving Settlement Agreement ("Amended Motion").

The Amended Motion concerns a proposed settlement among and between, on the one hand, (a) the Receiver for the estate of Direct Lending Investments, LLC, Direct Lending Income Fund, L.P., Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, DLI Assets Bravo LLC (collectively, "DLI Receivership Entities"); (b) Bradley D. Sharp and Christopher D. Johnson, in their capacities as Joint Official Liquidators ("JOLs") of Direct Lending Income Feeder Fund, Ltd. (in official liquidation) ("DLIFF") (DLIFF, together with the DLI Receivership Entities, "DLI Entities"); (c) investors in the DLI Entities ("Investors") that participated in the mediation and identified in Exhibit "A" to the Amended Confidential Settlement Agreement and Release ("Party Investors") (specifically, those Investors represented by The Meade Firm P.C., Reiser Law P.C., and Levine Kellogg Lehman Schneider + Grossman LLP, those Investors that are plaintiffs in the action *Jackson v. Deloitte & Touche LLP*, Case No. 20GDCV00419 (Ca. Super. Ct.) and represented by Nystrom Beckman & Paris LLP, those Investors represented by Bragar, Eagel & Squire PC, and those Investors that are putative lead plaintiffs in the action *Marcia Kosstrin Trust and Professional Home Improvements, Inc. Retirement Plan v. Direct Lending Investments, LLC, et al.*, Case No. 2:19-cv-02452 (C.D. Cal.) and represented by putative class counsel Ahdoot and Wolfson PC and Milberg Phillips Grossman LLP); and, on the other hand, (d) Deloitte & Touche, LLP, Deloitte Tax LLP, and Deloitte & Touche Cayman Islands (collectively, the "Deloitte Entities"). The Receiver, JOLs, the DLI Entities, the Party Investors and the Deloitte

1

2:19-cv-02188-DSF-MRW     NOTICE OF AMENDED MOTION AND AMENDED MOTION OF RECEIVER FOR APPROVAL OF SETTLEMENT WITH DELOITTE ENTITIES

Entities are referred to as the "Parties."

On April 8, 2021, the Receiver filed the Motion for (i) Approval of Settlement Agreement with Deloitte Entities; (ii) Entry of Scheduling Order; and (iii) Entry of Bar Order (Dkt. No. 532) ("Previous Motion"). On June 14, 2021, the Court held a hearing on the Previous Motion. At the hearing, the Court directed certain questions to the Parties and requested "supplemental briefing as discussed on the record." (Dkt. No. 646). Since then, the Parties have worked diligently over many months to respond to the Court and have substantially modified the Settlement[1]. The terms of the modified Settlement are contained in the Amended Confidential Settlement Agreement and Release ("Amended Settlement Agreement") attached as Exhibit 1 to the Declaration of Bradley D. Sharp in support of the Amended Motion.

By this Amended Motion, the Receiver seeks an order for the following relief:

*First*, the Receiver requests that the Court find that notice of the hearing on the Amended Motion scheduled for July 25 2022, be deemed adequate.

*Second,* that the Court enter an order substantially in the form of Exhibit "B" to the Amended Settlement Agreement ("Scheduling Order"). The Scheduling Order preliminarily approves the Settlement, establishes the form and content of the notices, method and manner of service and publication, sets a hearing to consider the final approval of the Amended Settlement Agreement, and provides an opportunity for objections and participation in the final approval hearing.

*Third*, the Receiver requests that, after the procedures delineated in the Scheduling Order have been met, the Court enter an order substantially in the form and substance as Exhibit "E" to the Amended Settlement Agreement ("Order Approving Settlement"). The Order Approving Settlement Agreement will serve as the Court's final order approving the Amended Settlement Agreement.

---

[1] Capitalized terms not defined herein shall have the same meaning as that in the Amended Confidential Settlement Agreement and Release.

2

2:19-cv-02188-DSF-MRW    NOTICE OF AMENDED MOTION AND AMENDED MOTION OF RECEIVER FOR APPROVAL OF SETTLEMENT WITH DELOITTE ENTITIES

The material terms of the Amended Settlement Agreement are summarized below. The complete terms of the Settlement are detailed in the Amended Settlement Agreement.

1. Settlement Amount. The Deloitte Entities agree to pay the total sum of thirty-one million dollars ($31,000,000) ("Settlement Amount"). Amended Settlement Agreement, § 2.1.

2. Grand Court Sanction. The JOLs are to make an application to the Grand Court of the Cayman Islands seeking an order holding that the JOLs have sanction to enter into the Amended Settlement Agreement without modification (other than immaterial modifications with materiality to be agreed between the JOLs and the Deloitte Entities), and to take all necessary steps to consummate the Settlement ("Sanction Order"). Within seven (7) days after the Execution Date, the JOLs shall make an application by way of an interlocutory summons to the Grand Court requesting the Grand Court to make the Sanction Order ("Summons"). Amended Settlement Agreement, § 2.2.

3. Approval by this Court. The Receiver is to seek approval from this Court of the terms of the Amended Settlement Agreement in their entirety without modification, and the entry of the Order Approving Settlement, with no modification (other than immaterial modifications, with materiality to be determined by the Deloitte Entities in their good-faith discretion). Amended Settlement Agreement, § 2.3.

4. Within one day after the JOLs have filed the Summons, the Receiver is to file the Amended Motion requesting entry of an order substantially in the form as the Scheduling Order. This Amended Motion will be noticed for a hearing to be held at least sixty (60) days after the Amended Motion is filed to allow for the Sanction Order to be entered. In the event the Sanction Order is not entered by the hearing date on the Amended Approval Motion, the Receiver shall request this Court to postpone the hearing to allow for the Grand Court to issue a decision on the Summons. If the Grand Court does not enter the Sanction Order or such order does not become Final, the Receiver is to withdraw the Amended Motion. Amended Settlement Agreement, §§ 2.3(a)(i), (vi).

3

2:19-cv-02188-DSF-MRW          NOTICE OF AMENDED MOTION AND AMENDED
                               MOTION OF RECEIVER FOR APPROVAL OF
                               SETTLEMENT WITH DELOITTE ENTITIES

5. All Parties' Right to Withdraw. If this Court does not enter the Order Approving Settlement, or such order does not become Final, any Party shall have the right to withdraw by providing thirty (30) days written notice of withdrawal to the other Parties. In the event this Court does provide the approval and enters the Order Approving Settlement, or such order does become Final, within any thirty (30) day withdrawal notice period, such notice of withdrawal shall become ineffective. Amended Settlement Agreement, § 2.5(a).

6. If the Grand Court does not enter the Sanction Order within sixty (60) days from the day on which the JOLs file the Summons or if the Summons is not submitted within seven (7) days after the Execution Date as required in provided in § 2.2(a)(i) of the Amended Settlement Agreement, any Party has the right to withdraw by providing thirty (30) days written notice of withdrawal to the other Parties. In the event the Grand Court enters the Sanction Order within any thirty (30) day withdrawal notice period, such notice of withdrawal shall become ineffective. Amended Settlement Agreement, § 2.5(b).

7. Opt Out Rights. The Amended Settlement Agreement allows for Investors to exclude themselves from the Settlement pursuant to the procedures described in Exhibits H and I to the Amended Settlement Agreement ("Opt Out Notices").  Those Investors that exclude themselves from the Settlement through the required procedures are referred to as "Opt-out Investors." Investors that do not exclude themselves from the Settlement through the required procedures are referred to as "Participating Investors." "Participating DLIF Investors" means DLIF Investors that are also Participating Investors and "Participating DLIFF Investors" means DLIFF Investors that are also Participating Investors. Amended Settlement Agreement, §§ 1.16-1.20.

8. Only Claimants and Participating DLIF Investors shall be eligible to receive any portion of the Settlement Amount from the Receiver. The distribution of the Settlement Amount to DLIFF Investors will be determined in accordance with Cayman Islands law. Amended Settlement Agreement. Amended Settlement Agreement, § 2.9.

9. Deloitte Entities Right to Withdraw. In the event that the Opt-out Investors exceed a certain threshold agreed upon by the Parties to the Settlement, the Deloitte Entities have the sole right to withdraw from the

4

2:19-cv-02188-DSF-MRW                    NOTICE OF AMENDED MOTION AND AMENDED
                                         MOTION OF RECEIVER FOR APPROVAL OF
                                         SETTLEMENT WITH DELOITTE ENTITIES

Settlement. Simultaneously with the Amended Approval Motion, counsel for the Parties have executed a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). Amended Settlement Agreement, § 2.6.

10. Releasing Claimant and Participating DLIF Investors' Release of Released Deloitte Entities. Each Releasing Claimant and each Participating DLIF Investor, shall fully, finally, and forever release, covenant not to sue, and discharge each of the Released Deloitte Entities from any and all Released Claims held by, on behalf of, for the benefit of, or in the name of the Releasing Claimant. Amended Settlement Agreement, §§1.20, 4.1(a).

11. Each Releasing Claimant and Participating DLIF Investor, for good and valuable consideration, shall not to cause, authorize, voluntarily assist, or cooperate in, or induce any Third Party to pursue the commencement, maintenance, or prosecution of any action or proceeding (whether in the United States, the Cayman Islands, or elsewhere) relating to or arising from any Released Claims against any of the Released Deloitte Entities. This provision does not restrict a Releasing Claimant or Participating DLIF Investor from testifying truthfully if subpoenaed as a witness. Amended Settlement Agreement, § 4.1(c).

12. Bar Order. Each Releasing Claimant and each Participating Investor shall forever be barred and enjoined from prosecuting against any of the Released Deloitte Entities, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any state or federal court, arbitration proceeding, or other forum in the United States that relates to, is based upon, arises from, or is connected with the professional services provided by the Deloitte Entities to the DLI Entities. Amended Settlement Agreement, § 4.1(b).

13. Proportionate Fault Reduction. Any final verdict or judgment obtained by or on behalf of any Claimant or Participating DLIF Investor against any Third Party shall be reduced by an amount that corresponds to the percentage of responsibility of the Released Deloitte Entities for common damages. However, where the law governing such final verdict or judgment ("Other Governing Law") requires a reduction in a different amount, the final verdict or judgment shall be reduced by an amount as

provided by such Other Governing Law. Amended Settlement Agreement, § 4.1(d).

The Amended Motion is made following the Receiver's communications with counsel for the Securities and Exchange Commission under Local Rule 7-3, and the Receiver is advised that the SEC generally does not oppose the Motion. A judgment of liability has been entered against the sole defendant Direct Lending Investments, LLC, which is under the supervision and control of the Receiver, making a conference with that entity unnecessary. The Receiver has also communicated with Chris Johnson, one of the Joint Official Liquidators over the Off Shore Feeder Fund, who has indicated he does not oppose the relief sought. There are numerous interested parties served with the Amended Approval Motion, making a pre-filing conference with the other interested parties impracticable.

This Amended Motion is based upon this Notice, the Memorandum of Points and Authorities, the concurrently filed Declaration of Bradley D. Sharp and Declaration of Christopher D. Sullivan, the separate notice of hearing, and upon such further oral argument, testimony and evidence as may be received at the hearing on this matter.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-9, any party who opposes the Amended Motion must, not later than 21 days before the date of the hearing on the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

6

2:19-cv-02188-DSF-MRW                NOTICE OF AMENDED MOTION AND AMENDED
                                     MOTION OF RECEIVER FOR APPROVAL OF
                                     SETTLEMENT WITH DELOITTE ENTITIES

DATED: May 24, 2022                    DIAMOND McCARTHY LLP

By: */s/ Christopher D. Sullivan*
    Christopher D. Sullivan
    Counsel for Bradley D. Sharp,
    Permanent Receiver

7

2:19-cv-02188-DSF-MRW     NOTICE OF AMENDED MOTION AND AMENDED
MOTION OF RECEIVER FOR APPROVAL OF
SETTLEMENT WITH DELOITTE ENTITIES