1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECT LENDING INVESTMENTS, LLC,<br><br>    Defendant. | No. 2:19-cv-02188-DSF-MRW<br><br>**ORDER GRANTING AMENDED MOTION OF RECEIVER FOR (1) APPROVAL OF SETTLEMENT WITH DELOITTE ENTITIES; (2) ENTRY OF SCHEDULING ORDER; AND (3) ENTRY OF ORDER APPROVING SETTLEMENT [DKT 784] AND ORDER GRANTING PRELIMINARY APPROVAL OF DELOITTE SETTLEMENT AND DISTRIBUTION OF NOTICE OF SETTLEMENT, AND SETTING SCHEDULE FOR FILING OBJECTIONS AND FINAL APPROVAL HEARING** |

This matter is before the Court on the Amended Motion for (1) Approval of Settlement with the Deloitte Entities; (2) Entry of Scheduling Order; and (3) Entry of Order Approving Settlement ("**Amended Approval Motion**") filed by the Receiver. Following a hearing held on June 14, 2021 on a prior motion for approval, the Parties modified the Settlement and filed a Joint Status Conference Statement, noting for the Court the relevant changes that were made to the Settlement. The terms of the modified Settlement are contained in the Amended Confidential Settlement Agreement and Release submitted as Exhibit 1 to the Declaration of Bradley D. Sharp accompanying the Amended Approval Motion ("**Amended Settlement Agreement**") [Dkt# 784]. The Amended Approval Motion and supplemental documents concern the Amended Settlement Agreement among and between, on the one hand, (a) Bradley D. Sharp, in his capacity as the Court-appointed Receiver (the "**Receiver**") for the estate of Direct Lending Investments, LLC, Direct Lending Income Fund, L.P., Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, DLI Assets Bravo LLC (in Receivership) (collectively, the "**DLI Receivership Entities**"); (b) Bradley D. Sharp and Christopher D. Johnson, in their capacities as Joint Official Liquidators ("**JOLs**") of Direct Lending Income Feeder Fund, Ltd. (in official liquidation) ("**DLIFF**") (DLIFF, together with the DLI Receivership Entities, the "**DLI Entities**"); (c) investors in the DLI Entities ("**Investors**") that participated in the Mediation and are identified in Exhibit A to the Amended Settlement Agreement ("**Party Investors**") (specifically, those Investors represented by The Meade Firm P.C., Reiser Law P.C., and Levine Kellogg Lehman Schneider + Grossman LLP, those Investors that are plaintiffs in the action *Jackson v. Deloitte & Touche, LLP*, Case No. 20GDCV00419 (Ca. Super. Ct.) and represented by Nystrom Beckman & Paris LLP, those Investors represented by Bragar Eagel & Squire, P.C., and those Investors that are putative lead plaintiffs in the action *Marcia Kosstrin Trust and Professional Home Improvements, Inc. Retirement Plan v. Direct Lending*

*Investments, LLC, et al.*, Case No. 2:19-cv-02452-DSF-MRW (C.D. Cal.) and represented by putative class counsel Ahdoot and Wolfson PC and Milberg Coleman Bryson Phillips Grossman PLLC); and, on the other hand, (d) Deloitte & Touche, LLP, Deloitte Tax LLP, and Deloitte & Touche LLP (Cayman Islands) (collectively, the "**Deloitte Entities**"). Capitalized terms not otherwise defined in this order shall have the meaning assigned to them in the Amended Settlement Agreement.

The Receiver seeks the Court's approval of the terms of the Amended Settlement Agreement, including entry of a final order approving the Settlement in the present action (the "**Order Approving Settlement**"). After reviewing the terms of the Amended Settlement Agreement and considering the arguments presented in the Amended Approval Motion, the Court preliminarily approves the Amended Settlement Agreement as adequate, fair, and reasonable. The Court enters this Scheduling Order to: (i) provide for notice of the terms of the Amended Settlement Agreement, including the proposed Order Approving Settlement; (ii) set the deadline for filing objections to and opting out of the Amended Settlement Agreement and the Order Approving Settlement; (iii) set the deadline for responding to any objection so filed; and (iv) set the date of the final approval hearing regarding the Amended Settlement Agreement and the Order Approving Settlement (the "**Final Approval Hearing**"), as follows:

1. <u>Preliminary Findings on the Amended Settlement Agreement</u>: Based on the Court's review of the terms of the Amended Settlement Agreement, the arguments presented in the Amended Approval Motion and Joint Status Conference Statement, and the accompanying appendices and exhibits, the Court preliminarily finds that the Amended Settlement Agreement is fair, reasonable, and adequate, *see U.S. v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010), and resulted from vigorous, good faith, arm's length, mediated negotiations involving experienced and competent counsel. The Court, however, reserves a final ruling with respect to the

terms of the Amended Settlement Agreement until after the Final Approval Hearing referred to below in Paragraph 2.

    The Court has reviewed the objection of Opus Fund Services (USA) LLC and finds the objection unpersuasive.  The settlement does not prejudice Opus in any way, and nothing about how the Settlement could have been better for Opus – a party generally adverse to the parties to the Settlement – affects the adequacy, fairness, or reasonableness of the Settlement.

    2.    <u>Final Approval Hearing</u>: The Final Approval Hearing will be held in the First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012, in Courtroom 7D, at 1:30 p.m. on October 3, 2022.  The purposes of the Final Approval Hearing will be to: (i) determine whether the terms of the Amended Settlement Agreement should be finally approved by the Court; (ii) determine whether the Order Approving Settlement attached as Exhibit E to the Amended Settlement Agreement should be entered by the Court; (iii) rule on any objections to the Amended Settlement Agreement or the Order Approving Settlement; and (v) rule on such other matters as the Court may deem appropriate.

    3.    <u>Notice</u>:  The Court approves the form of Notice of Settlement attached as Exhibit C to the Amended Settlement Agreement, the Notices of Settlement and Right of Exclusion from Settlement (the "**Opt-out Notices**") attached as Exhibits H and I[1] to the Amended Settlement Agreement, and finds that the methodology, distribution, and dissemination of these notices: (i) constitute the best practicable notice; (ii) are reasonably calculated, under the circumstances, to apprise all Persons who may have a Released Claim against the Released Deloitte Entities (specifically the Interested Parties[2]), of the Amended Settlement Agreement, and the releases

---

[1] The Court notes that the documents sometimes inconsistently and incorrectly use the term "opt-out" instead of the phrase "opt out."

[2] Interested Parties means, collectively, all parties to the SEC Action, all known creditors, all known Investors of DLI Entities, all Claimants, and, to the extent not already included in the foregoing, Opus Fund Services (USA) LLC, Opus Fund Services (Bermuda) Ltd., Duff & Phelps, LLC, and EisnerAmper LLP.

therein; (iii) are reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the Amended Settlement Agreement and the Order Approving Settlement, and the right of Investors to opt out of the Settlement, and to appear at the Final Approval Hearing; (iv) constitute due, adequate, and sufficient notice; (v) meet all requirements of applicable law, including the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vi) will provide to all Persons a full and fair opportunity to be heard on these matters. The Court further approves the form of the Publication Notice attached as Exhibit D to the Amended Settlement Agreement.[3]  Therefore:

    a.    The Receiver is directed, no later than seven calendar days after entry of this Scheduling Order, to cause the Notice of Settlement in substantially the same form attached as Exhibit C to the Amended Settlement Agreement to be sent via electronic mail, first class mail, or international delivery service to all Interested Parties.

    b.    The Receiver is directed, no later than seven calendar days after entry of this Scheduling Order, to cause the appropriate Opt-out Notice(s) in substantially the same form attached as Exhibit H or I to the Amended Settlement Agreement to be sent via electronic mail, first class mail, or international delivery service to all known Investors of DLI Entities.

    c.    The Receiver is directed, no later than seven calendar days after entry of this Scheduling Order, to cause the Publication Notice in substantially the same form attached as Exhibit D to the Amended Settlement Agreement to be published twice in the national edition of *The Wall Street Journal,* twice in the international edition of *The New York Times*, and once in *The Los Angeles Times*.

    d.    The Receiver is directed, no later than seven calendar days after

---

[3] The Court notes that citation to this case should include the initials of the assigned judge and magistrate judge. In addition, there appears to be a stray mark or underscore at ECF Page ID #: 17031, line 8.

entry of this Scheduling Order, to cause the Amended Settlement Agreement, the Amended Approval Motion and Joint Status Conference Statement, this Scheduling Order, the Notice (Exhibit C to the Amended Settlement Agreement), the Opt-out Notices (Exhibits H and I to the Amended Settlement Agreement) and all exhibits and appendices attached to these documents, to be posted on the Receiver's website (http://case.stretto.com/dli).

   e. The Receiver is directed promptly to provide the Amended Settlement Agreement, the Amended Approval Motion and Joint Status Conference Statement, this Scheduling Order, the Notice of Settlement, and the Opt-out Notices, and all exhibits and appendices attached to these documents, to any Person who requests such documents via email to TeamDLI@stretto.com; or by telephone, by calling the Stretto Administrator at 855-885-1564.  The Receiver may provide such materials in the form and manner that the Receiver deems most appropriate under the circumstances of the request.

   f. No less than ten calendar days before the Final Approval Hearing, the Receiver shall cause to be filed with the Clerk of this Court written evidence of compliance with subparts (a) through (d) of this Paragraph, which may be in the form of an affidavit or declaration.

  4. <u>Opt-out Deadline</u>: The opt-out deadline is September 6, 2022.  The procedure for opting out of the settlement is described in the relevant notices (Exhibits H and I to the Amended Settlement Agreement).

  5. <u>Objections and Appearances at the Final Approval Hearing</u>: Any Person who wishes to object to the terms of the Amended Settlement Agreement or the Order Approving Settlement, or who wishes to appear at the Final Approval Hearing, must do so by emailing a written objection to TeamDLI@stretto.com, no later than September 6, 2022.[4]  All objections must:

---

[4] The Court has slightly altered the parties' proposed timelines.  The parties should ensure that all notices contain the correct, specific, Court-ordered dates.

   a. contain the name, address, telephone number, and an email address of the Person filing the objection;

   b. contain the name, address, telephone number, and email address of any attorney representing the Person filing the objection;

   c. be signed by the Person filing the objection, or his or her attorney;

   d. state, in detail, the basis for any objection;

   e. attach any document the Court should consider in ruling on the Amended Settlement Agreement and the Order Approving Settlement; and

   f. if the Person objecting wishes to appear at the Final Approval Hearing, make a request to do so.

  The Receiver is directed to compile all objections submitted into a single pleading and file them with the Court no later than September 13, 2022.

  Any Person submitting an objection shall be deemed to have submitted to the jurisdiction of this Court for all purposes of that objection, the Amended Settlement Agreement, and the Order Approving Settlement. Potential objectors who do not present opposition by the time and in the manner set forth above shall be deemed to have waived the right to object (including any right to appeal) and shall be forever barred from raising such objections in this action or any other action or proceeding. Persons do not need to appear at the Final Approval Hearing or take any other action to indicate their approval. The Court may decline to permit anyone who fails to file a written objection and request to speak at the Final Approval Hearing as set forth in subparts (a) through (f) of this paragraph to appear at the Final Approval Hearing. The Court will exercise discretion as to whether it wishes to hear from any Person who fails to make a timely written objection and request to speak.

  6. <u>Responses to Objections</u>: Any Party to the Amended Settlement Agreement may respond to an objection filed pursuant to Paragraph 4 by filing a response in the SEC Action no later than September 20, 2022. To the extent any

Person emailing an objection cannot be served by action of the Court's CM/ECF system, a response must be served to the email and/or mailing address provided by that Person.

7. <u>Adjustments Concerning Hearing and Deadlines</u>: The date, time, and place for the Final Approval Hearing, and the deadlines and date requirements in this Scheduling Order, shall be subject to adjournment or change by this Court without further notice other than that posted by means of ECF. If no objections are timely filed or if the objections are resolved prior to the Final Approval Hearing, the Court may cancel and proceed without a Final Approval Hearing.

8. <u>Use of Order</u>: Under no circumstances shall this Scheduling Order be construed, deemed, or used as an admission, concession, or declaration by or against any of the Deloitte Entities of any fault, wrongdoing, breach or liability. Neither this Scheduling Order, nor the proposed Amended Settlement Agreement, or any other settlement document, shall be filed, offered, received in evidence, or otherwise used in these or any other actions or proceedings or in any arbitration, except to give effect to or enforce the Amended Settlement Agreement or the terms of this Scheduling Order.

**IT IS SO ORDERED.**

Date: July 26, 2022

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE