# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT LENDING INVESTMENTS LLC,<br><br>Defendant. | Case No.: 2:19-cv-02188-DSF-MRW<br><br>**FINAL APPROVAL ORDER OF DUFF & PHELPS, LLC (N/K/A KROLL, LLC) SETTLEMENT**<br><br>(Dkt. 942) |

10401208.1

The Court having reviewed and considered the Motion of Receiver for Order Approving Settlement with Duff & Phelps, LLC (n/k/a Kroll, LLC), due and adequate notice of the Settlement Agreement with Duff & Phelps, LLC (n/k/a Kroll, LLC) having been given to the Investors, no objections having been filed, the Court having determined that this matter is appropriate for decision without oral argument and that no Final Approval Hearing is necessary, and good cause appearing, the Court GRANTS the Motion.

The terms of the Settlement are contained in the Confidential Settlement Agreement and Release attached as Exhibit 1 to the Declaration of Bradley D. Sharp accompanying the Motion of Receiver for Order Approving Settlement with Duff & Phelps, LLC (n/k/a Kroll, LLC) (Dkt. No. 942) (the "Settlement Agreement"). Capitalized terms not otherwise defined in this order shall have the meaning assigned to them in the Settlement Agreement.

The Settlement is among and between, on the one hand, (a) Bradley D. Sharp, in his capacity as the Court-appointed the Receiver (the "Receiver") for the estate of Direct Lending Investments, LLC, Direct Lending Income Fund, L.P., Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, DLI Assets Bravo LLC (in Receivership) (collectively, the "Receivership Entities"); (b) Bradley D. Sharp and Christopher D. Johnson, in their capacities as Joint Official Liquidators ("JOLs") of Direct Lending Income Feeder Fund, Ltd. (in official liquidation) ("DLIFF") (DLIFF, together with the Receivership Entities, the "DLI Entities"); (c) investors in the DLI Entities ("Investors") that participated in the mediation and identified in Exhibit A to the Settlement Agreement ("Party Investors") (specifically, those Investors represented by Levine Kellogg Lehman Schneider + Grossman LLP, The Meade Firm P.C., and Reiser Law P.C., including those who that are plaintiffs in the action *Andrew Baer, et al. v. Duff & Phelps, LLC*, et al., No. 22-CV-00994 (JMF)

1

10401208.1

(S.D.N.Y.) (consolidated) (the "Century Group"); those Investors represented by Nystrom Beckman & Paris LLP, including those who were plaintiffs in the action *Alfred Jackson, et al. v. Duff & Phelps, LLC*, 651831/2021 (N.Y. Supr. Ct.) (the "Jackson Group"); and those Investors represented by Bragar, Eagel & Squire, P.C., including those who are plaintiffs in the action *Andrew Baer, et al. v. Duff & Phelps, LLC*, et al., No. 22-CV-00994 (JMF) (S.D.N.Y.) (consolidated) (the "Baer Group"); and, on the other hand, (d) Duff & Phelps, LLC (n/k/a Kroll, LLC) ("Kroll")[1]. The Receiver, JOLs, the DLI Entities, the Party Investors and Kroll are referred to as the "Parties."

The events preceding the Motion, including this Court's appointment of the Receiver and the Parties' settlement negotiation efforts are documented in the Parties' submissions to the Court. *See* Dkt. No. 942. The Receiver, JOLs, the Party Investors and Kroll determined to engage in a mediation process to explore a mutually agreeable resolution of the Receiver's, JOLs', and the Party Investors' potential claims and ongoing litigation against Kroll related to the Kroll Entities provision of professional services to the DLI Entities.

Under the terms of the Settlement Agreement, Kroll will fund the Settlement Fund in the amount of six million nine hundred thousand U.S. dollars ($6,900,000) to be deposited into an escrow account(s) to be identified by the Receiver.

In return, (a) Claimants and persons or entities that invested, through the purchase of limited partnership interests or otherwise, in DLIF that do not

---

[1] "Kroll" and "Kroll Entities" refer to Duff & Phelps, LLC (n/k/a Kroll, LLC), and each of their respective Subsidiaries, parents, Affiliates, divisions, joint venturers, contractors, subcontractors, subrogees, offices, controlled Persons, predecessors, successors, assignors, assigns, transferees, heirs, executors, shareholders, owners, investors, accountants, auditors, advisors, employees, trustees, fiduciaries, consultants, agents, representatives, nominees, attorneys, partners, associates, counsel, managers, and members, directors and officers, in each case individually and collectively, together with each and any of their respective predecessors and successors in interest.

exclude themselves from the Settlement ("Participating DLIF Investors") will release all Released Claims against Kroll; (b) Claimants, Participating DLIF Investors, and persons or entities that invested, through purchase of shares or otherwise, in DLIFF that do not exclude themselves from the Settlement ("Participating DLIFF Investors")[2] will be barred by order of this Court from seeking monetary relief or other relief in any court, arbitration proceeding, or other forum in the United States against the Released Kroll Entities with respect to claims based on the professional services provided by the Kroll Entities to the DLI Entities; and (c) Claimants and Participating DLIF Investors will agree to reduce any final verdict or judgment they may obtain against any Third Party[3] by the proportionate fault of the Released Kroll Entities, unless governing law requires otherwise.

The Settlement Agreement is conditioned on the Court's approval of the Settlement and entry of this Final Approval Order.

Investors who exclude themselves from the Settlement pursuant to the procedures described in the applicable Notice of Settlement and Right of Exclusion from Settlement ("Opt-Out Notices") are not bound by the Settlement or this Final Approval Order. No Investors have excluded themselves from the Settlement pursuant to the procedures described in the Opt-Out Notice.

The Court entered an Order on August 16, 2024 (Dkt. No. 962), which, *inter alia*, preliminarily approved the Settlement Agreement, approved the form and content of the Notice of Settlement, the Publication Notice, and the Opt-Out Notices and method and manner of service and publication, established opt-out procedures by which Investors could exclude themselves from participation in

---

[2] Participating DLIF Investors and Participating DLIFF Investors are referred to together as "Participating Investors."

[3] Third Party means any non-party to the Settlement Agreement that has been or may be sued by any of the Claimants or Participating Investors for claims arising out of, relating to, or in connection with the DLI Entities.

10401208.1

the Settlement, and set the date for a Final Approval Hearing (the "Preliminary Approval Order").

The Receiver filed a declaration with the Court detailing compliance with the notices and publication requirements contained in the Preliminary Approval Order (Dkt. No. 972).

For the reasons stated here, the Court finds that the terms of the Settlement Agreement are adequate, fair, and reasonable, and APPROVES the Settlement Agreement. The Court further finds that entry of this final Order approving the Settlement is appropriate.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED in its entirety. Any objections are overruled to the extent not otherwise withdrawn or resolved.

2.  Terms used in this Order are defined in the Settlement Agreement, unless expressly otherwise defined in this Order.

3.  The Court "has broad powers and wide discretion to determine the appropriate relief in [this] equity receivership[,]" including the authority to approve settlements and enter injunctive relief, bar orders and other equitable remedies. *See S.E.C. v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005); *see also In re Consol. Pinnacle W. Securities Litig./Resol. Tr. Corp.-Merabank Litig.*, 51 F.3d 194, 197 (9th Cir. 1995) (rejecting challenges to the district court's bar order).

4.  The Court has jurisdiction over the subject matter of this action, and the Receiver is the proper party to seek entry of this Order.

5.  The Court finds that the methodology, form, content, and dissemination of the Notice of Settlement and Opt-Out Notices: (i) were implemented in accordance with the requirements of the Preliminary Approval Order; (ii) constituted the best practicable notice; (iii) were reasonably calculated,

under the circumstances, to apprise all Persons who may have a Released Claim against the Released Kroll Entities (specifically, the Interested Parties[4]), of the Settlement Agreement, the releases therein, and the injunctions provided for in this Order; (iv) were reasonably calculated, under the circumstances, to apprise all Persons who may have a Released Claim against the Released Kroll Entities (specifically the Interested Parties), of the right to object to the Settlement Agreement and this Order, the right for Investors to exclude themselves from the Settlement, and to appear at the Final Approval Hearing; (v) were reasonable and constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law, including, without limitation, the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

6. The Court finds that the Settlement Agreement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The Parties have represented that material components of the Settlement Agreement include: a) the release of all claims that have been, could have been, or could be asserted against any of the Released Kroll Entities by Claimants and Participating DLIF Investors arising out of or related to the events leading to these proceedings, including those arising from or related to Kroll's provision of professional services to the DLI Entities, b) the bar order set forth in paragraph 10 below; and c) the reduction in any final verdict or judgment obtained by Claimants or Participating DLIF Investors against any Third Party by the proportionate fault of the Released Kroll Entities for common damages, unless

---

[4] Interested Parties means, collectively, all parties to the SEC Action, all known creditors and Investors of DLI Entities, all Claimants, and to the extent not already included in the foregoing, Opus Fund Services (USA) LLC, Opus Fund Services (Bermuda) Ltd., EisnerAmper, LLP, and Deloitte & Touche LLP.

10401208.1

governing law requires otherwise. This Order is therefore necessary and appropriate in order to obtain relief for victims of the fraud pursuant to the Settlement Agreement. The foregoing excludes potential claims by the SEC, the Department of Justice, or other regulatory agencies and in no way forecloses any governmental authority from pursuing investigations or actions related to the operation of the DLI Entities.

7.   The Court finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against any of the Released Kroll Entities, including but not limited to the Claimants and all Investors of the DLI Entities. The Settlement Agreement is fully and finally approved. The Parties are directed to implement and consummate the Settlement Agreement in accordance with the terms and provisions of the Settlement Agreement and this Order.

8.   Pursuant to the Settlement Agreement, as of the Effective Date, each of the Releasing Claimants and Participating DLIF Investors fully, finally, and forever releases, covenants not to sue, and discharges each of the Released Kroll Entities from any and all Released Claims (as defined in the Settlement Agreement) held by, on behalf of, for the benefit of, or in the name of the Releasing Claimant or Participating DLIF Investor, and shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining, or seeking monetary or other relief respecting any and all of the Released Claims against any and all of the Released Kroll Entities.

9.   Pursuant to the Settlement Agreement, any final verdict or judgment obtained by or on behalf of any Claimant or Participating DLIF Investor against any Third Party shall be reduced by an amount that corresponds to the percentage of responsibility of the Released Kroll Entities for common damages. However,

10401208.1

where the law governing such final verdict or judgment (Other Governing Law) requires a reduction in a different amount, the final verdict or judgment shall be reduced by an amount as provided by Other Governing Law.

10. The Court permanently bars, restrains, and enjoins each of the Releasing Claimants and Participating Investors, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, prosecuting, against Kroll, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature in any state or federal court, arbitration proceeding, or other forum in the United States, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the professional services provided by Kroll to the DLI Entities. The foregoing excludes potential claims by the SEC or other regulatory agencies. Nothing in the foregoing shall preclude any Releasing Claimant or Participating Investor from cooperating with governmental authorities in a lawful manner or responding to a valid subpoena.

11. Notwithstanding anything to the contrary in this Order, the foregoing releases do not release the Parties' rights and obligations under the Settlement Agreement or bar the Parties from seeking to enforce or effectuate the terms of the Settlement Agreement. The Released Kroll Entities have no responsibility, obligation, or liability whatsoever with respect to the cost associated with or the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the Settlement Agreement; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the Settlement Agreement, or any portion

10401208.1

thereof; the payment or withholding of taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate, cancel, or modify the Settlement Agreement or this Order.

12. Nothing in this Order or the Settlement Agreement and no aspect of the Settlement Agreement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the Parties with regard to any of the complaints, claims, allegations or defenses in any proceeding. Kroll has always denied and continues to expressly deny any liability or wrongdoing with respect to any claims related to their provision of professional services to the DLI Entities.

13. Kroll is ordered to deliver or cause to be delivered the Settlement Amount ($6,900,000) as described in the Settlement Agreement. The Parties are ordered to act in conformity with all other provisions of the Settlement Agreement.

14. The terms of the Settlement and of this Order shall be forever binding on Kroll, Claimants, and all Participating Investors, as well as their respective successors and assigns.

15. Without in any way affecting the finality of this Order, the Court retains continuing jurisdiction over the Parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of this Order including, without limitation, the injunctions and releases herein, and to

10401208.1

enter orders concerning implementation of its distribution of the Settlement Amount.

16. The Court expressly finds and determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for any delay in the entry of this Judgment Approving Settlement, which is both final and appealable, and immediate entry by the Clerk of the Court is expressly directed.

17. The Receiver shall cause this Order to be served via email, first class mail, or international delivery service, on all Interested Parties and any Person that filed an objection to approval of the Settlement Agreement or the proposed Final Approval Order.

IT IS SO ORDERED.

DATED: November 8, 2024

_____
DALE S. FISCHER
United States District Judge

10401208.1