# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT LENDING INVESTMENTS LLC,<br><br>Defendant. | Case No.: 2:19-cv-02188-DSF-MRW<br><br>**ORDER GRANTING MOTION OF RECEIVER FOR ORDER: (1) APPROVING SETTLEMENT WITH BRENDAN ROSS AND RELATED PARTIES; AND (2) APPROVING FORM AND/OR LIMITATION OF NOTICE OF MOTION UNDER LOCAL CIVIL RULE 66-7** |

The matter came before the Court for a hearing on February 3, 2025 at the United States District Court for the Central District of California, First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012, in Courtroom 7D (the "Approval Hearing"), upon the Motion of Receiver for Order: (1) Approving Settlement with Brendan Ross and certain related individuals and entities; and (2) Approving the Form and/or Limitation of Notice of Motion Under Local Rule 66-7 (the "Motion") (Dkt. No. 997), due and adequate notice of the Settlement Agreement having been given to the Investors, the Approval Hearing having been held before the Honorable Dale S. Fischer, United States District Judge presiding with appearances noted on the record, and the Court having considered all papers filed, no objections having been filed, and proceedings had herein and having heard the arguments of counsel, and otherwise being fully informed in the premises and good cause appearing, the Court GRANTS the Motion.

The terms of the Settlement are contained in the Settlement Agreement and Release attached as Exhibit 1 to the Declaration of Bradley D. Sharp accompanying the Motion (Dkt. No. 997-2) (the "Settlement Agreement"). Capitalized terms not otherwise defined in this order shall have the meaning assigned to them in the Settlement Agreement.

The Settlement is among and between, on the one hand, (a) Bradley D. Sharp, in his capacity as the Court-appointed the Receiver (the "Receiver") for the estate of Direct Lending Investments, LLC, Direct Lending Income Fund, L.P., Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, DLI Assets Bravo LLC (in Receivership) (collectively, the "Receivership Entities"); and, on the other hand, Brendan Ross; Jill Jasen fka Jill Ross ("Jill Jasen"); the daughter of Brendan Ross and Jill Jasen, identified as S.R.1; Brendan Ross and Jill Jasen, guardians *ad litem* for their minor son, identified as S.R.2; Brendan Ross and Jill Jasen as co-trustees of the Ross Trust

dated June 5, 2017, fka The Ross Family Trust Dated January 19, 2015 (the "Ross Trust"); Robin Hill Investments, LLC ("RHI"); Robin Hill Services, LLC ("RHS"); and Ross Asset Advisors, Inc. ("RAA") (collectively referred to as the "Parties"). Brendan Ross, Jill Jasen, S.R.1, Brendan Ross and Jill Jasen, guardians *ad litem* for their minor son S.R.2, the Ross Trust, RHI, RHS, and RAA are collectively referred to as the "Ross Parties".

The events preceding the Motion, including this Court's appointment of the Receiver and the Parties' settlement negotiation efforts are documented in the Parties' submissions to the Court. *See* Dkt. Nos. 997, 997-1, 997-2. The Receiver and the Ross Parties determined to engage in a mediation process to explore a mutually agreeable resolution of the Receiver's potential claims against the Ross Parties, as well as against the Strawberry Peak Trust ("SPT"), Primus Trust and any successor trustee and protector of SPT (the "SPT Entities"). During the mediation process, the Receiver and the SPT Entities agreed to stay the litigation against the SPT Entities in Case No. 2:22-cv-00789-DSF-MRW and/or forbear from filing any amendment to such action.

Under the terms of the Settlement Agreement, the Ross Parties have agreed to request that the trustee and protector transfer all funds in the SPT Trust to the Receiver, which are believed to be in the approximate amount of $6,000,000, along with the turnover of all investments held by SPT, which are believed to currently valued at about $250,000 (the "Settlement Consideration").

In return, the Receiver will release all claims against the Ross Parties and the SPT Entities. The Settlement Agreement is conditioned on the Court's approval of the Settlement Agreement and approval of a separate agreement with certain directors and officers of DLI that has been filed with the Court and is pending final approval. The Settlement Agreement is also conditioned upon the cooperation of the SPT Entities in delivering the Settlement Amount to the Receiver pursuant to the terms of the Settlement Agreement. The SPT Entities

are not parties to the Settlement Agreement, but the Ross Parties have represented that they have made demand on the SPT Entities for turnover of the Settlement Consideration upon Court approval of the Settlement Agreement pursuant to the terms of the Settlement Agreement. The Court finds that the Settlement Agreement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The Parties have represented that material components of the Settlement Agreement include: a) the delivery of all of the assets held by SPT to the Receiver; and b) the release of all claims that have been, could have been, or could be asserted against any of the Ross Parties and SPT Entities by the Receiver or the DLI Entities arising out of or related to the Released Claims. The foregoing excludes potential claims by the SEC, the Department of Justice, or other regulatory agencies and in no way forecloses any governmental authority from pursuing investigations or actions related to the settling parties of the operation of the DLI Entities.

For the reasons stated here, the Court finds that the terms of the Settlement Agreement are adequate, fair, and reasonable, and APPROVES the Settlement. The Court further finds that entry of this Order approving the Settlement is appropriate.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED in its entirety.

2. Terms used in this Order are defined in the Settlement Agreement, unless expressly otherwise defined in this Order.

3. The Court has jurisdiction over the subject matter of this action, and the Receiver is the proper party to seek entry of this Order.

4. The Court finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate in the best interests of all of the Parties. The Settlement Agreement is fully and finally approved. The Parties are directed to

1  implement and consummate the Settlement Agreement in accordance with the
2  terms and provisions of the Settlement Agreement and this Order.
3      5.    The Parties are ordered to act in conformity with all provisions of
4  the Settlement Agreement.
5      6.    The Court retains continuing jurisdiction over the Parties for
6  purposes of, among other things, the administration, interpretation,
7  consummation, and enforcement of this Order including, without limitation, to
8  enter orders concerning implementation of its distribution of the Settlement
9  Amount.
10     IT IS SO ORDERED.
11 DATED: February 7, 2025

_____
HONORABLE DALE S. FISCHER
United States District Judge